IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION, | |
| Plaintiff, | Civil Action No. 1:12-cv-2296-TCB |
| v. | |
| AUBREY LEE PRICE; PFG, LLC; PFGBI, LLC; MONTGOMERY ASSET MANAGEMENT, LLC f/k/a PFG ASSET MANAGEMENT, LLC, (Florida Limited liability company); and MONTGOMERY ASSET MANGEMENT, LLC  f/k/a PFG ASSET MANAGEMENT, LLC,(Georgia limited liability company) | |
| Defendants. | |

_____/

### RECEIVER'S APPLICATION TO EMPLOY
### HOLLAND & KNIGHT LLP AS ASSOCIATE COUNSEL

Melanie E. Damian, Esq., as receiver (the "Receiver") over all assets of Defendant Aubrey Lee Price, PFG, LLC, PFGBI, LLC, Montgomery Asset Management, LLC, and Montgomery Asset Management, LLC f/k/a/ PFG Asset Management, LLC (collectively, the "Defendants"), through undersigned counsel,

hereby files her Application to Employ Holland & Knight LLP (the "Firm"), *nunc pro tunc* to August 10, 2012, and states as follows:

1. This action commenced on July 2, 2012 with the filing of the Securities and Exchange Commission's ("SEC") Complaint against Defendants [D.E. 1], and the SEC's Emergency Motion for Temporary Restraining Order ("TRO") [D.E. 2]. That same day, this Court entered the TRO, ordering the freezing of Defendants' assets, prohibiting the destruction of documents and expediting discovery. [D.E. 3].

2. On July 13, 2012 this Court entered an Order Granting Preliminary Injunctions and Ordering Other Relief as to Defendants ("Injunction Order") [D.E. 14] against all named Defendants, which enjoined further securities violations and the use, and freezing of, all of Defendants' assets.

3. Subsequently, on August 10, 2012, this Court entered an Order Appointing Receiver ("Receivership Order") [D.E. 20], appointing Melanie E. Damian, Esq. as Receiver of all assets of the Defendants. Pursuant to the Receivership Order, the Receiver is obligated to, among other things, "take custody, control, title, and possession of all Receivership Property and records relevant thereto from the Receivership Defendants[.]" *See* Receivership Order at §7(B).

In order to assist the Receiver in her efforts to recover and take control the Recoverable Assets, the Receivership Order allows the Receiver "[t]o engage and employ persons in her discretion to assist her in carrying out her duties and responsibilities hereunder, including, but not limited to, accountants, attorneys . . ." *See* Receivership Order at §7(G). The Receiver must seek Court approval prior to retaining any personnel. *See* Receivership Order at §60.  Accordingly, the Receiver seeks to appoint and retain the Firm as counsel to provide the Receiver with legal advice and assistance in this matter.

4. The Firm, which has an office in Atlanta, Georgia, has extensive experience in the areas of civil litigation, with emphasis on commercial and business litigation.  John Hamrick, Esq., who is admitted to practice in this District and in the State of Georgia, will assume primary responsibility for serving as associate counsel to the Receiver's Florida-based counsel.  Mr. Hamrick regularly represents businesses and professional licensees in complex commercial litigation matters.  Thus, Mr. Hamrick is well-equipped to serve as associate counsel in both general receivership matters and litigation recovery efforts.

5. In consideration for the Firm representing the Receiver, the Receiver shall pay the Firm attorneys' fees based on the time expended by lawyers and paralegals of the Firm (based on fee applications to be filed by the Firm, payment

of which is subject to this Court's approval). Mr. Hamrick will be principally responsible for serving as associate counsel in this matter. Mr. Hamrick's normal hourly rate is $340 but shall be reduced to $265 for purposes of this case. Mr. Hamrick will also be assisted by other junior attorneys and paraprofessionals whose hourly rates shall be less than $260. Other senior attorneys at the Firm may assist, as needed, with hourly rates not to exceed $265. The Firm has advised the Receiver that, whenever possible, the Firm shall utilize junior attorneys and paraprofessionals under the supervision of Mr. Hamrick.

6. The Receiver will ensure that there is no duplication of efforts between its attorneys and among its professionals.

WHEREFORE, the Receiver respectfully requests that this Court enters the proposed Order attached as **Exhibit A**, appointing Holland & Knight as counsel for the Receiver and for such other and further relief as the Court deems just and proper.

Respectfully submitted the 15th day of August, 2012.

> DAMIAN & VALORI LLP
>
> *Proposed Counsel for the Receiver*
> 1000 Brickell Avenue, Suite 1020
> Miami, Florida 33131
> Telephone: 305-371-3960
> Facsimile: 305-371-3965

/s/ Kenneth Dante Murena
Kenneth Dante Murena, P.A.
Florida Bar No. 147486
*(Application for pro hac vice
   admission pending)*


HOLLAND & KNIGHT LLP

/s/ John M. Hamrick
John M. Hamrick
Georgia Bar No. 322079

Suite 2000, One Atlantic Center
1201 West Peachtree Street, N.E.
Atlanta, Georgia  30309-3453
(404) 817-8500
(404) 881-0470 (fax)
john.hamrick@hklaw.com

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY on this day I electronically filed with the Clerk of Court **Receiver's Application to Employ Holland & Knight LLP as Associate Counsel** using the CM/ECF system, which will forward a copy upon all counsel of record.

This 15th day of August, 2012.

        HOLLAND & KNIGHT LLP

        /s/ John M. Hamrick
        John M. Hamrick
        Georgia Bar No. 322079

Suite 2000, One Atlantic Center
1201 West Peachtree Street, N.E.
Atlanta, Georgia  30309-3453
(404) 817-8500
(404) 881-0470 (fax)
john.hamrick@hklaw.com

#11468064_v1