IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION, | |
| Plaintiff, | Civil Action No. 1:12-cv-2296-TCB |
| v. | |
| AUBREY LEE PRICE; PFG, LLC; PFGBI, LLC; MONTGOMERY ASSET MANAGEMENT, LLC f/k/a PFG ASSET MANAGEMENT, LLC, (Florida Limited liability company); and MONTGOMERY ASSET MANGEMENT, LLC f/k/a PFG ASSET MANAGEMENT, LLC,(Georgia limited liability company) | |
| Defendants. | |

### RECEIVER'S MOTION TO APPROVE SALE OF
### PROPERTY OF THE ESTATE (HARBOR PINES UNIT 136)

Melanie E. Damian, Esq., as receiver (the "Receiver") of all assets of Defendants Aubrey Lee Price, PFG, LLC, PFGBI, LLC, Montgomery Asset Management, LLC f/k/a PFG Asset Management, LLC (Florida), and Montgomery Asset Management, LLC f/k/a/ PFG Asset Management, LLC (Georgia)

(collectively, the "Defendants"), through undersigned counsel, hereby files her Motion to Approve Sale of Property of the Estate (Harbor Pines Unit 136), and in support states:

## BACKGROUND

1. This enforcement action commenced on July 2, 2012 with the filing of the Securities and Exchange Commission's ("SEC") Complaint against Defendants [D.E. 1], and the SEC's Emergency Motion for Temporary Restraining Order ("TRO") [D.E. 2]. That same day, this Court entered the TRO, ordering the freezing of Defendants' assets, prohibiting the destruction of documents and expediting discovery. [D.E. 3].

2. On July 13, 2012, the Court entered an Order Granting Preliminary Injunctions and Ordering Other Relief as to Defendants ("Injunction Order") [D.E. 14] against all named Defendants, which enjoined further securities violations and the use, and freezing of, all of Defendants' assets.

3. Subsequently, on August 10, 2012, this Court entered an Order Appointing Receiver ("Receivership Order") [D.E. 20], appointing Melanie E. Damian, Esq. as Receiver of all assets of the Defendants. Pursuant to the Receivership Order, the Receiver is obligated to, among other things, "take custody, control, title, and possession of all Receivership Property and records

relevant thereto from the Receivership Defendants[.]" *See* Receivership Order at §7(B).

4. Accordingly, the Receiver took immediate possession and control of, among other properties, certain real property located at 6033 34th Street W Unit # 136, Bradenton, Florida, 34210, ("Unit 136"), which was owned by PFG, LLC, and all furnishings contained therein. The Receiver promptly conducted an inventory of the contents of Unit 136, researched the local real estate market, interviewed multiple brokers, and entered into a listing agreement with a reputable and experienced realtor to market Unit 136 for sale.

5. Pursuant to the Receivership Order, the Receiver is authorized to locate, list for sale or lease, engage a broker for sale or lease, cause the sale or lease, and take all necessary and reasonable actions to cause the sale or lease of all real property in the Receivership Estates, either at a public or private sale, on terms and in the manner the Receiver deems most beneficial to the Receivership Estate, and with due regard to the realization of the true and proper value of such real property. *See* Receivership Order at § IX, ¶ 38.

6. After interviewing several qualified realtors, the Receiver selected Atchley International Realtors ("Atchley") to assist her in connection with the marketing and sale of the real properties of the Estate in or near Bradenton,

Florida.  Atchley has extensive experience in selling real estate throughout Florida's west coast, is familiar with the local real estate market and the community in which Unit 136 is located, and has an impressive sales record within the area.

7. Further, after considering a number of real estate transaction law firms to assist the Receiver in connection with the closing and transactional matters related to the sale of the real property of the Estate, the Receiver selected Petitt Worrell Craine Wolfe LLC and sought Court approval to employ that firm.  On September 4, 2012, this Court approved the Receiver's employment of Petitt Worrell Craine Wolfe LLC.

## FACTUAL BASIS FOR REQUESTED RELIEF

8. After conducting extensive market research, with the assistance of her real estate broker, the Receiver set the asking price for Unit 136 at $45,000.00, and Atchley began aggressively marketing the property to prospective purchasers.  On January 26, 2013, the Receiver received an offer for the purchase of Unit 136, for $40,000.00 from Jose Libardo Duiruga and Sonia Pastran.  On February 18, 2013, the Receiver submitted a counteroffer to the buyers for $42,500.  The Buyers accepted the counteroffer (the "Offer") subject to this Court's approval.

9. Given that the Offer is for only $2,500 less than the asking price, and that Unit 136 has been on the market for 6 months without drawing any other offers, the Receiver believes that the Offer is likely the highest and best offer that she will receive in the short-term (*i.e.*, the next 6-12 months) given the current depressed real estate market, which is particularly weak for residences such as Unit 136.  Therefore, believing that the Court's approval of the Receiver's acceptance of the Offer would be in the best interest of the Estate, the Receiver seeks Court approval to sell Unit 136 for $42,500 in accordance with the terms set forth in the Offer, attached hereto as **Exhibit A**.

10. The Receiver and Atchley have conducted and prepared a cost market analysis of comparable properties that have sold in 2011 and 2012 (the "Market Analysis"), a copy of which is attached hereto as **Exhibit B**.  In particular, the Market Analysis reviews and analyzes the sales history of comparable units in the development and in similar developments in the area, as well as current listings.  Based on this Market Analysis, the Receiver believes that the Offer presents a fair price for the purchase of Unit 136.  Indeed, PFG, LLC had purchased the property on February 6, 2009 for $54,000 and the Market Analysis indicates that the current market value of Unit 136 is between $42,000 and $45,000.

11. Further, the Receiver's Real Estate counsel, after conducting his own analysis, has confirmed that the proposed purchase price in the Offer ($42,500) approximates the current market value of Unit 136.

## LEGAL BASIS FOR RELIEF

12. Judicial sales of real property such as the sale of Unit 136 are governed by 28 U.S.C. § 2001. Pursuant to subsection (b) of that statute, a receiver may conduct a judicial sale of real property as a private sale subject to court approval after notice to all interested parties and hearing.[1] This Court has authority to approve a private sale of real property, and has significant discretion in setting the terms and conditions for such sale, provided that the Court believes the sale is in the best interest of the Estate. *See U.S. v. Coal Branch Corp.*, 390 F.2d 7, 9-10 (E.D. Pa. 1968) ("There can be no doubt that Congress has authorized the federal judiciary to use sound discretion in setting the terms and conditions for judicial sales."). The *Branch Coal* case also provides that "[i]t is a well settled rule

---

[1] 28 U.S.C. § 2001 (b) provides in pertinent part:

> After a hearing, of which notice to all interested parties shall be given by publication or otherwise as the court directs, the court may order the sale of such realty or interest or any part thereof at private sale for cash or other consideration and upon such terms and conditions as the court approves, if it finds that the best interests of the estate will be conserved thereby.

that, except in cases of abuse, appellate courts will not disturb the exercise of a district court's discretion in setting the terms and conditions for a judicial sale and the confirmation thereof." *See id*. Further, the Court can waive the specific requirements of 28 U.S.C. § 2001 where it believes that the receiver has substantially complied with the requirements of the statute in connection with the sale of real property. *See SEC v. Kirkland*, 2009 WL 1439087 *2 (M.D. Fla. May 22, 2009) (the district court waived certain requirements of 28 U.S.C. § 2001 where it believed that the receiver had substantially complied with the requirements of the statute in the sale of real property).

13. Moreover, the Receiver believes that her engagement of an experienced real estate broker, the significant efforts made to market the listing of Unit 136 for more than one month including, without limitation, listing Unit 136 in the Multiple Listing Service and aggressively marketing the Property to qualified potential purchasers, performing an extensive analysis of the real estate market, including comparable sales, and obtaining a high offer (only $1,000 below asking price), exceed the requirements of 28 U.S.C. § 2001, which require three appraisals and publication of the proposed sale of Unit 136 for 10 days. *See S.E.C. v. Billion Coupons, Inc.*, 2009 WL 2143531, *3 (D. Haw. July 13, 2009) (finding good cause in deviating from the requirements of 28 U.S.C. § 2001 for proposed sale of real

property where Receiver would retain services of licensed real estate broker, list the property in the multiple listing service, and advertise the property for its sale). The Receiver believes waiving the requirements of three appraisals and publishing the proposed sale in light of the costs associated therewith, is particularly appropriate here based on the Offer received and the current market value of Unit 136.

14.     Accordingly, the Receiver respectfully requests that the Court exercise its discretion to approve the sale of Unit 136 under the terms of the Offer, pursuant to 28 U.S.C. § 2001 and applicable case law.

## **CERTIFICATION**

15.     The Receiver hereby certifies that she has conferred with counsel for the Securities and Exchange Commission, and counsel does not oppose the relief requested in this Motion

**[SECTION INTENTIONALLY LEFT BLANK]**

## **CONCLUSION**

WHEREFORE, for the foregoing reasons, the Receiver respectfully requests that the Court enter the proposed order, attached hereto as **Exhibit C**, approving the sale of Unit 136 in accordance with the terms and conditions set forth in the Offer, and grant such other and further relief as the Court deems just and proper. Respectfully submitted this 12th day of March, 2013.

    DAMIAN & VALORI LLP
    *Counsel for the Receiver*
    1000 Brickell Avenue, Suite 1020
    Miami, Florida 33131
    Telephone: 305-371-3960
    Facsimile: 305-371-3965

    /s/ Kenneth Dante Murena
    Kenneth Dante Murena, P.A.
    Florida Bar No. 147486
    *Admitted Pro Hac Vice*

    HOLLAND & KNIGHT LLP
    /s/ John M. Hamrick
    John M. Hamrick
    Georgia Bar No. 322079
    1201 West Peachtree Street, N.E. Suite 2000
    Atlanta, Georgia 30309-3453
    (404) 817-8500
    (404) 881-0470 (fax)
    john.hamrick@hklaw.com

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY on this 12th day of March, 2013, I electronically filed with the Clerk of Court using the CM/ECF system this Receiver's Motion to Approve Sale of Property of the Estate, which will forward a copy upon all counsel of record.

/s/ Kenneth Dante Murena
Kenneth Dante Murena, P.A.
Florida Bar No. 147486
*Admitted Pro Hac Vice*
DAMIAN & VALORI LLP
*Counsel for the Receiver*
1000 Brickell Avenue, Suite 1020
Miami, Florida 33131
Telephone: 305-371-3960
Facsimile: 305-371-3965

HOLLAND & KNIGHT LLP
/s/ John M. Hamrick
John M. Hamrick
Georgia Bar No. 322079
Suite 2000, One Atlantic Center
1201 West Peachtree Street, N.E.
Atlanta, Georgia 30309-3453
(404) 817-8500
(404) 881-0470 (fax)
John.hamrick@hklaw.com

## SERVICE LIST

W. Shawn Murnahan, Esq.
  Email: murnahanw@sec.gov
Elizabeth Skola, Esq.
  Email: skolae@sec.gov
Securities and Exchange Commission
950 East Paces Ferry Road, N.E., Ste. 900
Atlanta, GA 30326
*Via CM/ECF*

Robert J. Waddell, Jr., Esq.
*Counsel for FDIC*
  Email: rwaddell@mcguirewoods.com
Laura E. Reinhold, Esq.
  Email: lreinhold@mcguirewoods.com
McGuire Woods, LLP
Suite 2100, Promenade II
1230 Peachtree Street, NE
Atlanta, GA  30309
*Via CM/ECF*

Kathryn Giardina
c/o Robert E.L. Garner, Esq.
  Email: relg@hsy.com
Haskell Slaughter Young & Rediker, LLC
2001 Park Place, Suite 1400
Birmingham, Alabama  35203
*Via E-Mail*

Michael J. Athans, Esq.
*Attorney for Evanston Insurance*
  Email: mathans@fieldshowell.com
191 Peachtree Street NE, Suite 4600
Atlanta, GA 30303
*Via CM/ECF*