IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION, : : : | |
| Plaintiff, : : : | Civil Action No. 1:12-cv-2296-TCB |
| : : : | |
| v. : : | |
| AUBREY LEE PRICE; : PFG, LLC; PFGBI, LLC; : MONTGOMERY ASSET : MANAGEMENT, LLC f/k/a PFG : ASSET MANAGEMENT, LLC (Florida : Limited liability company); and : MONTGOMERY ASSET : MANGEMENT, LLC  f/k/a PFG : ASSET MANAGEMENT, : LLC(Georgia limited liability company)  : : Defendants. : _____/ | |

## RECEIVER'S EMERGENCY MOTION[1] TO APPROVE SALE OF PROPERTY OF THE ESTATE (3500 EL CONQUISTADOR PARKWAY)

Melanie E. Damian, Esq., as receiver (the "Receiver") of all assets of

Defendants Aubrey Lee Price, PFG, LLC, PFGBI, LLC, Montgomery Asset

---

[1] The Receiver respectfully requests that this motion be considered by the Court on an expedited basis because the proposed buyer's current lease is expiring and must move into the property by April 12, 2013.

Management, LLC f/k/a PFG Asset Management, LLC (Florida), and Montgomery Asset Management, LLC f/k/a/ PFG Asset Management, LLC (Georgia) (collectively, the "Defendants"), through undersigned counsel, hereby files her Motion to Approve Sale of Property of the Estate (3500 El Conquistador Parkway), and in support states:

## BACKGROUND

1. This enforcement action commenced on July 2, 2012 with the filing of the Securities and Exchange Commission's ("SEC") Complaint against Defendants [D.E. 1], and the SEC's Emergency Motion for Temporary Restraining Order ("TRO") [D.E. 2]. That same day, this Court entered the TRO, ordering the freezing of Defendants' assets, prohibiting the destruction of documents and expediting discovery. [D.E. 3].

2. On July 13, 2012, the Court entered an Order Granting Preliminary Injunctions and Ordering Other Relief as to Defendants ("Injunction Order") [D.E. 14] against all named Defendants, which enjoined further securities violations and the use, and freezing of, all of Defendants' assets.

3. Subsequently, on August 10, 2012, this Court entered an Order Appointing Receiver ("Receivership Order") [D.E. 20], appointing Melanie E. Damian, Esq. as Receiver of all assets of the Defendants. Pursuant to the

Receivership Order, the Receiver is obligated to, among other things, "take custody, control, title, and possession of all Receivership Property and records relevant thereto from the Receivership Defendants[.]" *See* Receivership Order at §7(B).

4. Accordingly, the Receiver took immediate possession and control of, among other properties, certain real property located at 3500 El Conquistador Parkway #120, Bradenton, Florida, 34210 ("Unit 120"), which was owned by PFG, LLC, and all furnishings contained therein. The Receiver promptly conducted an inventory of the contents of Unit 120, researched the local real estate market, interviewed multiple brokers, and entered into a listing agreement with a reputable and experienced realtor to market Unit 120 for sale.

5. Pursuant to the Receivership Order, the Receiver is authorized to locate, list for sale or lease, engage a broker for sale or lease, cause the sale or lease, and take all necessary and reasonable actions to cause the sale or lease of all real property in the Receivership Estates, either at a public or private sale, on terms and in the manner the Receiver deems most beneficial to the Receivership Estate, and with due regard to the realization of the true and proper value of such real property. *See* Receivership Order at § IX, ¶ 38.

6. After interviewing several qualified realtors, the Receiver selected Atchley International Realtors ("Atchley") to assist her in connection with the marketing and sale of the real properties of the Estate in or near Bradenton, Florida. Atchley has extensive experience in selling real estate throughout Florida's west coast, is familiar with the local real estate market and the community in which Unit 120 is located, and has an impressive sales record within the area.

7. On September 18, 2012, the Receiver and Atchley entered into an exclusive listing agreement for Unit 120, which provided, among other things, the commission structure for Atchley and the buyer's broker involved in the sale of Unit 120. In particular, in the event that the buyer is introduced to Atchley through an independent broker, each broker would be entitled to receive the following commission (as a percentage of the purchase price) as full compensation for services performed in connection with the sale of Unit 120:  2% to Atchley; 3% to the buyer's broker.

8. Further, after considering a number of real estate transaction law firms to assist the Receiver in connection with the closing and transactional matters related to the sale of the real property of the Estate, the Receiver selected Petitt Worrell Craine Wolfe LLC and sought Court approval to employ that firm. On

September 4, 2012, this Court approved the Receiver's employment of Petitt Worrell Craine Wolfe LLC.

## FACTUAL BASIS FOR REQUESTED RELIEF

9. After conducting extensive market research, with the assistance of her real estate broker, the Receiver set the asking price for Unit 120 at $125,000, and Atchley began aggressively marketing Unit 120 to prospective purchasers. In February 2013, Atchley received a verbal offer to purchase Unit 120 for $120,000 from Lino and Brenda Mallia (the "Buyer"). Shortly thereafter, and after some negotiations, the Receiver submitted a counteroffer of $122,000. The Buyer accepted the counteroffer (the "Offer") and, on November March 12, 2013, the Buyer and the Receiver executed a contract for the sale and purchase of Unit 120 in accordance with the terms of the Offer, subject to this Court's approval.

10. Given that the Offer is only slightly less than the asking price, and that Unit 120 has not garnered much interest from potential buyers, the Receiver believes that it is likely the highest and best offer that she will receive in the short-term (*i.e.*, the next 6-12 months) given the current depressed real estate market, which is particularly weak for properties such as Unit 120. Therefore, believing that approval of the acceptance of the Offer would be in the best interest of the Estate, the Receiver seeks Court approval to sell Unit 120 for $122,000 in

accordance with the terms set forth in the purchase agreement, attached hereto as **Exhibit A**.

11.  The Receiver and Atchley have conducted and prepared a cost market analysis of comparable properties that have sold in 2011 and 2012 (the "Market Analysis"), a copy of which is attached hereto as **Exhibit B**.  In particular, the Market Analysis reveals the sales history of comparable properties in the area, as well as current listings.  Based on this Market Analysis, the Receiver believes that the Offer presents a fair price for the purchase of Unit 120.  Indeed, PFG, LLC had purchased Unit 120 on February 10, 2009 for $120,000,[2] and the Market Analysis indicates that the current market value of Unit 120 is between $116,000 and $120,000.

12.  Further, the Receiver's Real Estate counsel, after conducting his own analysis, has confirmed that the proposed purchase price reflected in the Offer ($122,000) significantly exceeds the current market value of Unit 120.

## LEGAL BASIS FOR RELIEF

13.  Judicial sales of real property such as the sale of Unit 120 are governed by 28 U.S.C. § 2001.  Pursuant to subsection (b) of that statute, a

---

[2] PFG, LLC subsequently sold Unit 120 to Aubrey Lee Price for $10 on November 2, 2009.

receiver may conduct a judicial sale of real property as a private sale subject to court approval after notice to all interested parties and hearing.[3]  This Court has authority to approve a private sale of real property, and has significant discretion in setting the terms and conditions for such sale, provided that the Court believes the sale is in the best interest of the Estate.  *See U.S. v. Coal Branch Corp.*, 390 F.2d 7, 9-10 (E.D. Pa. 1968) ("There can be no doubt that Congress has authorized the federal judiciary to use sound discretion in setting the terms and conditions for judicial sales.").  The *Branch Coal* case also provides that "[i]t is a well settled rule that, except in cases of abuse, appellate courts will not disturb the exercise of a district court's discretion in setting the terms and conditions for a judicial sale and the confirmation thereof."  *See id*.  Further, the Court can waive the specific requirements of 28 U.S.C. § 2001 where it believes that the receiver has substantially complied with the requirements of the statute in connection with the sale of real property.  *See SEC v. Kirkland*, 2009 WL 1439087 *2 (M.D. Fla. May 22, 2009) (the district court waived certain requirements of 28 U.S.C. § 2001

---

[3] 28 U.S.C. § 2001 (b) provides in pertinent part:

> After a hearing, of which notice to all interested parties shall be given by publication or otherwise as the court directs, the court may order the sale of such realty or interest or any part thereof at private sale for cash or other consideration and upon such terms and conditions as the court approves, if it finds that the best interests of the estate will be conserved thereby.

where it believed that the receiver had substantially complied with the requirements of the statute in the sale of real property).

14. Moreover, the Receiver believes that her engagement of an experienced real estate broker, the significant efforts made to market the listing of Unit 120 for more than eight months including, without limitation, listing Unit 120 in the Multiple Listing Service and aggressively marketing Unit 120 to qualified potential purchasers, performing an extensive analysis of the real estate market, including comparable sales, and obtaining a high offer (only $3,000 below asking price), exceed the requirements of 28 U.S.C. § 2001, which require three appraisals and publication of the proposed sale of Unit 120 for 10 days. *See S.E.C. v. Billion Coupons, Inc.*, 2009 WL 2143531, *3 (D. Haw. July 13, 2009) (finding good cause in deviating from the requirements of 28 U.S.C. § 2001 for proposed sale of real property where Receiver would retain services of licensed real estate broker, list the property in the multiple listing service, and advertise the property for its sale). The Receiver believes waiving the requirements of three appraisals and publishing the proposed sale in light of the costs associated therewith, is particularly appropriate here based on the Offer received and the current market value of Unit 120.

15. Accordingly, the Receiver respectfully requests that the Court exercise its discretion to approve the sale of Unit 120 under the terms of the Offer, pursuant to 28 U.S.C. § 2001 and applicable case law.

## CERTIFICATION

16. The Receiver hereby certifies that she has conferred with the Securities and Exchange Commission's staff, and the Commission's staff does not oppose the relief requested in this Motion.

## CONCLUSION

WHEREFORE, for the foregoing reasons, the Receiver respectfully requests that the Court enter the proposed order, attached hereto as **Exhibit C**, approving the sale of Unit 120 in accordance with the terms and conditions set forth in the Offer, and grant such other and further relief as the Court deems just and proper.

Respectfully submitted this 4th day of April, 2013.

>   DAMIAN & VALORI LLP
>   *Counsel for the Receiver*
>   1000 Brickell Avenue, Suite 1020
>   Miami, Florida 33131
>   Telephone: 305-371-3960
>   Facsimile: 305-371-3965
>
>   /s/ Kenneth Dante Murena
>   Kenneth Dante Murena, P.A.
>   Florida Bar No. 147486
>   *Admitted Pro Hac Vice*

HOLLAND & KNIGHT LLP
/s/ John M. Hamrick
John M. Hamrick
Georgia Bar No. 322079
1201 West Peachtree Street, N.E. Suite 2000
Atlanta, Georgia 30309-3453
(404) 817-8500
(404) 881-0470 (fax)
john.hamrick@hklaw.com

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY on this 4th day of April, 2013, I electronically filed with the Clerk of Court using the CM/ECF system this Receiver's Motion to Approve Sale of Property of the Estate, which will forward a copy upon all counsel of record.

/s/ Kenneth Dante Murena
Kenneth Dante Murena, P.A.
Florida Bar No. 147486
*Admitted Pro Hac Vice*
DAMIAN & VALORI LLP
*Counsel for the Receiver*
1000 Brickell Avenue, Suite 1020
Miami, Florida 33131
Telephone: 305-371-3960
Facsimile: 305-371-3965

HOLLAND & KNIGHT LLP
/s/ John M. Hamrick
John M. Hamrick
Georgia Bar No. 322079
Suite 2000, One Atlantic Center
1201 West Peachtree Street, N.E.
Atlanta, Georgia 30309-3453
(404) 817-8500
(404) 881-0470 (fax)

# SERVICE LIST

W. Shawn Murnahan, Esq.
  Email: murnahanw@sec.gov
Elizabeth Skola, Esq.
  Email: skolae@sec.gov
Securities and Exchange Commission
950 East Paces Ferry Road, N.E., Ste. 900
Atlanta, GA 30326
*Via CM/ECF*

Robert J. Waddell, Jr., Esq.
*Counsel for FDIC*
  Email: rwaddell@mcguirewoods.com
Laura E. Reinhold, Esq.
  Email: lreinhold@mcguirewoods.com
McGuire Woods, LLP
Suite 2100, Promenade II
1230 Peachtree Street, NE
Atlanta, GA 30309
*Via CM/ECF*

Aubrey Lee Price
4616 Rainwood Circle
Valdosta, GA 31602
*Via U.S. Mail*

Kathryn Giardina
c/o Robert E.L. Garner, Esq.
  Email: relg@hsy.com
Haskell Slaughter Young & Rediker, LLC
2001 Park Place, Suite 1400
Birmingham, Alabama 35203
*Via E-Mail*

Michael J. Athans, Esq.
*Attorney for Evanston Insurance*
  Email: mathans@fieldshowell.com
191 Peachtree Street NE, Suite 4600
Atlanta, GA 30303
*Via CM/ECF*