IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION, ) ) ) Plaintiff, ) ) v. ) ) AUBREY LEE PRICE, *ET AL.*, ) ) Defendants. ) ) | CASE NO. 1:12-CV-2296-TCB |

## ORDER ON STIPULATION BY AND BETWEEN MELANIE E. DAMIAN AS RECEIVER OF PFG, LLC AND FDIC-R AS RECEIVER OF MONTGOMERY BANK & TRUST

On July 13, 2012, this Court issued an order (the "PI Order") [D.I. 14] freezing the assets of Defendants. On August 10, 2012, this Court issued an order (the "Appointment Order") [D.I. 20] appointing Melanie Damian as receiver of Defendant PFG, LLC and the other entity Defendants[1] and of the assets of Defendant Aubrey Lee Price (the "PFG Receiver"). This matter initially came before the Court on the Federal Deposit Insurance Corporation as Receiver of

---

[1] The term "entity defendants" is defined as those entities listed as defendants in the caption to the original Complaint filed in this action on July 2, 2012, or in any amended Complaints that may be filed hereafter.

1

Montgomery Bank & Trust's (the "FDIC-R") Motion for Intervention and for Relief from Preliminary Injunction and Appointment Order, which the Court on March 14, 2013 [D.I. 71] denied without prejudice to refiling by the FDIC-R should the PFG Receiver and the FDIC-R not resolve the issues raised in that motion and present a joint proposed order to this Court.

With the PFG Receiver and the FDIC-R having agreed to the relief set forth in this Order, the Court hereby amends and modifies the PI Order and Appointment Order as follows:

**ORDERED** that nothing in the PI Order or the Appointment Order shall restrain or affect the exercise of any powers or functions of the FDIC-R with respect to the FDIC-R's asserted interests in the Kingsland Property and the Longboat Key Property (each as defined in the Appointment Order and, collectively, "the Properties"), and all other rights, arguments and defenses of the FDIC-R and the PFG Receiver relating to the Properties are preserved; and it is further

**ORDERED** that the FDIC-R, subject to all rights, arguments and defenses of the PFG Receiver, which are preserved, may: (1) commence foreclosure proceedings as to the Properties; and (2) exercise all rights consistent with any

interest in the Properties that the FDIC-R is determined to have pursuant to such foreclosure proceedings; and it is further

**ORDERED** that the Court makes no determination at this time as to whether it may restrain or affect the exercise of any powers or functions of the FDIC-R, and the respective rights, arguments and defenses of the SEC, the PFG Receiver and the FDIC-R with respect to that issue are preserved; and it is further

**ORDERED** that, subject to the parties' foregoing preserved rights, arguments and defenses and notwithstanding the PI Order and Appointment Order, the FDIC-R may exercise all powers and functions of the FDIC-R and shall not be subject to any sanction or penalty by this Court for any act taken prior to the entry of an Order by this Court expressly determining that the Court has the power to restrain or affect the exercise of any powers or functions of the FDIC-R; and it is further

**ORDERED** that, in the event the Court subsequently makes a determination in this action that it has the authority to restrain or affect the exercise of any powers or functions of the FDIC-R, (a) the PFG Receiver may seek relief for any prior or subsequent acts alleged to have been taken by the FDIC-R in contravention of the PI Order or Appointment Order or any other orders of this Court, but such relief shall not include any sanction or penalty, and (b) the FDIC-R may seek

further review of any such determination, the PI Order or the Appointment Order or any other orders of this Court; and it is further

**ORDERED** that, at least thirty (30) days before taking any such action, the FDIC-R shall notify the PFG Receiver or her counsel in writing that it intends to: (1) file a lawsuit or other legal proceeding against any Receivership Defendant, including, but not limited to, a petition for bankruptcy; (2) issue a subpoena or other process for any purpose, including to obtain documents and testimony, to any Receivership Defendant; or (3) seek to attach, restrain, levy on or execute a judgment on any property previously identified to it in writing by the PFG Receiver as property owned by a Receivership Defendant or property in which the Receivership Defendant claims a legal or beneficial interest; except that these notice requirements do not apply to (i) any action taken by the FDIC-R prior to the date of this Order; or to (ii) any discovery taken after the provision of an initial 30 day notice; and it is further

**ORDERED** that, at least thirty (30) days before taking any such action, the PFG Receiver shall notify the FDIC-R or its counsel in writing that it intends to: (1) file a lawsuit or other legal proceeding against the FDIC-R or any former officer, director, employee or insurer of Montgomery Bank & Trust or affiliate of Montgomery Bank & Trust; (2) issue a subpoena or other process for any purpose,

including to obtain documents and testimony, on the FDIC-R, or any former officer, director, employee or insurer of Montgomery Bank & Trust or affiliate of Montgomery Bank & Trust; or (3) seek to attach, restrain, levy on or execute a judgment on any property previously identified to it in writing by the FDIC-R as property owned by the FDIC-R or property in which the FDIC-R claims a legal or beneficial interest; except that these notice requirements do not apply to (i) any action taken by the PFG Receiver prior to the date of this Order; or to (ii) any discovery taken after the provision of an initial 30 day notice; and it is further

**ORDERED,** that neither the FDIC-R nor the PFG Receiver shall be deemed to have waived the right to contest the other party's asserted claim or interest in any property by not responding to the notices required by the two immediately preceding paragraphs; and it is further

**ORDERED** that nothing in this Order or the Appointment Order shall affect the rights or obligations of the PFG Receiver, as provided by and consistent with law, to present or prosecute an administrative claim with the FDIC-R, or to file an action in connection with such a claim; and it is further

**ORDERED** that nothing in this Order or the Appointment Order shall affect the rights of the FDIC-R, as provided by and consistent with law, to present or

prosecute an administrative claim with the PFG Receiver, or to file an action in connection with such a claim; and it is further

**ORDERED** that nothing in this Order or the Appointment Order shall constitute a finding with respect to the jurisdiction of this or any other Court over any claim that may be asserted by the SEC or the PFG Receiver against the FDIC-R or any claim the FDIC-R may assert against the SEC or the PFG Receiver; and it is further

**ORDERED** that this Order supersedes Section XV (paragraphs 67 – 73) of the Appointment Order; and it is further

**ORDERED** that nothing in this Order shall prevent FDIC-R from re-filing its motion to intervene and for other relief [D.I.19] as permitted by this Court's Order of March 4, 2013 [D.I. 71] or from seeking further relief from this Court in this action in the future, and that the respective rights, arguments and defenses of the PFG Receiver, the SEC, and the FDIC-R with respect thereto are all preserved.

**IT IS SO ORDERED**, this the 9th day of _____May_____, 2013.

_____
HON. TIMOTHY C. BATTEN
UNITED STATES DISTRICT JUDGE