IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| SECURITIES AND EXCHANGE COMMISSION, | : : : | |
| Plaintiff, | : : : | Civil Action No. 1:12-cv-2296-TCB |
| v. | : : : | |
| AUBREY LEE PRICE; PFG, LLC; PFGBI, LLC; MONTGOMERY ASSET MANAGEMENT, LLC f/k/a PFG ASSET MANAGEMENT, LLC, (Florida Limited liability company); and MONTGOMERY ASSET MANGEMENT, LLC  f/k/a PFG ASSET MANAGEMENT, LLC,(Georgia limited liability company) | : : : : : : : : : : : : | |
| Defendants. | : | |

_____/

RECEIVER'S EMERGENCY MOTION[1] TO APPROVE SALE OF
PROPERTY OF THE ESTATE (HARBOR PINES UNIT 64)

Melanie E. Damian, Esq., as receiver (the "Receiver") of all assets of

Defendants Aubrey Lee Price, PFG, LLC, PFGBI, LLC, Montgomery Asset

_____

[1] The Receiver respectfully requests that this motion be heard on an expedited basis because the purchasers of the property only have a small window of time for which to move residences, and it would be overly burdensome on the buyers to find temporary housing until the closing takes place.

Management, LLC f/k/a PFG Asset Management, LLC (Florida), and Montgomery

Asset Management, LLC f/k/a/ PFG Asset Management, LLC (Georgia)

(collectively, the "Defendants"), through undersigned counsel, hereby files her

Motion to Approve Sale of Property of the Estate (Harbor Pines Unit 64), and in

support states:

## BACKGROUND

1.      This enforcement action commenced on July 2, 2012 with the filing of

the Securities and Exchange Commission's ("SEC") Complaint against Defendants

[D.E. 1], and the SEC's Emergency Motion for Temporary Restraining Order

("TRO") [D.E. 2].   That same day, this Court entered the TRO, ordering the

freezing of Defendants' assets, prohibiting the destruction of documents and

expediting discovery. [D.E. 3].

2.      On July 13, 2012, the Court entered an Order Granting Preliminary

Injunctions and Ordering Other Relief as to Defendants ("Injunction Order") [D.E.

14] against all named Defendants, which enjoined further securities violations and

the use, and freezing of, all of Defendants' assets.

3.      Subsequently, on August 10, 2012, this Court entered an Order

Appointing Receiver ("Receivership Order") [D.E. 20], appointing Melanie E.

Damian, Esq. as Receiver of all assets of the Defendants.   Pursuant to the

Receivership Order, the Receiver is obligated to, among other things, "take custody, control, title, and possession of all Receivership Property and records relevant thereto from the Receivership Defendants[.]"  *See* Receivership Order at §7(B).

4.       Accordingly, the Receiver took immediate possession and control of, among other properties, certain real property located at 6033 34th Street W Unit # 64, Bradenton, Florida, 34210, ("Unit 64"), which was owned by PFG, LLC, and all furnishings contained therein. The Receiver promptly conducted an inventory of the contents of Unit 64, researched the local real estate market, interviewed multiple brokers, and entered into a listing agreement with a reputable and experienced realtor to market Unit 64 for sale.

5.       Pursuant to the Receivership Order, the Receiver is authorized to locate, list for sale or lease, engage a broker for sale or lease, cause the sale or lease, and take all necessary and reasonable actions to cause the sale or lease of all real property in the Receivership Estates, either at a public or private sale, on terms and in the manner the Receiver deems most beneficial to the Receivership Estate, and with due regard to the realization of the true and proper value of such real property.  *See* Receivership Order at § IX, ¶ 38.

6.     After interviewing several qualified realtors, the Receiver selected Atchley International Realtors ("Atchley") to assist her in connection with the marketing and sale of the real properties of the Estate in or near Bradenton, Florida.   Atchley has extensive experience in selling real estate throughout Florida's west coast, is familiar with the local real estate market and the community in which Unit 64 is located, and has an impressive sales record within the area.

7.     Further, after considering a number of real estate transaction law firms to assist the Receiver in connection with the closing and transactional matters related to the sale of the real property of the Estate, the Receiver selected Petitt Worrell Craine Wolfe LLC and sought Court approval to employ that firm.   On September 4, 2012, this Court approved the Receiver's employment of Petitt Worrell Craine Wolfe LLC.

## FACTUAL BASIS FOR REQUESTED RELIEF

8.     After conducting extensive market research, with the assistance of her real estate broker, the Receiver set the asking price for Unit 64 at $45,000.00, and Atchley began aggressively marketing the property to prospective purchasers.  On October 8, 2012, the Receiver received an offer for the purchase of Unit 64 for $42,000.00 from Cheryl Lee Fook.  The Receiver counter-offered at $43,000, and

the buyer counter-offered again at $42,500, which the Receiver accepted (the "Offer"), subject to this Court's approval.

9.      Given that the Offer is for only $2,000 less than the asking price, the Receiver believes that it is likely the highest and best offer that she will receive in the short-term (*i.e.*, the next 6-12 months) given the current depressed real estate market, which is particularly weak for residences such as Unit 64.  Therefore, believing that approval of the acceptance of the Offer would be in the best interest of the Estate, the Receiver seeks Court approval to sell Unit 64 for $42,500 in accordance with the terms set forth in the Offer, attached hereto as **Exhibit A**.

10.     The Receiver and Atchley have conducted and prepared a cost market analysis of comparable properties that have sold in 2011 and 2012 (the "Market Analysis"), a copy of which is attached hereto as **Exhibit B**.  In particular, the Market Analysis reviews and analyzes the sales history of comparable units in the building and in similar buildings in the area, as well as current listings.  Based on this Market Analysis, the Receiver believes that the Offer presents a fair price for the purchase of Unit 64.  Indeed, PFG, LLC had purchased the property on February 12, 2009 for $52,500, and the Market Analysis indicates that the current market value of Unit 64 is between $42,000 and $45,000.

11.     Further, the Receiver's Real Estate counsel, after conducting his own

analysis, has confirmed that the proposed purchase proposed in the Offer ($42,500)

approximates the current market value of Unit 64.

## LEGAL BASIS FOR RELIEF

12.     Judicial sales of real property such as the sale of Unit 64 are

governed by 28 U.S.C. § 2001.  Pursuant to subsection (b) of that statute, a

receiver may conduct a judicial sale of real property as a private sale subject to

court approval after notice to all interested parties and hearing.[2]  This Court has

authority to approve a private sale of real property, and has significant discretion in

setting the terms and conditions for such sale, provided that the Court believes the

sale is in the best interest of the Estate.  *See U.S. v. Coal Branch Corp.*, 390 F.2d 7,

9-10 (E.D. Pa. 1968) ("There can be no doubt that Congress has authorized the

federal judiciary to use sound discretion in setting the terms and conditions for

judicial sales.").  The *Branch Coal* case also provides that "[i]t is a well settled rule

that, except in cases of abuse, appellate courts will not disturb the exercise of a

---

[2] 28 U.S.C. § 2001 (b) provides in pertinent part:

> After a hearing, of which notice to all interested parties shall be given by
> publication or otherwise as the court directs, the court may order the sale of such
> realty or interest or any part thereof at private sale for cash or other consideration
> and upon such terms and conditions as the court approves, if it finds that the best
> interests of the estate will be conserved thereby.

district court's discretion in setting the terms and conditions for a judicial sale and the confirmation thereof." *See id.* Further, the Court can waive the specific requirements of 28 U.S.C. § 2001 where it believes that the receiver has substantially complied with the requirements of the statute in connection with the sale of real property. *See SEC v. Kirkland*, 2009 WL 1439087 *2 (M.D. Fla. May 22, 2009) (the district court waived certain requirements of 28 U.S.C. § 2001 where it believed that the receiver had substantially complied with the requirements of the statute in the sale of real property).

13. Moreover, the Receiver believes that her engagement of an experienced real estate broker, the significant efforts made to market the listing of Unit 64 for more than one month including, without limitation, listing Unit 64 in the Multiple Listing Service and aggressively marketing the Property to qualified potential purchasers, performing an extensive analysis of the real estate market, including comparable sales, and obtaining a high offer (only $1,000 below asking price), exceed the requirements of 28 U.S.C. § 2001, which require three appraisals and publication of the proposed sale of the Property Unit 64 for 10 days. *See S.E.C. v. Billion Coupons, Inc.*, 2009 WL 2143531, *3 (D. Haw. July 13, 2009) (finding good cause in deviating from the requirements of 28 U.S.C. § 2001 for proposed sale of real property where Receiver would retain services of licensed

real estate broker, list the property in the multiple listing service, and advertise the property for its sale). The Receiver believes waiving the requirements of three appraisals and publishing the proposed sale in light of the costs associated therewith, is particularly appropriate here based on the Offer received and the current market value of Unit 64.

14. Accordingly, the Receiver respectfully requests that the Court exercise its discretion to approve the sale of Unit 64 under the terms of the Offer, pursuant to 28 U.S.C. § 2001 and applicable case law.

## **CERTIFICATION**

15. The Receiver hereby certifies that she has conferred with the Securities and Exchange Commission, and the Commission does not oppose the relief requested in this Motion

**[SECTION INTENTIONALLY LEFT BLANK]**

## CONCLUSION

WHEREFORE, for the foregoing reasons, the Receiver respectfully requests that the Court enter the proposed order, attached hereto as **Exhibit C**, approving the sale of Unit 64 in accordance with the terms and conditions set forth in the Offer, and grant such other and further relief as the Court deems just and proper.

Respectfully submitted this 14th day of May, 2013.

> DAMIAN & VALORI LLP
> *Counsel for the Receiver*
> 1000 Brickell Avenue, Suite 1020
> Miami, Florida 33131
> Telephone: 305-371-3960
> Facsimile: 305-371-3965
>
> /s/ Kenneth Dante Murena
> Kenneth Dante Murena, P.A.
> Florida Bar No. 147486
> *Admitted Pro Hac Vice*
>
> HOLLAND & KNIGHT LLP
> /s/ John M. Hamrick
> John M. Hamrick
> Georgia Bar No. 322079
> 1201 West Peachtree Street, N.E. Suite 2000
> Atlanta, Georgia 30309-3453
> (404) 817-8500
> (404) 881-0470 (fax)
> john.hamrick@hklaw.com

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY on this 14th day of May, 2013, I electronically filed with the Clerk of Court using the CM/ECF system this Receiver's Motion to Approve Sale of Property of the Estate (Harbor Pines Unit 64), which will forward a copy upon all counsel of record.

/s/ Kenneth Dante Murena
Kenneth Dante Murena, P.A.
Florida Bar No. 147486
*Admitted Pro Hac Vice*
DAMIAN & VALORI LLP
*Counsel for the Receiver*
1000 Brickell Avenue, Suite 1020
Miami, Florida 33131
Telephone: 305-371-3960
Facsimile: 305-371-3965

HOLLAND & KNIGHT LLP
/s/ John M. Hamrick
John M. Hamrick
Georgia Bar No. 322079
Suite 2000, One Atlantic Center
1201 West Peachtree Street, N.E.
Atlanta, Georgia 30309-3453
(404) 817-8500
(404) 881-0470 (fax)
John.hamrick@hklaw.com

# SERVICE LIST

W. Shawn Murnahan, Esq.
  Email: murnahanw@sec.gov
Elizabeth Skola, Esq.
  Email: skolae@sec.gov
Securities and Exchange Commission
950 East Paces Ferry Road, N.E., Ste. 900
Atlanta, GA 30326
*Via CM/ECF*


Robert J. Waddell, Jr., Esq.
*Counsel for FDIC*
  Email:
rwaddell@mcguirewoods.com
Laura E. Reinhold, Esq.
  Email:
lreinhold@mcguirewoods.com
McGuire Woods, LLP
Suite 2100, Promenade II
1230 Peachtree Street, NE
Atlanta, GA 30309
*Via CM/ECF*

Aubrey Lee Price
4616 Rainwood Circle
Valdosta, GA 31602
*Via U.S. Mail*


Kathryn Giardina
c/o Robert E.L. Garner, Esq.
  Email: relg@hsy.com
Haskell Slaughter Young & Rediker, LLC
2001 Park Place, Suite 1400
Birmingham, Alabama 35203
*Via E-Mail*


Michael J. Athans, Esq.
*Attorney for Evanston Insurance*
  Email: mathans@fieldshowell.com
191 Peachtree Street NE, Suite 4600
Atlanta, GA 30303
*Via CM/ECF*