IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION, | : : : |
| Plaintiff, | : Civil Action No. 1:12-cv-2296-TCB |
| v. | : : |
| AUBREY LEE PRICE; PFG, LLC; PFGBI, LLC; MONTGOMERY ASSET MANAGEMENT, LLC f/k/a PFG ASSET MANAGEMENT, LLC (Florida limited liability company); and MONTGOMERY ASSET MANGEMENT, LLC  f/k/a PFG ASSET MANAGEMENT, LLC (Georgia limited liability company), | : : : : : : : : : : : |
| Defendants. | : |

**RECEIVER'S MOTION TO APPROVE SALE OF
<u>PROPERTY OF THE ESTATE (LYONS, GEORGIA LAND)</u>
(Expedited Relief Requested)[1]**

Melanie E. Damian, Esq., as receiver (the "Receiver") of all assets of Defendants Aubrey Lee Price, PFG, LLC, PFGBI, LLC, Montgomery Asset Management, LLC f/k/a PFG Asset Management, LLC (Florida), and Montgomery

---

[1] The Receiver respectfully requests that this Court consider this Motion on an expedited basis because the closing for sale of the Lyons, Georgia Land (which consists of hunting grounds) is scheduled for October 30, 2013, and the prospective purchaser wishes to close as soon as possible so that he may begin using the property for this hunting season, which began on October 19, 2013.

Asset Management, LLC f/k/a/ PFG Asset Management, LLC (Georgia) (collectively, the "Defendants"), hereby files her Motion to Approve Sale of Property of the Estate (Lyons, Georgia Land) and asks that the Court consider the Motion on an expedited basis, and in support states:

## BACKGROUND

1. This enforcement action commenced on July 2, 2012 with the filing of the Securities and Exchange Commission's ("SEC") Complaint against Defendants [D.E. 1], and the SEC's Emergency Motion for Temporary Restraining Order ("TRO") [D.E. 2]. That same day, this Court entered the TRO, ordering the freezing of Defendants' assets, prohibiting the destruction of documents and expediting discovery. [D.E. 3].

2. On July 13, 2012, the Court entered an Order Granting Preliminary Injunctions and Ordering Other Relief as to Defendants ("Injunction Order") [D.E. 14] against all named Defendants, which enjoined further securities violations and the use, and freezing of, all of the Defendants' assets.

3. Subsequently, on August 10, 2012, this Court entered an Order Appointing Receiver ("Receivership Order") [D.E. 20], appointing Melanie E. Damian, Esq. as Receiver of all assets of the Defendants. Pursuant to the Receivership Order, the Receiver is obligated to, among other things, "take

custody, control, title, and possession of all Receivership Property and records relevant thereto from the Receivership Defendants[.]" *See* Receivership Order at §7(B).

4. Accordingly, the Receiver took immediate possession and control of, among other properties, a 71-acre plot of land designated for timber and/or hunting located at 3590 GA Highway 152, Lyons, Georgia (the "Lyons, Georgia Land"), which was owned by PFG, LLC. The Receiver promptly researched the local market, interviewed multiple brokers, and entered into a listing agreement with a reputable and experienced realtor to market the Lyons, Georgia Land for sale.

5. Pursuant to the Receivership Order, the Receiver is authorized to locate, list for sale or lease, engage a broker for sale or lease, cause the sale or lease, and take all necessary and reasonable actions to cause the sale or lease of all real property in the Receivership Estate, either at a public or private sale, on terms and in the manner the Receiver deems most beneficial to the Receivership Estate, and with due regard to the realization of the true and proper value of such real property. *See* Receivership Order at § IX, ¶ 38.

6. After considering a number of real estate transaction law firms to assist the Receiver in connection with the closing and transactional matters related to the sale of the real property of the Estate, the Receiver selected Petitt Worrell

Craine Wolfe LLC and sought Court approval to employ that firm. On September 4, 2012, this Court approved the Receiver's employment of Petitt Worrell Craine Wolfe LLC.

7.    Subsequently, the Receiver interviewed several qualified realtors and listed the property with one realtor for six months. When that did not result in any reasonable offers, the Receiver selected a second realtor, Routh Realtors, LLC ("Routh") to assist her in connection with the marketing and sale of the Lyons, Georgia Land. The unique nature, specific purpose (hunting) and remote location of the land has made marketing it for sale and attracting interested purchasers particularly difficult. Routh has extensive experience in selling similar plots of land throughout Georgia, is familiar with the local market and the community in which the Lyons, Georgia Land is located, and has an impressive sales record within the area.

8.    On July 1, 2013, the Receiver and Routh entered into an exclusive listing agreement for the Lyons, Georgia Land, which provided, among other things, the commission structure for the sale of the Lyons, Georgia Land. In particular, Routh and any broker for the purchaser, collectively, would be entitled to receive a reduced commission of 8% of the purchase price as full compensation for services performed in connection with the sale of the Lyons, Georgia Land.

The standard commission in Georgia for the sale of commercial properties such as the Lyons, Georgia Land is 10%.

## FACTUAL BASIS FOR REQUESTED RELIEF

9. Based on Routh's experience marketing and selling land parcels such as the Lyons, Georgia Land, Routh estimated that the value of the Lyons, Georgia Land was between $65,000.00 and $75,000.00. In light of Routh's estimate, the Receiver set the asking price for the Lyons, Georgia Land at $72,080.00, and Routh began aggressively marketing the property to prospective purchasers. After marketing the property for 3 months, Routh received an offer to purchase the Lyons, Georgia Land at the asking price of $72,080.00 (the "Offer").

10. Given that the Offer is equal to the asking price, and the difficulty in selling a unique piece of land such as the Lyons, Georgia Land, the Receiver believes that it is likely the highest and best offer that she will receive in the next 6-12 months. Therefore, believing that accepting the Offer would be in the best interest of the Estate, the Receiver seeks Court approval to accept the offer and sell the Lyons, Georgia Land for $72,080.00 in accordance with the terms set forth in the purchase agreement, attached hereto as **Exhibit A**.

## LEGAL BASIS FOR RELIEF

11. Judicial sales of property such as the sale of the Lyons, Georgia Land are governed by 28 U.S.C. § 2001. Pursuant to subsection (b) of that statute, a receiver may conduct a judicial sale of real property as a private sale subject to court approval after notice to all interested parties and hearing.[2] This Court has authority to approve a private sale of real property, and has significant discretion in setting the terms and conditions for such sale, provided that the Court believes the sale is in the best interest of the Estate. *See U.S. v. Coal Branch Corp.*, 390 F.2d 7, 9-10 (E.D. Pa. 1968) ("There can be no doubt that Congress has authorized the federal judiciary to use sound discretion in setting the terms and conditions for judicial sales."). The *Branch Coal* case also provides that "[i]t is a well settled rule that, except in cases of abuse, appellate courts will not disturb the exercise of a district court's discretion in setting the terms and conditions for a judicial sale and the confirmation thereof." *See id*. Further, the Court can waive the specific requirements of 28 U.S.C. § 2001 where it believes that the receiver has substantially complied with the requirements of the statute in connection with the

---

[2] 28 U.S.C. § 2001 (b) provides in pertinent part:

> After a hearing, of which notice to all interested parties shall be given by publication or otherwise as the court directs, the court may order the sale of such realty or interest or any part thereof at private sale for cash or other consideration and upon such terms and conditions as the court approves, if it finds that the best interests of the estate will be conserved thereby.

Case 1:12-cv-02296-TCB   Document 108   Filed 10/22/13   Page 7 of 10

sale of real property. *See SEC v. Kirkland*, 2009 WL 1439087 *2 (M.D. Fla. May 22, 2009) (the district court waived certain requirements of 28 U.S.C. § 2001 where it believed that the receiver had substantially complied with the requirements of the statute in the sale of real property).

12. While 28 U.S.C. § 2001 requires receivers to, among other things, obtain three appraisals and publish the proposed sale of real property for 10 days, the Receiver believes that her team's extensive efforts to market and sell the Lyons, Georgia Land, including without limitation the engagement of an experienced real estate broker, marketing the Lyons, Georgia Land for sale for more than one year, including listing it in the Multiple Listing Service and aggressively targeting qualified potential purchasers, performing an extensive analysis of the market, and obtaining an offer equal to the asking price, far exceeded the requirements of that statute. *See S.E.C. v. Billion Coupons, Inc.*, 2009 WL 2143531, *3 (D. Haw. July 13, 2009) (finding good cause in deviating from the requirements of 28 U.S.C. § 2001 for proposed sale of real property where Receiver would retain services of licensed real estate broker, list the property in the multiple listing service, and advertise the property for its sale). Further, considering the relatively low market value of the Lyons, Georgia Land and the costs to the Estate of obtaining three appraisals and publishing the

proposed sale, waiving those requirements of 28 U.S.C. § 2001 is particularly appropriate here.

13. Accordingly, the Receiver respectfully requests that the Court exercise its discretion to approve the sale of the Lyons, Georgia Land under the terms of the Offer, pursuant to 28 U.S.C. § 2001 and applicable case law.

## CERTIFICATION

14. The Receiver hereby certifies that she has conferred with the Securities and Exchange Commission's staff, and the Commission's staff does not oppose the relief requested in this Motion.

## CONCLUSION

WHEREFORE, for the foregoing reasons, the Receiver respectfully requests that the Court enter the proposed order, attached hereto as **Exhibit B**, approving the sale of the Lyons, Georgia Land in accordance with the terms and conditions set forth in the Offer, and grant such other and further relief as the Court deems just and proper.

Respectfully submitted this 22nd day of October, 2013.

        DAMIAN & VALORI LLP
*Counsel for the Receiver*
1000 Brickell Avenue, Suite 1020
Miami, Florida 33131
Telephone: 305-371-3960
Facsimile: 305-371-3965

/s/ Kenneth Dante Murena
Kenneth Dante Murena, P.A.
Florida Bar No. 147486
*Admitted Pro Hac Vice*

HOLLAND & KNIGHT LLP
/s/ John M. Hamrick
John M. Hamrick
Georgia Bar No. 322079
1201 West Peachtree Street, N.E. Suite 2000
Atlanta, Georgia 30309-3453
(404) 817-8500
(404) 881-0470 (fax)
john.hamrick@hklaw.com

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY on this 22nd day of October, 2013, I electronically filed with the Clerk of Court using the CM/ECF system this Receiver's Motion to Approve Sale of Property of the Estate, which will forward a copy upon all counsel of record.

/s/ Kenneth Dante Murena
Kenneth Dante Murena, P.A.
Florida Bar No. 147486
*Admitted Pro Hac Vice*
DAMIAN & VALORI LLP
*Counsel for the Receiver*
1000 Brickell Avenue, Suite 1020
Miami, Florida 33131
Telephone: 305-371-3960
Facsimile: 305-371-3965

/s/ John M. Hamrick
John M. Hamrick
Georgia Bar No. 322079
HOLLAND & KNIGHT LLP
Suite 2000, One Atlantic Center
1201 West Peachtree Street, N.E.
Atlanta, Georgia 30309-3453
(404) 817-8500
(404) 881-0470 (fax)

## SERVICE LIST

W. Shawn Murnahan, Esq.
  Email: murnahanw@sec.gov
Elizabeth Skola, Esq.
  Email: skolae@sec.gov
Securities and Exchange Commission
950 East Paces Ferry Road, N.E., Ste. 900
Atlanta, GA 30326
*Via CM/ECF*

Kathryn Giardina
c/o Robert E.L. Garner, Esq.
  Email: relg@hsy.com
Haskell Slaughter Young & Rediker
2001 Park Place, Suite 1400
Birmingham, Alabama  35203
*Via E-Mail*

Michael J. Athans, Esq.
*Attorney for Evanston Insurance*
  Email: mathans@fieldshowell.com
191 Peachtree Street NE, Suite 4600
Atlanta, GA 30303
*Via CM/ECF*

Robert J. Waddell, Jr., Esq.
*Counsel for FDIC*
  Email:
rwaddell@mcguirewoods.com
Laura E. Reinhold, Esq.
  Email:
lreinhold@mcguirewoods.com
McGuire Woods, LLP
Suite 2100, Promenade II
1230 Peachtree Street, NE
Atlanta, GA  30309
*Via CM/ECF*