**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION**

| | | |
|---|---|---|
| **SECURITIES AND EXCHANGE COMMISSION,** | ) ) ) | |
| **Plaintiff,** | ) ) | |
| **v.** | ) ) | |
| **AUBREY LEE PRICE; et al** | ) ) | |
| **Defendants,** | ) ) | **Civil Action No. 1:12-cv-2296-TCB** |
| **PROTECTIVE LIFE INSURANCE COMPANY** | ) ) ) | |
| **Intervention Plaintiff,** | ) ) | |
| **v.** | ) ) | |
| **MELANIE E. DAMIAN, in her capacity as Receiver,** | ) ) ) | |
| **Intervention Defendant.** | ) | |

**EMERGENCY MOTION TO INTERVENE TO SUE RECEIVER AND TO
STAY RULING ON RECEIVER'S MOTION TO APPROVE INITIAL
PLAN OF DISTRIBUTION (DOC NO. 114) AND MEMORANDUM OF
LAW IN SUPPORT THEREOF**

Proposed Intervenor Protective Life Insurance Company ("Intervenor" or "Protective"), pursuant to Rule 24 of the Federal Rules of Civil Procedure, files this Motion and supporting Memorandum ("Motion") and hereby moves this

02785037.3

Honorable Court to: (1) permit Protective to intervene in this action and sue Melanie E. Damian, as receiver ("Receiver"), for the claims set forth in the proposed Complaint in Intervention, attached hereto as Exhibit A, and (2) stay ruling on the Receiver's Motion to Approve (A) Investors and Creditors Claims Procedure and (B) Initial Plan of Distribution (Doc. No. 114), and on any other request by the Receiver that involves the distribution or disbursement of the Receivership Assets, pending final resolution of Protective's Motion and the claims set forth in its proposed Complaint in Intervention.

## I.   BASIS FOR THE MOTION

1.     On July 2, 2012, Plaintiff, the Securities and Exchange Commission ("SEC"), filed a Complaint for Injunctive Relief against various defendants, ("Defendants"), including Aubrey Lee Price ("Price"), alleging offering and advisory fraud perpetrated against investors in two funds by Price and the other Defendants.

2.     On August 10, 2012, this Court, pursuant to the SEC's request, appointed Melanie E. Damian as receiver ("Receiver") to marshal and preserve all assets of the Defendants ("Receivership Assets") (*See* Doc. No 20 at 2).

3.     On December 31, 2012, Price was declared legally deceased by Honorable Greg S. Parker, Circuit Court Judge of the Third Judicial Circuit, Hamilton County, Florida, Case No. 2012-CA-424.

4.     Following issuance of the order declaring Price legally deceased, the Receiver filed a claim seeking payment of the proceeds of Policy No. L26007137, a life insurance policy insuring Price's life ("Policy").  (Ex. B, Affidavit of Josie Wright, ¶ 3).  Specifically, on January 14, 2013, the Receiver notified Protective that she was making a claim on the Policy and submitted the Order Granting Petition for Presumptive Death Certificate.  (*Id.*).  On March 14, 2013, the Receiver completed a Claimant's Statement for Death Benefit.  On May 3, 2013, the Receiver submitted Price's Death Certificate.  (*Id.*).  By its terms, the Policy only becomes payable upon Price's death.  (*Id.*).

5.     Having received the Order Granting Petition for Presumptive Death Certificate, Price's Death Certificate, and the Claimant's Statement for Death Benefit, Protective issued a check to the Receiver in the amount of $251,510.32 ("Payment") on July 3, 2013.  (Wright Aff. ¶ 4).  The Payment consisted of the policy proceeds of $250,000.00, a premium refund of $3.47, and interest of $1506.85.  (*Id*).

6.     On December 6, 2013, the Receiver filed a Motion to Approve (A) Investors and Creditors Claims Procedure; and (B) Initial Plan of Distribution ("Motion for Approval") (Doc. No. 114).  The Motion for Approval explained that the Receiver had recovered $1,877,207.00 in cash and requested that this Court approve a claims administration process and an initial plan to distribute a portion

of the Receivership Assets to certain investors and creditors of the Receivership Estate.  (*Id.* at 2-3).

7.    On December 17, 2013, the Receiver and the Federal Deposit Insurance Corporation ("FDIC"), as receiver for Montgomery Bank & Trust, filed a joint motion seeking to extend the time for the FDIC to respond to the Receiver's Motion for Approval.  (Doc. No. 116).

8.    On December 19, 2013, this Court granted the joint motion, giving the FDIC until January 21, 2014 to respond to the Motion for Approval. (Doc. No. 119).

9.    Given that this Court could, upon receipt of the FDIC's Motion on January 21, 2014, enter an order granting the Receiver's Motion for Approval, Protective is filing this Motion on an emergency basis in order to prevent the Payment from being distributed to investors and creditors of the Receivership Estate.

10.    On December 31, 2013, Price was discovered alive and arrested during a traffic stop on Interstate 95 in Glynn County, Georgia.

11.    On January 10, 2014, Protective send a demand letter to the Receiver requesting that the Receiver return the Payment in full. (Ex. C, Affidavit of C. Andrew Kitchen ¶ 2).

12.     On January 14, 2014, the Receiver's counsel informed Protective's counsel that the Receiver would not return the Payment to Protective. (Kitchen Aff. ¶ 3).

13.     Protective's obligation to make the Payment could only arise upon the death of Price, the insured.  Given that Price is alive, the Payment is not properly a part of the Receivership Assets.  Protective hereby seeks to recover the Payment from the Receiver.

14.     Because Protective holds a property interest that is subject, as a practical matter, to being impaired or impeded by the outcome of this action and that is not adequately represented by either of the existing parties, Protective may intervene in this case as a matter of right pursuant to Rule 24(a)(2) of the Federal Rules of Civil Procedure.  Alternatively, Protective should be granted permission to intervene under Rule 24(b)(2) because the claims set forth in its proposed Complaint in Intervention share at least one common question of law or fact with the main action—whether the Payment is properly part of the Receivership Estate. Accordingly, for the reasons set forth below and in the proposed Complaint in Intervention, Protective should be permitted to intervene in this action and assert claims against the Receiver.

15.     Moreover, given Protective's interest in the Payment which is currently being held as part of the Receivership Assets, this Court should stay

ruling on any request by the Receiver that involves the distribution or disbursement of the Receivership Assets pending final resolution of Protective's Motion and the claims set forth in its proposed Complaint in Intervention.

## II.   MEMORANDUM OF LAW IN SUPPORT OF MOTION TO INTERVENE TO SUE RECEIVER AND TO STAY

### A.   PROTECTIVE IS ENTITLED TO INTERVENE PURSUANT TO RULE 24(A)(2).

16.    Because Protective is entitled to a refund of the Payment that is currently being treated as part of the Receivership Assets, Protective is entitled to intervene in this action pursuant to Rule 24(a)(2).  This rule provides that "[o]n timely motion, the Court must permit anyone to intervene who . . . claims an interest relating to the property or transaction which is the subject of the action, and is so situated that disposing of the action may as a practical matter impair or impede the movant's ability to protect its interest, unless existing parties adequately represent that interest."   Fed. R. Civ. P. 24(a)(2). "Any doubt concerning the propriety of allowing intervention should be resolved in favor of the proposed intervenors because it allows the court to resolve all related disputes in a single action." *Fed. Sav. & Loan Ins. Corp. v. Falls Chase Special Taxing Dist.*, 983 F.2d 211, 216 (11th Cir. 1993).

17.    Under Eleventh Circuit law, "a party seeking to intervene under Rule 24(a)(2) must show: (1) that the intervention application is timely; (2) that an

interest exists relating to the property or transaction which is the subject of the action; (3) that disposition of the action, as a practical matter, may impede or impair the ability to protect that interest; and (4) the existing parties to the lawsuit inadequately represent the interests." *Federal Savings and Loan Ins. Corp.*, 983 F.2d at 215.  "[A] party is entitled to intervention as a matter of right if the party's interest in the subject matter of the litigation is direct, substantial, and legally protectable."  *Georgia v. U.S. Army Corps. of Eng'rs*, 302 F.3d 1242, 1249 (11th Cir. 2002).  If each of the four requirements is met, the court must allow the party to intervene in the action. *See id.*  As more fully described below, all four elements are satisfied in this case.

## 1.   Protective's Motion is Timely.

18.   Because Protective is presenting this Motion promptly after learning that Price is alive, and that the Receiver is therefore not entitled to the Payment, Protective's Motion is timely.  In resolving motions to intervene, "it has long been held that the determination of timeliness is a matter committed to the sound discretion of the trial court."  *McDonald v. E.J. Lavino Co.*, 430 F.2d 1065, 1071 (5th Cir. 1970).   "[T]imeliness is not a word of exactitude or of precisely measurable dimensions.  The requirement of timeliness must have accommodating flexibility toward both the court and the litigants if it is to be successfully employed to regulate intervention in the interest of justice."  *Georgia*, 302 F.3d at

1259 (internal citations omitted).  The Eleventh Circuit sets forth "four factors that [a court] must . . . consider . . . in passing on the timeliness of a petition for leave to intervene."  *U.S. v. DeKalb County, Ga.*, No. 1:10-cv-4039-WSD, 2011 WL 6369569, at *6 (N.D. Ga. Oct. 11, 2011) (quoting *Stallworth v. Monsanto Co.*, 558 F.2d 257, 264 (5th Cir. 1977)).  These factors are:   "(1) the length of time during which the would-be intervenor actually knew or reasonably should have known of his interest in the case before he petitioned for leave to intervene; (2) the extent of the prejudice that the existing parties to the litigation may suffer as a result of the would-be intervenor's failure to apply for intervention as soon as he actually knew or reasonably should have known of his interest in the case; (3) the extent of the prejudice that the would-be intervenor may suffer if his petition for leave to intervene is denied; and (4) the existence of unusual circumstances militating either for or against a determination that the application is timely."  *Id.*

19.    In this case, Protective's Motion is timely because it intervened within three weeks of learning that Price was alive and within *seven (7) days* of learning that the Receiver would not voluntarily return the Payment to Protective. This time span is well within acceptable limits.  *See Georgia*, 302 F.3d at 1259 (six-month delay not untimely, even when discovery had already been completed); *Chiles v. Thornburgh*, 865 F.2d 1197, 1213 (11th Cir. 1989) (seven-month delay not untimely, even when motion to dismiss had already been decided).  Moreover, no

response to Plaintiff's Motion for Approval has been filed nor has a hearing been set on the Motion for Approval. Because Protective promptly filed this Motion to Intervene after becoming aware that it was entitled to a refund of the Payment, and because Protective would suffer serious prejudice if its Motion is denied, the Motion is timely.

2.  **Protective Has an Interest in This Case, and Its Ability to Protect That Interest Would Be Impaired and Impeded if it Does Not Intervene.**

20. Because Protective is entitled to a refund of the Payment that is currently being held by the Receiver with the intention of being distributed to investors and creditors of the Receivership Estate or otherwise disposed of in accordance with the Receiver's duties, Protective clearly has an interest in the subject matter of this case. Rule 24(a)(2) requires that a proposed intervenor have a "direct, substantial, and legally protectable" interest in the proceeding. *Georgia*, 302 F.3d at 1249. The related requirement under this rule is that "the applicant must be so situated that disposition of the action, as a practical matter, may impede or impair the ability to protect that interest." *See* Fed. R. Civ. P. 24(a)(2); *see also Mt. Hawley Ins. Co. v. Sandy Lake Properties, Inc.,* 425 F.3d 1308, 1310-11 (11th Cir. 2005). This means that the proposed intervenor must have an interest that the "law recognizes as belonging to or being owned by the applicant." *Id.* at 1311 (quotation marks and citation omitted). In this regard, the Court's inquiry "is a

flexible one, which focuses on the particular facts and circumstances surrounding each motion for intervention." *See Chiles,* 865 F.2d at 1214 (quotation marks, brackets, and citations omitted).

21.    Here there can be no doubt that Protective has a protectable interest in this litigation.  The Payment, which Protective is entitled to have returned to it, is currently part of the Receivership Assets, which the Receiver either has or will seek to distribute to investors and creditors of the Receivership Estate or otherwise dispose of in accordance with her duties as Receiver.  There is, therefore, no doubt that "disposition of the action, as a practical matter, may impede or impair the ability" of Protective to recover the Payment.  Consequently, Protective must have the right to intervene and participate in this litigation.

### 3.    Protective's Interests Are Not Represented Adequately by the Existing Parties to the Suit.

22.    Finally, intervention is appropriate because Protective cannot rely upon the existing parties to this civil action to represent its interests in the subject matter of the litigation.   The requirement that an intervenor is inadequately represented by existing parties "is satisfied if the applicant shows that representation of his interest 'may be' inadequate; and the burden of making that showing should be treated as minimal."  *Clark v. Putnam Cnty.*, 168 F.3d 458, 461 (11th Cir. 1999) (quoting *Trbovich v. United Mine Workers of America*, 404 U.S. 528, 538 n.10 (1972)).  Courts in the Eleventh Circuit only deny intervention as of

right on this ground when there is an identity of interest between the intervening party and an existing party. *See, e.g., United States v. City of Miami*, 278 F.3d 1174, 1178–79 (11th Cir. 2002) (finding that the United States of America's interest in the litigation was identical to a police officer's association); *Athens Lumber Co. v. FEC*, 690 F.2d 1364, 1367 (11th Cir. 1982) (denying intervention because a union and the defendant "both have precisely the same objective")**.**

23.    In this case, there is no identity of interest between Protective and the current parties to this litigation. No party currently seeks to protect or enforce Protective's interest in the Payment and its right to a refund of the Payment. Therefore, it is necessary for Protective to intervene in order to protect its interests in this action.

## B.    ALTERNATIVELY, PROTECTIVE SHOULD BE PERMITTED TO INTERVENE PURSUANT TO RULE 24(B)(2).

24.    Protective also satisfies the requirements for permissive intervention under Rule 24(b)(2).  A party seeking to intervene under Rule 24(b)(2) must show that: (1) his application to intervene is timely; and (2) his claim or defense and the main action have a question of law or fact in common. *Watkins v. Vestil Mfg. Corp.*, 72 Fed. R. Serv. 3d 147 (N.D. Ga. 2008) (citing *Chiles,* 865 F.2d at 1213).

25.    As set forth in section II(A)(1), *supra*, Protective's motion is timely. In addition, the claims Protective seeks to assert against the Receiver share at least one common question of law and fact with the main action—whether or not

whether the Payment is properly part of the Receivership Estate.  For this reason, Protective should be permitted to intervene pursuant to Rule 24(b)(2).

**C.    A STAY IS APPROPRIATE PENDING RESOLUTION OF PROTECTIVE'S MOTION TO INTERVENE AND PROPOSED COMPLAINT IN INTERVENTION.**

26.    Given Protective's interest in the Payment which is currently being held as part of the Receivership Assets, this Court should stay ruling on any request by the Receiver that involves the distribution or disbursement of the Receivership Assets pending final resolution of Protective's motion to intervene and the claims set forth in its proposed Complaint in Intervention.

## III.   CONCLUSION

27.    Intervention will permit Protective to ensure that its interests in the Payment are adequately protected, without prejudicing the rights of any of the existing parties.  The Court should therefore grant Protective's motion to intervene.  Furthermore, a stay of any rulings on any request by the Receiver that involves the distribution or disbursement of the Receivership Assets pending final resolution of Protective's motion to intervene and the claims set forth in its proposed Complaint in Intervention should be entered to afford Protective the opportunity to protects its interests in the Payment.

**WHEREFORE**, **PREMISES CONSIDERED,** Protective respectfully requests that this Court grant it permission to intervene in this action and sue

Melanie E. Damian, as Receiver, and that this Court stay ruling on the Receiver's Motion to Approve (A) Investors and Creditors Claims Procedure and (B) Initial Plan of Distribution (Doc. No. 114), and on any other request by the Receiver that involves the distribution or disbursement of the Receivership Assets, pending final resolution of Protective's Motion and the claims set forth in its proposed Complaint in Intervention.

Dated January 21, 2014.                    Respectfully submitted,


                                           *s/ Alexander B. Feinberg*
                                           Alexander B. Feinberg
                                           Georgia Bar No. 956505
                                           Christopher C. Frost
                                           Georgia Bar No.  101084
                                           John A. Little, Jr.
                                           Georgia Bar No.  528483

                                           **MAYNARD, COOPER & GALE, P.C.**
                                           1901 Sixth Avenue North
                                           2400 Regions Harbert Plaza
                                           Birmingham, AL 35203
                                           Telephone: 205-254-1160
                                           Facsimile: 205-254-1999

                                           *Attorneys for Intervening Party*
                                           *Protective Life Insurance Company*

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on this 21st day of January, 2014, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system.  In the event that the CM/ECF system does not send notification of such filing to the following, undersigned counsel will serve the following via U.S. Mail:

Madison Graham Loomis
W. Shawn Murnahan
Securities & Exchange Commission
950 East Paces Ferry Rd., N.E.
Suite 900
Atlanta, GA 30326-1382

Robert J. Waddell ,Jr.
Laura Elizabeth Reinhold
McGuire Woods LLP
1230 Peachtree Street, N.E.
Suite 2100,PromenadeII
Atlanta, GA 30309

Kenneth Dante Murena
Damian & Valori, LLP
Suite 1020
1000 Brickell Avenue
Miami, FL 33131

Peter Muller
Goodman McGuffey Lindsey & Johnson, LLP
Suite 300
530 Stephenson Avenue
Savannah, GA 31405-5987


_s/ Alexander B. Feinberg_____
Of Counsel