IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION, | ) ) ) |
| Plaintiff, | ) ) |
| v. | ) ) |
| AUBREY LEE PRICE; et al | ) ) |
| Defendants, | ) ) ) | Civil Action No. 1:12-cv-2296-TCB |
| HOUSEHOLD LIFE INSURANCE COMPANY | ) ) ) ) |
| Intervention Plaintiff, | ) ) |
| v. | ) ) |
| MELANIE E. DAMIAN, in her capacity as Receiver, | ) ) ) |
| Intervention Defendant. | ) |

**EMERGENCY MOTION TO INTERVENE TO SUE RECEIVER AND TO STAY RULING ON RECEIVER'S MOTION TO APPROVE INITIAL PLAN OF DISTRIBUTION (DOC NO. 114) AND MEMORANDUM OF LAW IN SUPPORT THEREOF**

Proposed Intervenor Household Life Insurance Company ("Intervenor" or "Household"), pursuant to Rule 24 of the Federal Rules of Civil Procedure, files this Motion and supporting Memorandum ("Motion") and hereby moves this

Honorable Court to: (1) permit Household to intervene in this action and sue Melanie E. Damian, as receiver ("Receiver"), for the claims set forth in its proposed Complaint in Intervention, attached hereto as Exhibit A, and (2) stay ruling on the Receiver's Motion to Approve (A) Investors and Creditors Claims Procedure and (B) Initial Plan of Distribution (Doc. No. 114), and on any other request by the Receiver that involves the distribution or disbursement of the Receivership Assets, pending final resolution of Household's Motion and the claims set forth in its proposed Complaint in Intervention.

## I.     BASIS FOR THE MOTION

1.     On July 2, 2012, Plaintiff, the Securities and Exchange Commission ("SEC"), filed a Complaint for Injunctive Relief against various defendants, ("Defendants"), including Aubrey Lee Price ("Price"), alleging offering and advisory fraud perpetrated against investors in two funds by Price and the other Defendants.

2.     On August 10, 2012, this Court, pursuant to the SEC's request, appointed Melanie E. Damian as receiver ("Receiver") to marshal and preserve all assets of the Defendants ("Receivership Assets") (*See* Doc. No 20 at 2).

3.     On December 31, 2012, Price was declared legally deceased by Honorable Greg S. Parker, Circuit Court Judge of the Third Judicial Circuit, Hamilton County, Florida, Case No. 2012-CA-424.

4. Following issuance of the order declaring Price legally deceased, the Receiver filed a claim seeking payment of the proceeds of Policy No. 4270711, a life insurance policy insuring Price's life (the "Policy"). (Exhibit B, Affidavit of Andrea J. Giannetta, ¶ 3). Specifically, on January 14, 2013, the Receiver notified Household that she was making a claim on the Policy and submitted the Order Granting Petition for Presumptive Death Certificate. (*Id.*). On February 4, 2013, the Receiver completed a Term Life Claim Form. (*Id.*). By its terms, the Policy only becomes payable upon Price's death.

5. Having received the Order Granting Petition for Presumptive Death Certificate and the Term Life Claim Form, Household issued two checks to the Receiver in the total amount of $543,561.64 (the "Payment") on March 8, 2013. (Giannetta Aff. ¶ 4). The Payment consisted of the Policy proceeds of $500,000.00 and interest of $43,561.64. (*Id.*).

6. On December 6, 2013, the Receiver filed a Motion to Approve (A) Investors and Creditors Claims Procedure; and (B) Initial Plan of Distribution ("Motion for Approval") (Doc. No. 114). The Motion for Approval explained that the Receiver had recovered $1,877,207.00 in cash and requested that this Court approve a claims administration process and an initial plan to distribute a portion of the Receivership Assets to certain investors and creditors of the Receivership Estate. (*Id.* at 2-3).

7. On December 17, 2013, the Receiver and the Federal Deposit Insurance Corporation ("FDIC"), as receiver for Montgomery Bank & Trust, filed a joint motion seeking to extend the time for the FDIC to respond to the Receiver's Motion for Approval. (Doc. No. 116).

8. On December 19, 2013, this Court granted the joint motion, giving the FDIC until January 21, 2014 to respond to the Motion for Approval. (Doc. No. 119).

9. Given that this Court could, upon receipt of the FDIC's Motion on January 21, 2014, enter an order granting the Receiver's Motion for Approval, Household is filing this Motion on an emergency basis in order to prevent the Payment from being distributed to investors and creditors of the Receivership Estate.

10. On December 31, 2013, Price was discovered alive and arrested during a traffic stop on Interstate 95 in Glynn County, Georgia.

11. On January 10, 2014, Household's in-house counsel contacted counsel for the Receiver by telephone and requested that the Receiver return the Payment in full. (Giannetta Aff. ¶ 5). The Receiver's counsel informed Household's in-house counsel that the Receiver would not return the Payment to Household. (*Id.*).

12. Household's obligation to make the Payment could only arise upon the death of Price, the insured. Given that Price is alive, the Payment is not

properly a part of the Receivership Assets. Household is entitled to and hereby seeks to recover the Payment from the Receiver.

13. Because Household holds a property interest that is subject, as a practical matter, to being impaired or impeded by the outcome of this action and that is not adequately represented by either of the existing parties, Household may intervene in this case as a matter of right pursuant to Rule 24(a)(2) of the Federal Rules of Civil Procedure. Alternatively, Household should be granted permission to intervene under Rule 24(b)(2) because the claims set forth in its proposed Complaint in Intervention share at least one common question of law or fact with the main action—whether the Payment is properly part of the Receivership Estate. Accordingly, for the reasons set forth below and in the proposed Complaint in Intervention, Household should be permitted to intervene in this action and assert claims against the Receiver.

14. Moreover, given Household's interest in the Payment which is currently being held as part of the Receivership Assets, this Court should stay ruling on any request by the Receiver that involves the distribution or disbursement of the Receivership Assets pending final resolution of Household's Motion and the claims set forth in its proposed Complaint in Intervention.

## II.    MEMORANDUM OF LAW IN SUPPORT OF MOTION TO INTERVENE TO SUE RECEIVER AND TO STAY

### A.    HOUSEHOLD IS ENTITLED TO INTERVENE PURSUANT TO RULE 24(A)(2).

15. Because Household is entitled to a refund of the Payment that is currently being treated as part of the Receivership Assets, Household is entitled to intervene in this action pursuant to Rule 24(a)(2). This rule provides that "[o]n timely motion, the Court must permit anyone to intervene who . . . claims an interest relating to the property or transaction which is the subject of the action, and is so situated that disposing of the action may as a practical matter impair or impede the movant's ability to protect its interest, unless existing parties adequately represent that interest." Fed. R. Civ. P. 24(a)(2).

16. Under Eleventh Circuit law, "a party seeking to intervene under Rule 24(a)(2) must show: (1) that the intervention application is timely; (2) that an interest exists relating to the property or transaction which is the subject of the action; (3) that disposition of the action, as a practical matter, may impede or impair the ability to protect that interest; and (4) the existing parties to the lawsuit inadequately represent the interests." *TIG Specialty Ins. Co. v. Financial Web.com, Inc.*, 208 F.R.D. 336, 337 (M.D. Fla. 2002) (quoting *Federal Savings and Loan Ins. Corp. v. Falls Chase Special Taxing District*, 983 F.2d 211, 215 (11th Cir. 1993)). "[A] party is entitled to intervention as a matter of right if the

party's interest in the subject matter of the litigation is direct, substantial, and legally protectable." *Georgia v. U.S. Army Corps. of Eng'rs*, 302 F.3d 1242, 1249 (11th Cir. 2002). If each of the four requirements is met, the court must allow the party to intervene in the action. *See id.* As more fully described below, all four elements are satisfied in this case.

### 1. Household's Motion is Timely.

17. Because Household is presenting this Motion promptly after learning that Price is alive, and that the Receiver is therefore not entitled to the Payment, Household's Motion is timely. In resolving motions to intervene, "it has long been held that the determination of timeliness is a matter committed to the sound discretion of the trial court." *McDonald v. E.J. Lavino Co.*, 430 F.2d 1065, 1071 (5th Cir. 1970). "[T]imeliness is not a word of exactitude or of precisely measurable dimensions. The requirement of timeliness must have accommodating flexibility toward both the court and the litigants if it is to be successfully employed to regulate intervention in the interest of justice." *Georgia*, 302 F.3d at 1259 (internal citations omitted). The Eleventh Circuit sets forth "four factors that [a court] must . . . consider . . . in passing on the timeliness of a petition for leave to intervene." *U.S. v. DeKalb County, Ga.*, No. 1:10-cv-4039-WSD, 2011 WL 6369569, at *6 (N.D. Ga. Oct. 11, 2011) (quoting *Stallworth v. Monsanto Co.*, 558 F.2d 257, 264 (5th Cir. 1977)). These factors are: "(1) the length of time during

which the would-be intervenor actually knew or reasonably should have known of his interest in the case before he petitioned for leave to intervene; (2) the extent of the prejudice that the existing parties to the litigation may suffer as a result of the would-be intervenor's failure to apply for intervention as soon as he actually knew or reasonably should have known of his interest in the case; (3) the extent of the prejudice that the would-be intervenor may suffer if his petition for leave to intervene is denied; and (4) the existence of unusual circumstances militating either for or against a determination that the application is timely." *Id.*

18. In this case, Household's Motion is timely because it intervened within *two (2) weeks* of learning that Price was alive and within *eleven (11) days* of learning that the Receiver would not voluntarily return the Payment to Household. This time span is well within acceptable limits. *See Georgia*, 302 F.3d at 1259 (six-month delay not untimely, even when discovery had already been completed); *Chiles v. Thornburgh*, 865 F.2d 1197, 1213 (11th Cir. 1989) (seven-month delay not untimely, even when motion to dismiss had already been decided). Moreover, no response to Plaintiff's Motion for Approval has been filed nor has a hearing been set on the Motion for Approval. Because Household promptly filed this Motion to Intervene after becoming aware that it was entitled to a refund of the Payment, and because Household would suffer serious prejudice if its Motion is denied, the Motion is timely.

## 2. Household Has an Interest in This Case, and Its Ability to Protect That Interest Would Be Impaired and Impeded if it Does Not Intervene.

19. Because Household is entitled to a refund of the Payment that is currently being held by the Receiver with the intention of being distributed to investors and creditors of the Receivership Estate or otherwise disposed of in accordance with the Receiver's duties, Household clearly has an interest in the subject matter of this case. Rule 24(a)(2) requires that a proposed intervenor have a "direct, substantial, and legally protectable" interest in the proceeding. *Georgia*, 302 F.3d at 1249. The related requirement under this rule is that "the applicant must be so situated that disposition of the action, as a practical matter, may impede or impair the ability to protect that interest." *See* Fed. R. Civ. P. 24(a)(2); *see also Mt. Hawley Ins. Co. v. Sandy Lake Properties, Inc.,* 425 F.3d 1308, 1310-11 (11th Cir. 2005). This means that the proposed intervenor must have an interest that the "law recognizes as belonging to or being owned by the applicant." *Id.* at 1311 (quotation marks and citation omitted). In this regard, the Court's inquiry "is a flexible one, which focuses on the particular facts and circumstances surrounding each motion for intervention." *See Chiles,* 865 F.2d at 1214 (quotation marks, brackets, and citations omitted).

20. Here there can be no doubt that Household has a protectable interest in this litigation. The Payment, which Household is entitled to have returned to it,

is currently part of the Receivership Assets, which the Receiver either has or will seek to distribute to investors and creditors of the Receivership Estate or otherwise dispose of in accordance with her duties as Receiver. There is, therefore, no doubt that "disposition of the action, as a practical matter, may impede or impair the ability" of Household to recover the Payment. Consequently, Household must have the right to intervene and participate in this litigation.

### 3. Household's Interests Are Not Represented Adequately by the Existing Parties to the Suit.

21. Finally, intervention is appropriate because Household cannot rely upon the existing parties to this civil action to represent its interests in the subject matter of the litigation. The requirement that an intervenor is inadequately represented by existing parties "is satisfied if the applicant shows that representation of his interest 'may be' inadequate; and the burden of making that showing should be treated as minimal." *Clark v. Putnam Cnty.*, 168 F.3d 458, 461 (11th Cir. 1999) (quoting *Trbovich v. United Mine Workers of America*, 404 U.S. 528, 538 n.10 (1972)). Courts in the Eleventh Circuit only deny intervention as of right on this ground when there is an identity of interest between the intervening party and an existing party. *See, e.g., United States v. City of Miami*, 278 F.3d 1174, 1178–79 (11th Cir. 2002) (finding that the United States of America's interest in the litigation was identical to a police officer's association); *Athens*

*Lumber Co. v. FEC*, 690 F.2d 1364, 1367 (11th Cir. 1982) (denying intervention because a union and the defendant "both have precisely the same objective").

22.  In this case, there is no identity of interest between Household and the current parties to this litigation. No party currently seeks to protect or enforce Household's interest in the Payment and its right to a refund of the Payment. Therefore, it is necessary for Household to intervene in order to protect its interests in this action.

**B.  ALTERNATIVELY, HOUSEHOLD SHOULD BE PERMITTED TO INTERVENE PURSUANT TO RULE 24(B)(2).**

23.  Household also satisfies the requirements for permissive intervention under Rule 24(b)(2). A party seeking to intervene under Rule 24(b)(2) must show that: (1) his application to intervene is timely; and (2) his claim or defense and the main action have a question of law or fact in common. *Watkins v. Vestil Mfg. Corp.*, 72 Fed. R. Serv. 3d 147 (N.D. Ga. 2008) (citing *Chiles,* 865 F.2d at 1213).

24.  As set forth in section II(A)(1), *supra*, Household's motion is timely. In addition, the claims Household seeks to assert against the Receiver share at least one common question of law and fact with the main action—whether or not whether the Payment is properly part of the Receivership Estate. For this reason, Household should be permitted to intervene pursuant to Rule 24(b)(2).

## C.  A STAY IS APPROPRIATE PENDING RESOLUTION OF HOUSEHOLD'S MOTION TO INTERVENE AND PROPOSED COMPLAINT IN INTERVENTION.

25.  Given Household's interest in the Payment which is currently being held as part of the Receivership Assets, this Court should stay ruling on any request by the Receiver that involves the distribution or disbursement of the Receivership Assets pending final resolution of Household's motion to intervene and the claims set forth in its proposed Complaint in Intervention.

## III.  CONCLUSION

26.  Intervention will permit Household to ensure that its interests in the Payment are adequately protected, without prejudicing the rights of any of the existing parties.  The Court should therefore grant Household's motion to intervene.  Furthermore, a stay of any rulings on any request by the Receiver that involves the distribution or disbursement of the Receivership Assets pending final resolution of Household's motion to intervene and the claims set forth in its proposed Complaint in Intervention should be entered in order to afford Household the opportunity to protects its interests in the Payment.

**WHEREFORE**, **PREMISES CONSIDERED,** Household respectfully requests that this Court grant it permission to intervene in this action and sue Melanie E. Damian, as Receiver, and that this Court stay ruling on the Receiver's Motion to Approve (A) Investors and Creditors Claims Procedure and (B) Initial

Plan of Distribution (Doc. No. 114), and on any other request by the Receiver that involves the distribution or disbursement of the Receivership Assets, pending final resolution of Household's Motion and the claims set forth in its proposed Complaint in Intervention.

Dated January 21, 2014                     Respectfully submitted,

*s/ Alexander B. Feinberg*
Alexander B. Feinberg
Georgia Bar No. 956505
Christopher C. Frost
Georgia Bar No.  101084
John A. Little, Jr.
Georgia Bar No.  528483


**MAYNARD, COOPER & GALE, P.C.**
1901 Sixth Avenue North
2400 Regions Harbert Plaza
Birmingham, AL 35203
Telephone: 205-254-1160
Facsimile: 205-254-1999

*Attorneys for Intervening Party Household Life Insurance Company*

# CERTIFICATE OF SERVICE

I hereby certify that on this 21st day of January, 2014, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system. In the event that the CM/ECF system does not send notification of such filing to the following, undersigned counsel will serve the following via U.S. Mail:

Madison Graham Loomis
W. Shawn Murnahan
Securities & Exchange Commission
950 East Paces Ferry Rd., N.E.
Suite 900
Atlanta, GA 30326-1382

Robert J. Waddell, Jr.
Laura Elizabeth Reinhold
McGuire Woods LLP
1230 Peachtree Street, N.E.
Suite 2100, Promenade II
Atlanta, GA 30309

Kenneth Dante Murena
Damian& Valori, LLP
Suite 1020
1000 Brickell Avenue
Miami, FL 33131

Peter Muller
Goodman McGuffey Lindsey & Johnson, LLP
Suite 300
530 Stephenson Avenue
Savannah, GA 31405-5987

                                                *s/ Alexander B. Feinberg*
                                                Of Counsel