# EXHIBIT A

## -TO-

## HOUSEHOLD LIFE INSURANCE COMPANY'S EMERGENCY MOTION TO INTERVENE TO SUE RECEIVER AND TO STAY RULING ON RECEIVER'S MOTION TO APPROVE INITIAL PLAN OF DISTRIBUTION (DOC. 114) AND MEMORANDUM OF LAW IN SUPPORT THEREOF

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| SECURITIES AND EXCHANGE COMMISSION, | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | |
| AUBREY LEE PRICE; et al | ) ) | |
| Defendants, | ) ) | Civil Action No. 1:12-cv-2296-TCB |
| HOUSEHOLD LIFE INSURANCE COMPANY | ) ) ) ) | |
| Intervention Plaintiff, | ) ) | |
| v. | ) ) | |
| MELANIE E. DAMIAN, in her capacity as Receiver, | ) ) ) | |
| Intervention Defendant. | ) | |

**COMPLAINT IN INTERVENTION**

**COMES NOW** Household Life Insurance Company ("Household"), Intervention Plaintiff, and for its Complaint in Intervention against Melanie E. Damian, in her capacity as Receiver, ("Receiver") states as follows:

1

## PARTIES, JURISDICTION AND VENUE

1.     Household is a corporation organized and existing under the laws of the state of Michigan, having its principal place of business in New Jersey.

2.     Upon information and belief, the Receiver is a resident of Florida.

3.     Jurisdiction is proper in this Court by virtue of 28 U.S.C. § 1367(a). This Court has jurisdiction over the main action pursuant to sections 21(d), 21(e), and 27 of the Exchange Act [15 U.S.C. §§ 78u(d), 78u(e) and 78aa] and Section 214 of the Advisers Act [15 U.S.C. § 80b-14]. This court has jurisdiction over Household's claims because those claims form part of the same case or controversy as the main action.

## FACTUAL ALLEGATIONS

4.     In 2009, Price purchased from Household Policy 4270711, a $500,000 life insurance policy ("Policy") payable upon Price's death.

5.     On July 2, 2012, the Securities and Exchange Commission ("SEC") filed a Complaint for Injunctive Relief against various defendants, ("Defendants"), including Aubrey Lee Price ("Price"), alleging offering and advisory fraud perpetrated against investors in two funds by Price and the other Defendants.

6. On August 10, 2012, this Court, pursuant to the SEC's request, appointed the Receiver to marshal and preserve all assets of the Defendants ("Receivership Assets") (*See* Doc. No 20 at 2).

7. On December 31, 2012, Price was declared legally deceased by Honorable Greg S. Parker, Circuit Court Judge of the Third Judicial Circuit, Hamilton County, Florida, Case No. 2012-CA-424.

8. Following issuance of the order declaring Price legally deceased, the Receiver filed a claim seeking payment of the proceeds. Specifically, on January 14, 2013, the Receiver notified Household that she was making a claim on the Policy and submitted the Order Granting Petition for Presumptive Death Certificate. On February 4, 2013, the Receiver completed a Term Life Claim Form.

9. Having received the Order Granting Petition for Presumptive Death Certificate and the Term Life Claim Form, Household issued two checks to the Receiver in the total amount of $543,561.64 (the "Payment") on March 8, 2013. The Payment consisted of the Policy proceeds of $500,000.00 and interest of $43,561.64.

10. On December 6, 2013, the Receiver filed a Motion to Approve (A) Investors and Creditors Claims Procedure; and (B) Initial Plan of Distribution ("Motion for Approval") (Doc. No. 114). The Motion for Approval explained that

3

the Receiver had recovered $1,877,207.00 in cash and requested that this Court approve a claims administration process and an initial plan to distribute a portion of the Receivership Assets to certain investors and creditors of the Receivership Estate. (*Id.* at 2-3).

11.     On December 17, 2013, the Receiver and the Federal Deposit Insurance Corporation ("FDIC"), as receiver for Montgomery Bank & Trust, filed a joint motion seeking to extend the time for the FDIC to respond to the Receiver's Motion for Approval. (Doc. No. 116).

12.     On December 19, 2013, this Court granted the joint motion, giving the FDIC until January 21, 2014 to respond to the Motion for Approval. (Doc. No. 119).

13.     On December 31, 2013, Price was discovered alive and arrested during a traffic stop on Interstate 95 in Glynn County, Georgia.

14.     On January 10, 2014, Household's in-house counsel contacted counsel for the Receiver by telephone and requested that the Receiver return the Payment in full. The Receiver's counsel informed Household's in-house counsel that the Receiver would not return the Payment to Household.

15.     Household's obligation to make the Payment could only arise upon the death of Price, the insured. Given that Price is alive, the Payment is not

4

properly a part of the Receivership Assets. Household is entitled to and hereby seeks to recover the Payment from the Receiver.

## COUNT I – DECLARATORY JUDGMENT

16. Household realleges and incorporates by reference the allegations of paragraphs 1 through 15 as if fully set forth herein.

17. Household's obligation to make the Payment could only arise upon the death of Price, the insured, and Household made the Payment based upon the receipt of documentation indicating that Price had died. Because Price is alive, the Payment is not properly part of the Receivership Assets and should be returned to Household.

**WHEREFORE, PREMISES CONSIDERED**, Household respectfully requests that this Court enter an order declaring that 1) the Payment is not properly part of the Receivership Assets, and 2) that the Receiver is obligated to return the Payment or otherwise pay to Household an amount equal to the Payment.

## COUNT II – MONEY HAD AND RECEIVED

18. Household realleges and incorporates by reference the allegations of paragraphs 1 through 15 as if fully set forth herein.

19. Household, after receiving documentation indicating that Price was deceased, made the Payment to the Receiver.

5

20. Because Price is alive, the Receiver now holds money, which in equity and good conscience, she should not be permitted to retain.

21. Household has requested return of the Payment, but the Receiver has refused to return it.

**WHEREFORE, PREMISES CONSIDERED**, Household respectfully requests that this Court enter judgment in its favor for $543,561.64 in compensatory damages, plus interest, costs, attorneys' fees, and any other relief to which Household is justly entitled.

### COUNT III – CONVERSION

22. Household realleges and incorporates by reference the allegations of paragraphs 1 through 15 as if fully set forth herein.

23. Because Price is alive, Household has a right to possession of the Payment it previously made to the Receiver after receiving documentation indicating that Price was deceased.

24. The Receiver has possession of the Payment, which was specifically earmarked as the proceeds, premium refund, and interest payable upon the death of Price.

25. Household has requested the return of the Payment, but the Receiver has refused to return it.

**WHEREFORE, PREMISES CONSIDERED**, Household respectfully requests that this Court enter judgment in its favor for $543,561.64 in compensatory damages, plus interest, costs, attorneys' fees, and any other relief to which Household is justly entitled.

Dated January 21, 2014.            Respectfully submitted,

*s/ Alexander B. Feinberg*
Alexander B. Feinberg
Georgia Bar No. 956505
Christopher C. Frost
Georgia Bar No. 101084
John A. Little, Jr.
Georgia Bar No. 528483

**MAYNARD, COOPER & GALE, P.C.**
1901 Sixth Avenue North
2400 Regions Harbert Plaza
Birmingham, AL 35203
Telephone: 205-254-1160
Facsimile: 205-254-1999

*Attorneys for Intervening Party
Household Life Insurance Company*

## CERTIFICATE OF SERVICE

    I hereby certify that on this 21st day of January, 2014, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system. In the event that the CM/ECF system does not send notification of such filing to the following, undersigned counsel will serve the following via U.S. Mail:

Madison Graham Loomis
W. Shawn Murnahan
Securities & Exchange Commission
950 East Paces Ferry Rd., N.E.
Suite 900
Atlanta, GA 30326-1382

Robert J. Waddell, Jr.
Laura Elizabeth Reinhold
McGuire Woods LLP
1230 Peachtree Street, N.E.
Suite 2100, Promenade II
Atlanta, GA 30309

Kenneth Dante Murena
Damian& Valori, LLP
Suite 1020
1000BrickellAvenue
Miami, FL 33131

Peter Muller
Goodman McGuffey Lindsey & Johnson, LLP
Suite 300
530 Stephenson Avenue
Savannah, GA 31405-5987

                                                   *s/ Alexander B. Feinberg*
                                                   Of Counsel