IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

SECURITIES AND EXCHANGE COMMISSION,

Plaintiff,

v.

CASE NO. 1:12-CV-2296 TCB

AUBREY LEE PRICE *et al.*,

Defendants.

GENWORTH LIFE INSURANCE COMPANY

Plaintiff in Intervention,

v.

MELANIE DAMIAN,
in her capacity as Receiver,

Defendant in Intervention.

_________________________________/

**GENWORTH LIFE INSURANCE COMPANY'S EMERGENCY MOTION TO INTERVENE AND SUE THE RECEIVER AND TO STAY THE RECEIVER'S MOTION TO APPROVE (A) INVESTORS AND CREDITORS CLAIMS PROCEDURE; AND (B) INITIAL PLAN OF DISTRIBUTION**

Genworth Life Insurance Company ("Genworth") hereby moves to Intervene and to Stay the Receiver's Motion to Approve (A) Investors and

Creditors Claims Procedure; and (B) Initial Plan of Distribution (D.E. 114). In support of its Motion, Genworth states the following[1]:

1. Aubrey Lee Price ("Price"), was 45 years old and resided at 4616 Rainwood Circle, Valdosta, Georgia 31602 on June 16, 2012. On or about June 16, 2012, Price disappeared after last being seen boarding a commuter boat.

2. After a search, Price was declared missing at sea and was presumed dead.

3. Approximately six months after Price disappeared, the Honorable Greg S. Parker, Circuit Court Judge, Third Judicial Circuit, Hamilton County, Florida, Case No. 2012-CA-424, declared Price legally deceased.

4. Thereafter, the Securities and Exchange Commission filed suit against Aubrey Lee Price; PFG, LLC; PFGBI, LLC; Montgomery Asset Management, LLC f/k/a PFG Asset Management, LLC; and Montgomery Asset Management, LLC (Florida limited liability company) f/k/a PFG Asset Management, LLC (Georgia limited liability company) alleging violations of the Securities Exchange Act of 1934 and the Investment Advisers Act of 1940 based on the scheme Price orchestrated to defraud investors.

[1] For a full recitation of the facts, see Genworth Life Insurance Company's Memorandum of Law in support of this Emergency Motion to Intervene and Sue the Receiver and to Stay the Receiver's Motion to Approve (A) Investors and Creditors Claims Procedure; and (B) Initial Plan of Distribution.

5. Upon motion by the SEC to appoint a receiver in the instant action, the Court appointed Melanie Damian of Damian & Valori, LLP to serve without bond as Receiver for the estates of the Receivership Defendants in order to marshal and preserve Defendants' assets.

6. Receiver's counsel subsequently sent a letter to Genworth regarding the life insurance policy of Price, Policy No. 0010008910 ("Policy"), requesting that Genworth change the owner of the policy to Melanie Damian, as Receiver of the Estate of Aubrey Lee Price and asking for all necessary forms to effect the change of ownership.

7. After ownership changed, the Receiver completed Genworth's Proof of loss claimant statement on January 14, 2013, and submitted Price's Presumptive Death Certificate. In addition, on January 14, 2013, Receiver's special insurance counsel sent Genworth a letter giving formal notice of a claim in the amount of $1,000,000 plus any unused premium.

8. On January 29, 2013, Genworth paid the death benefits under the Policy, totaling $1,038,414.48—the face value of the Policy plus interest and refund of premium—to the Receiver after receiving all required documentation.

9. On December 6, 2013, the Receiver filed the Receiver's Motion to Approve (A) Investors and Creditors Claims Procedure; and (B) Initial Plan of

Distribution. (D.E. 114). The Motion specified that the Receiver had recovered $1,877,207 in cash and requested that the Court approve a claims administration process and initial plan of distribution of the assets.

10. On December 31, 2013, Price was arrested pursuant to a routine traffic stop. At that time, it became apparent that Price had faked his death.

11. On January 7, 2014, Genworth sent a facsimile and a letter to Receiver's counsel demanding return of the funds due to Price's fraud and faked death that were paid to the Receiver and seeking a report from the Receiver concerning any information required to facilitate repayment of the proceeds of the Policy to Genworth. Genworth has received no response.

12. Subsequently, Intervenor's Florida counsel attempted to contact Receiver's counsel to no avail. Receiver's counsel has not yet responded to Genworth's demand for repayment of its funds. Genworth's obligation to pay the proceeds under the Policy only arose if Price was in fact dead.

13. Because Genworth possesses a property interest that will be impeded or impaired by the outcome of this litigation as set forth in the attached Proposed Complaint (Ex. "A"), and Genworth's interests are inadequately protected by the existing parties to the suit, Genworth can intervene as of right pursuant to Rule 24(a)(2) of the Federal Rules of Civil Procedure. In the alternative, the Court

should permit Genworth to intervene pursuant to Rule 24(b) of the Federal Rules of Civil Procedure.

14. The Court should also defer ruling on the Receiver's Motion to Approve (A) Investors and Creditors Claims Procedure; and (b) Initial Plan of Distribution.

WHEREFORE, Genworth hereby moves that this honorable Court grant its Emergency Motion to Intervene and Sue the Receiver and to Stay the Receiver's Motion to Approve (A) Investors and Creditors Claims Procedure; and (B) Initial Plan of Distribution. As fully set forth in its Memorandum of Law, Genworth is entitled to intervene as of right because this motion is timely filed; Genworth has a direct and immediate interest in the exact funds the Receiver seeks to distribute; disposition of the Receivership assets will make it impossible for Genworth to recover its funds; and Genworth's interests are adverse to the existing parties to the suit. Moreover, Genworth is entitled to permissively intervene if it is not entitled to intervene as of right because this motion was timely filed and Genworth seeks to assert common questions of law or fact by claiming the Receivership assets that are the subject of the underlying lawsuit.

This 22nd day of January, 2014.

*s/ David J. Forestner*
David J. Forestner
Georgia Bar No. 269177
Carlton Fields Jorden Burt, P.A.
One Atlantic Center, Suite 3000
1201 W. Peachtree Street
Atlanta, GA 30309
Phone: 404-815-3400
Fax: 404-815-3415
Email: dforestner@cfjblaw.com

And

Raul Cuervo
Carlton Fields Jorden Burt, P.A.
Miami Tower
100 S.E. Second Street, Suite 4200
Miami, FL 33131-2113
Phone: 305-530-0050
Fax: 305-530-0055
Email: rcuervo@cfjblaw.com

***Attorneys for Plaintiff in Intervention Genworth Life Insurance Company***

**LOCAL RUL 5.1(C), CERTIFICATION**

Pursuant to Local Rule 5.1(C), I hereby certify that the foregoing has been prepared with Times New Roman, 14 point.

*/s/ David J. Forestner*
David M. Forestner

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF GEORGIA**
**ATLANTA DIVISION**

SECURITIES AND EXCHANGE COMMISSION,

Plaintiff,

CASE NO. 1:12-CV-2296 TCB

v.

AUBREY LEE PRICE *et al.*,

Defendants.

GENWORTH LIFE INSURANCE COMPANY

Plaintiff in Intervention,

v.

MELANIE DAMIAN, in her capacity as Receiver,

Defendant in Intervention.

______________________________/

## CERTIFICATE OF SERVICE

I hereby certify that I have this date served a true and correct copy of *Genworth Life Insurance Company's Emergency Motion To Intervene And Sue The Receiver And To Stay The Receiver's Motion To Approve (A) Investors And Creditors Claims Procedure; And (B) Initial Plan Of Distribution* on Opposing

Counsel, By Electronic Mail And By Depositing A copy of same in the United States Mail, adequate postage affixed thereon, addressed to:

Madison Graham Loomis
W. Shawn Murnahan
Securities & Exchange Commission
950 East Paces Ferry Road, N.E., Suite 900
Atlanta, GA 30326-1382

Robert J. Waddell, Jr.
Laura Elizabeth Reinhold
McGuire Woods, LLP
1230 Peachtree Street, N.E.
Suite 2100, Promenade II
Atlanta, GA 30309

Kenneth Dante Murena
Damian & Valori, LLP
1000 Brickell Avenue, Suite 1020
Miami, FL 33131

Peter Muller
Goodman McGuffey Lindsey & Johnson, LLP
530 Stephenson Avenue, Suite 300
Savannah, GA 31405-5987

Alexander B. Feinberg
Christopher C. Frost
John A. Little, Jr.
Maynard, Cooper & Gale, P.C.
1901 Sixth Avenue North
2400 Regions Harbert Plaza
Birmingham, AL 35203

This 22nd day of January, 2014.

/s/ David J. Forestner
David J. Forestner
Georgia Bar No. 269177
Carlton Fields Jorden Burt, P.A.
One Atlantic Center, Suite 3000
1201 W. Peachtree Street, NW
Atlanta, GA 30309

***Attorneys for Plaintiff in Intervention Genworth Life Insurance Company***