# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

SECURITIES AND EXCHANGE
COMMISSION,

     Plaintiff,                   CASE NO. 1:12-CV-2296 TCB

v.

AUBREY LEE PRICE *et al.*,

     Defendants.


GENWORTH LIFE
INSURANCE COMPANY

     Plaintiff in Intervention,

v.

MELANIE DAMIAN,
in her capacity as Receiver,

     Defendant in Intervention.

_____/


## COMPLAINT IN INTERVENTION

    **COMES NOW** Genworth Life Insurance Company ("Genworth"),

Intervention Plaintiff, and for its complaint in Intervention against Melanie E.

Damian, in her capacity as Receiver ("Receiver"), states as follows:

## PARTIES, JURISDICTION AND VENUE

1.      Genworth is a corporation organized and existing under the laws of the State of Delaware, having its principal place of business in Virginia.

2.      Upon information and belief, Receiver is a resident of Florida.

3.      Jurisdiction is proper in this Court by virtue of 28 U.S.C. § 1367(a). This Court has jurisdiction over the main action pursuant to sections 21(d), 21(e), and 27 of the Exchange Act [15 U.S.C. §§ 78u(d)-(e) and 78aa] and Section 214 of the Advisers Act [15 U.S.C. § 80b-14].   This Court has jurisdiction over Genworth's claims because such claims form part of the same case or controversy as the main action.

## FACTUAL ALLEGATIONS

4.      Upon information and belief, Aubrey Lee Price ("Price"), was 45 years old and resided at 4616 Rainwood Circle, Valdosta, Georgia 31602, on June 16, 2012. Upon information and belief, on or about June 16, 2012, Aubrey Lee Price disappeared after last being seen boarding a commuter boat, the Key West Express, that travels from Northern Florida to the Florida Keys.

5.      Upon information and belief, Price was seen buying dive weights shortly before he boarded the Key West Express.

6.    Upon information and belief, the U.S. Coast Guard, the FBI, and the Lowndes County Sheriff's Office, among other authorities, conducted a search for Price, but did not locate him.

7.    Upon information and belief, Price was subsequently declared missing at sea and presumed dead.

8.    Upon information and belief, shortly after Price disappeared, his father-in-law received letters written by Price to his loved ones evidencing his intent to commit suicide on the Key West Express.

9.    On December 31, 2012, approximately six months after Price disappeared, after an evidentiary hearing, the Honorable Greg S. Parker, Circuit Court Judge, Third Judicial Circuit, Hamilton County Florida, Case No. 2012-CA-424, declared Price legally deceased.

10.   Thereafter, the Securities and Exchange Commission ("SEC") filed suit against Aubrey Lee Price; PFG, LLC; PFGBI, LLC; Montgomery Asset Management, LLC f/k/a PFG Asset Management, LLC; and Montgomery Asset Management, LLC (Florida limited liability company) f/k/a PFG Asset Management, LLC (Georgia limited liability company) alleging violations of the Securities Exchange Act of 1934 and the Investment Advisers Act of 1940 based on the scheme Price orchestrated to defraud investors.

3

11.     Upon motion by the SEC to appoint a receiver in the instant action, the Court appointed Melanie Damian of Damian & Valori, LLP to serve without bond as receiver for the estates of the Receivership Defendants to marshal and preserve Defendants assets.

12.     Kenneth Dante Murena also of Damian & Valori, LLP represents the Receiver, Melanie Damian.

13.     On September 21, 2012, Mr. Murena sent Genworth a letter stating that he represented Ms. Damian and that as receiver, she was now the owner of Policy No. 0010008910 ("Policy"), a life insurance policy on the life of Price.  Mr. Murena requested that Genworth change the owner of the Policy to Melanie E. Damian, as Receiver of the Estate of Aubrey Lee Price, and to provide all necessary forms to effect the change of ownership of Price's life insurance policy.

14.     As Receiver, Melanie Damian faxed Genworth a completed Ownership and beneficiary designation request for life insurance policies form on October 11, 2012.

15.     On October 26, 2012, Genworth sent a facsimile and a letter to Mr. Murena clarifying that the change of ownership form specifies that a change in ownership revokes all third party changes, all revocable beneficiary designations, and all prior settlement options and that the new owner becomes the beneficiary

4

unless a beneficiary is designated on the form. The letter also stated that Rebekah Lynn Price was the previous beneficiary and a new form was enclosed in the event the Receiver or her counsel intended to reinstate Rebekah Lynn Price as the beneficiary.

16.    Receiver, Melanie Damian, completed Genworth's Proof of Loss claimant statement on January 14, 2013 and submitted Price's Presumptive of Death Certificate.

17.    Also on January 14, 2013, special insurance coverage counsel, Jason Mazer, who also represents the receiver, submitted a letter giving formal notice to Genworth of a claim in the amount of $1,000,000 plus any unused premium.

18.    On January 29, 2013, Genworth paid the death benefits under the Policy, totaling $1,038,414.48—the face value of the Policy plus interest and refund of premium—to the Receiver, Melanie Damian after receiving all the required documentation. (D.E. 66).

19.    On December 6, 2013, the Receiver filed the Receiver's Motion to Approve (A) Investors and Creditors Claims Procedure; and (B) Initial Plan of Distribution. (D.E. 114).  The Motion specified that the Receiver had recovered $1,877,207.00 in cash and requested that the Court approve a claims administration process and initial plan of distribution of the assets.

20.    On December 31, 2013, Price was arrested pursuant to a routine traffic stop. At that time, it became apparent that Price had faked his own death.

21.    On January 7, 2014, Genworth sent a facsimile and a letter to Mr. Mazer requesting return of the funds due to Price's fraud and faked death that were paid to the Receiver and seeking a report from the Receiver concerning any information required from Genworth to facilitate repayment of the proceeds of the Policy.  Genworth has received no response.

22.    Subsequently, Genworth's Florida counsel attempted to contact Receiver's counsel to no avail.  Receiver's counsel has not yet responded to Genworth's demand for repayment of the Genworth funds.  Genworth's obligation to pay the proceeds under the Policy arose only in the event that Price was in fact dead.

## COUNT I – UNJUST ENRICHMENT

23.    Genworth realleges and incorporates by reference the allegations of paragraphs 1 through 22 as if fully set forth herein.

24.    On January 29, 2013, after receiving the Order Granting Petition for Presumptive Death Certificate and the claim forms submitted by Receiver, Genworth conferred a benefit on the Receiver, by paying the Policy proceeds, interest, and refund of premium.

25.     As shown in the Receiver's Second Status Report [D.E. 66 at p. 11], Receiver was fully aware that the payment was recovered and accepted pursuant to Receiver's claim against the Policy.

26.     In addition to Receiver's acknowledgment of the recovery and acceptance of the payment in the Second Status Report, Receiver further acknowledges the recovery and continued possession of the payment in the Third Status Report [D.E. 80 at p. 9], Fourth Status Report [D.E. 94 at p. 11], and Fifth Status Report [D.E. 111 at p. 13].

27.     Because Price is still alive and Genworth was obligated to make the payments only upon Price's death, it would be inequitable for the Receiver to retain the benefit.

28.     As a result of the unjust enrichment of Receiver, Genworth has sustained damages in the amount of $1,038,414.48.

WHEREFORE, Plaintiff Genworth respectfully requests that this Court enter judgment in its favor for $1,038,414.48 in compensatory damages, plus interest, costs, attorneys' fees, and any other relief to which Genworth is justly entitled.

## COUNT II – MONEY HAD AND RECEIVED

29.     Genworth realleges and incorporates by reference the allegations of paragraphs 1 through 22 as if fully set forth herein.

30.     On January 29, 2013, pursuant Receiver's claim against the Policy, Genworth paid receiver the policy proceeds, interest, and refund of premium in an amount totaling $1,038,414.48.

31.     As shown in Receiver's Second Status Report [D.E. 66 at p. 11], Third Status Report [D.E. 80 at p. 9], Fourth Status Report [D.E. 94 at p. 11], and Fifth Status Report [D.E. 111 at p.13], Receiver received and held the money paid, which rightfully belongs to Genworth, and in good conscience should not be permitted to keep said money because Price is not deceased.

32.     On January 17, 2014, Genworth demanded in writing that Receiver return the funds.

33.     Upon information and belief, Receiver has refused to return the funds to Genworth.

34.     As a result of Receiver's actions, Genworth has sustained damages in the amount of $1,038,414.48.

WHEREFORE, Plaintiff Genworth respectfully requests that this Court enter judgment in its favor for $1,038,414.48 in compensatory damages, plus interest, costs, attorneys' fees, and any other relief to which Genworth is justly entitled.

## COUNT III -- CONVERSION

35.    Genworth realleges and incorporates by reference the allegations of paragraphs 1 through 22 as if fully set forth herein.

36.    Under the life insurance policy, Genworth's obligation to pay the death benefits could arise only upon the death of Price, and, because Price is still alive, Genworth has a right to possession of the $1,038,414.48 paid to the Receiver pursuant to Receiver's claim against the policy.

37.    Although Receiver is aware that Price is still living, Receiver has converted and retained actual possession of the money paid under the policy, which was specifically earmarked and identified in the Receiver's full summary of the receipts and disbursements of the Estate set forth in Exhibit D of the Receiver's Fifth Status Report [D.E. 111] and the SEC Standardized Fund Accounting Report attached as Exhibit A to Receiver's Fifth Interim Application for Order Authorizing Payment of Fees and Expenses of Receiver and Her Professionals [D.E. 113].

38.    On January 17, 2014, Genworth demanded in writing that Receiver return the funds that Receiver converted.

39.    Upon information and belief, Receiver has refused to return Genworth's funds.

40.    As a result of Receiver's conversion, Genworth has sustained damages in the amount of $1,038,414.48.

WHEREFORE, Plaintiff Genworth respectfully requests that this Court enter judgment in its favor for $1,038,414.48 in compensatory damages, plus interest, costs, attorneys' fees, and any other relief to which Genworth is justly entitled.

## COUNT IV– DECLARATORY JUDGMENT

41.    Genworth realleges and incorporates by reference the allegations of paragraphs 1 through 22 as if fully set forth herein.

42.    Under Price's life insurance policy, Genworth's obligation to pay the death benefits could arise only upon the death of Price.

43.    On January 29, 2013, after receiving the Order Granting Petition for Presumptive Death Certificate and the claim forms submitted by Receiver, Genworth paid to Receiver the death benefits, interest, and refund of premium in an amount totaling $1,038,414.48 under the belief that Price was deceased.

44.    However, because Price is still alive, the payment is not properly part of the receivership's assets and should be returned to Genworth.

45.    Genworth is entitled to restitution of the amount paid to the Receiver on the Policy.

WHEREFORE, Plaintiff Genworth respectfully requests that this Court enter judgment in its favor, awarding Genworth all appropriate relief, including a declaration that 1) the Payment is not properly part of the receivership assets; 2) the Receiver holds the funds paid by Genworth on the Policy in a constructive trust and that Genworth is entitled to restitution of the funds; and 3) the Receiver is obligated to return the $1,038,414.48 paid to Receiver pursuant to Receiver's claim against the Policy or otherwise pay to Genworth an amount equal to the payment.

This 22nd day of January, 2014.

*s/ David J. Forestner*
David J. Forestner
Georgia Bar No. 269177
Carlton Fields Jorden Burt, P.A.
One Atlantic Center, Suite 3000
1201 W. Peachtree Street
Atlanta, GA 30309
Phone: 404-815-3400
Fax: 404-815-3415
Email: dforestner@cfjblaw.com

And

Raul Cuervo
Carlton Fields Jorden Burt, P.A.
Miami Tower
100 S.E. Second Street, Suite 4200
Miami, FL  33131-2113
Phone: 305-530-0050
Fax: 305-530-0055
Email: rcuervo@cfjblaw.com

*Attorneys for Plaintiff in Intervention*
*Genworth Life Insurance Company*

## LOCAL RUL 5.1(C), CERTIFICATION

Pursuant to Local Rule 5.1(C), I hereby certify that the foregoing has been prepared with Times New Roman, 14 point.

*/s/ David J. Forestner*
David M. Forestner

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

SECURITIES AND EXCHANGE
COMMISSION,

      Plaintiff,                         CASE NO. 1:12-CV-2296 TCB

v.

AUBREY LEE PRICE *et al.*,

      Defendants.


GENWORTH LIFE
INSURANCE COMPANY

      Plaintiff in Intervention,

v.

MELANIE DAMIAN,
in her capacity as Receiver,

      Defendant in Intervention.

_____/

### CERTIFICATE OF SERVICE

I hereby certify that I have this date served a true and correct copy of foregoing *Complaint in Intervention* on opposing counsel, by electronic mail and by depositing a copy of same in the United States Mail, adequate postage affixed thereon, addressed to:

Madison Graham Loomis
W. Shawn Murnahan
Securities & Exchange Commission
950 East Paces Ferry Road, N.E., Suite 900
Atlanta, GA  30326-1382

Robert J. Waddell, Jr.
Laura Elizabeth Reinhold
McGuire Woods, LLP
1230 Peachtree Street, N.E.
Suite 2100, Promenade II
Atlanta, GA  30309

Kenneth Dante Murena
Damian & Valori, LLP
1000 Brickell Avenue, Suite 1020
Miami, FL  33131

Peter Muller
Goodman McGuffey Lindsey & Johnson, LLP
530 Stephenson Avenue, Suite 300
Savannah, GA  31405-5987

Alexander B. Feinberg
Christopher C. Frost
John A. Little, Jr.
Maynard, Cooper & Gale, P.C.
1901 Sixth Avenue North
2400 Regions Harbert Plaza
Birmingham, AL  35203

This 22nd day of January, 2014.

*/s/ David J. Forestner*
David J. Forestner
Georgia Bar No. 269177
Carlton Fields Jorden Burt, P.A.
One Atlantic Center, Suite 3000
1201 W. Peachtree Street, NW
Atlanta, GA 30309

***Attorneys for Plaintiff in
Intervention Genworth Life
Insurance Company***