# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
### ATLANTA DIVISION

| | | |
|---|---|---|
| **SECURITIES AND EXCHANGE COMMISSION,** | : | |
| | : | |
| **Plaintiff,** | : | **Civil Action No.** |
| | : | **1:12-cv-2296-TCB** |
| **v.** | : | |
| | : | |
| **AUBREY LEE PRICE; et al.** | : | |
| | : | |
| **Defendants.** | : | |
| | : | |
| **PROTECTIVE LIFE INSURANCE COMPANY,** | : | |
| | : | |
| **Intervention Plaintiff,** | : | |
| | : | |
| **v.** | : | |
| | : | |
| **MELANIE DAMIAN,** in her capacity as Receiver, | : | |
| | : | |
| **Intervention Defendant.** | : | |

_____/

## ANSWER, DEFENSES AND AFFIRMATIVE DEFENSES TO PROTECTIVE LIFE INSURANCE COMPANY'S <u>COMPLAINT IN INTERVENTION</u>

Melanie E. Damian, Esq., in her capacity as the court-appointed receiver (the "Receiver") of the Estate of Aubrey Lee Price, PFG, LLC, PFGBI, LLC, Montgomery Asset Management, LLC f/k/a PFG Asset Management, LLC

(Florida), and Montgomery Asset Management, LLC f/k/a PFG Asset Management, LLC (Georgia) (collectively, the "Receivership Defendants") files her answer, defenses and affirmative defenses to the Complaint in Intervention of Intervention Plaintiff Protective Life Insurance Company ("Protective"), and states:

<u>**ANSWER**</u>

**PARTIES, JURISDICTION AND VENUE**

1.     Without knowledge, therefore the Receiver denies.

2.     The Receiver admits the factual allegations set forth in Paragraph 2 of the Complaint.  To the extent Paragraph 2 makes legal conclusions and a response is necessary, the Receiver denies those conclusions.

3.     Paragraph 3 states legal conclusions, and therefore a response is not necessary.

**FACTUAL ALLEGATIONS**

4.     Without knowledge, therefore the Receiver denies.

5.     Without knowledge, therefore the Receiver denies.

6.     The Receiver admits that the Securities and Exchange Commission filed suit against Aubrey Lee Price and various entities on or about July 2, 2012. The remaining allegations refer to and characterize the allegations of the SEC's

complaint, which speak for themselves.   To the extent a response to those allegations is required, the Receiver denies those allegations.

7.     The Receiver admits the factual allegations set forth in Paragraph 7 of the Complaint.   To the extent Paragraph 7 makes legal conclusions and a response is necessary, the Receiver denies all such conclusions.

8.     The Receiver denies.

9.     The Receiver admits the factual allegations that the Receiver filed a claim under the policy and submitted the Order Granting Petition for Presumptive Death Certificate, completed Claimant's Statement for Death Benefit, and submitted Price's Death Certificate.   To the extent Paragraph 9 makes legal conclusions and a response is necessary, the Receiver denies all such conclusions. The Receiver denies all other allegations in Paragraph 9, including but not limited to the dates recited therein.

10.     The Receiver admits the factual allegation that the Receiver received a check in the amount of $251,510.32.   Otherwise, without knowledge and therefore denied.

11.     The Receiver admits that she filed a Motion to Approve Investors and Creditors Claims Procedure and the Initial Plan Distribution on or about December 6, 2013.   The remaining allegations of Paragraph 11 characterize that motion,

which speaks for itself; therefore, a response to those allegations is not necessary. To the extent a response is required, the Receiver denies those allegations.

12.    The Receiver admits that she and the Federal Deposit Insurance Corporation (the "FDIC") filed a joint motion on or about December 17, 2013. The remaining allegations of Paragraph 12 characterize that joint motion, which speaks for itself; therefore, a response to those allegations is not necessary.  To the extent a response is required, the Receiver denies those allegations.

13.    Paragraph 13 refers to and characterizes the Court's December 19, 2013 Order, which speaks for itself; therefore, a response to Paragraph 13 is not necessary.  To the extent a response is required, the Receiver denies Paragraph 13.

14.    The Receiver admits that Mr. Price was arrested on or about December 31, 2013.  The Receiver denies all other allegations.

15.    The Receiver admits that Protective sent a letter to the Receiver on or about January 10, 2014.  The remaining allegations of Paragraph 15 characterize that letter, which speaks for itself; therefore, a response to those allegations is not necessary.   To the extent a response is required, the Receiver denies those allegations.

16.    The Receiver admits that on or about January 14, 2014, the Receiver's Counsel informed Protective' s Counsel that the Receiver could not return the

4

Payment to Protective at that time.  The Receiver denies the remaining allegations in Paragraph 16.

17.    The Receiver denies.

## COUNT I – DECLARATORY JUDGMENT

18.    *See* prior responses to Paragraphs 1 through 17, incorporated herein.

19.    The Receiver denies.

The Receiver denies that Protective is entitled to any relief requested in the WHEREFORE clause following Paragraph 19.

## COUNT II – MONEY HAD AND RECEIVED

20.    *See* prior responses to Paragraphs 1 through 17, incorporated herein.

21.    Without knowledge, therefore the Receiver denies.

22.    The Receiver denies.

23.    The Receiver admits that she has not returned the funds to Protective, and otherwise the Receiver denies the allegations in Paragraph 23.

The Receiver denies that Protective is entitled to any relief requested in the WHEREFORE clause following Paragraph 23.

## COUNT III – CONVERSION

24.     *See* prior responses to Paragraphs 1 through 17, incorporated herein.

25.    The Receiver denies.

26.     Without knowledge, therefore the Receiver denies.

27.     The Receiver admits that she has not returned the funds to Protective, and otherwise the Receiver denies the allegations in Paragraph 27.

The Receiver denies that Protective is entitled to any relief requested in the WHEREFORE clause following Paragraph 27.

## DEFENSES AND AFFIRMATIVE DEFENSES

### First Affirmative Defense

1.     Protective fails to state a claim upon which relief may be granted.

### Second Affirmative Defense

2.     Protective's claims are barred by the voluntary payment doctrine.  The Receiver did not receive the payment fraudulently, and the Receiver did not knowingly mislead Protective or purposely induce Protective to rely on false, misleading, or inaccurate information.

### Third Affirmative Defense

3.     Protective's claims should be denied under the equitable estoppel doctrine.  The Receiver is entitled to retain the benefits of the payment it received from Protective because the Receiver acted in good faith, changed her position as result of the payment, and will be prejudiced by any refund.

## Fourth Affirmative Defense

4.     To the extent that Protective has any valid claims, they should be treated *pari pasu* with the claims of the other creditors of the Receivership Estate, all of whom have claims based on the same alleged wrongdoing of Mr. Price.  That Protective made the payment after the commencement of the Receivership does not, by agreement, statute, common law, or otherwise, give Protective a priority or other superior right to Receivership funds over the investor or creditor victims who transferred funds to the Receivership Defendants based on the fraud of Mr. Price that was committed prior to the commencement of the Receivership..

## Fifth Affirmative Defense

5.      Protective's request for declaratory judgment should be denied because it fails to state a case or controversy as required under 28 U.S.C. § 2201. Protective has failed to show that at the time the Complaint was filed, it had suffered some actual or threatened injury resulting from the Receiver's conduct, that the injury fairly can be traced to the challenged action, and that the injury is likely to be redressed by favorable court disposition.

## Sixth Affirmative Defense

6.     Protective's claims are barred by the economic loss rule.

## Seventh Affirmative Defense

7.     Protective's claim for money had and received, an equitable claim, is barred because an adequate legal remedy exists.

## Eighth Affirmative Defense

8.     Protective's claims are governed by the terms of an express, incontestable life insurance contract.

## Ninth Affirmative Defense

9.     Protective's claims are barred by the doctrine of accord and satisfaction

The Receiver reserves the right to amend her Answer, Defenses and Affirmative Defenses to Protective's Complaint as additional facts are revealed in discovery.

WHEREFORE, having answered the Complaint in Intervention filed by Protective Life Insurance Company and having asserted Defenses and Affirmative Defenses thereto, the Receiver respectfully requests that this Court dismiss Protective Life Insurance Company's Complaint with prejudice, award the Receiver all fees and costs incurred in defending same, and any other relief this Court finds equitable, just and proper.

Respectfully submitted,

DAMIAN & VALORI LLP
1000 Brickell Avenue, Suite 1020
Miami, Florida 33131
Telephone: 305-371-3960
Fax: 305-371-3965

/s/ Kenneth Dante Murena
Kenneth Dante Murena, P.A.
Florida Bar No.: 147486
Guy F. Giberson, P.A.
Florida Bar No.: 627402

*Counsel for the Receiver*
*Admitted Pro Hac Vice*

and

VER PLOEG & LUMPKIN, P.A.

Jason S. Mazer, Esq.
Florida Bar No. 0149871
jmazer@vpl-law.com

9

100 S.E. 2nd Street, 30th Floor
Miami, Florida 33131
Telephone:  (305) 577-3996
Facsimile:  (305) 577-3558

*Special Insurance Counsel for the
Receiver*
*Pro Hac Vice Motion Pending*


/s/Andrew E. Worrell
Andrew Worrell
Georgia Bar No.: 311027
PETITT WORRELL CRAINE
WOLFE, LLC
Co-Counsel for the Plaintiff
Suite 1030, One Glenlake
1 Glenlake Parkway
Atlanta, GA 30328
Telephone: 404-249-7480
Facsimile: 404-442-4463
Email: Andrew@petittworrell.com

## LOCAL RULE 7.1D CERTIFICATION

By signature below, counsel certifies that the foregoing document was prepared in Times New Roman, 14-point font in compliance with Local Rule 5.1B.

<u>CERTIFICATE OF SERVICE</u>

I HEREBY CERTIFY on this day I electronically filed with the Clerk of Court Receiver's Answer, Defenses, and Affirmative Defenses to Protective Life Insurance Company's Complaint in Intervention using the CM/ECF system, this 3rd day of June, 2014, upon all counsel of record and to all parties listed on the Service List below.

/s/ Kenneth Dante Murena
Kenneth Dante Murena, P.A.
Florida Bar No.: 147486
*Admitted Pro Hac Vice*

<u>SERVICE LIST</u>

W. Shawn Murnahan, Esq.
 Email: murnahanw@sec.gov
*Securities and Exchange Commission*
950 East Paces Ferry Road, N.E., Ste. 900
Atlanta, GA 30326
*Via CM/ECF*

Robert J. Waddell, Jr., Esq.
*Counsel for FDIC*
 Email: rwaddell@mcguirewoods.com
Laura E. Reinhold, Esq.
 Email: lreinhold@mcguirewoods.com
McGuire Woods, LLP
Suite 2100, Promenade II
1230 Peachtree Street, NE
Atlanta, GA 30309
*Via CM/ECF*

Michael J. Athans, Esq.
*Attorney for Evanston Insurance*
 Email: mathans@fieldshowell.com
191 Peachtree Street NE, Suite 4600
Atlanta, GA 30303
*Via CM/ECF*

David J. Forestner
*Attorneys for Plaintiff in Intervention,*
*Genworth Life Insurance Company*
 Email: dforestner@cfjblaw.com
Carlton Fields Jorden Burt, P.A.
One Atlantic Center, Suite 3000
1201 W. Peachtree Street
Atlanta, GA 30309
*Via CM/ECF*

Raul Cuervo
*Attorneys for Plaintiff in Intervention,*
*Genworth Life Insurance Company*
 Email: rcuervo@cfjblaw.com
Carlton Fields Jorden Burt, P.A.
Miami Tower
100 SE 2nd Steet, Suite 4200
Miami, FL 33131-2113
*Via CM/ECF*

Alexander B. Feinberg
*Attorneys for Intervening Parties*
*Protective Life Insurance Company and*
*Household Life Insurance Company*
 Email: afeinberg@maynardcooper.com
Maynard, Cooper & Gale, P.C.
1901 Sixth Avenue North
2400 Regions Harbert Plaza
Birmingham, AL 35203
*Via CM/ECF*