IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| SECURITIES AND EXCHANGE COMMISSION, | : : : | |
| Plaintiff, | : : | Civil Action No. 1:12-cv-2296-TCB |
| v. | : : | |
| AUBREY LEE PRICE, et al., | : : | |
| Defendants. | : : | |
| GENWORTH LIFE INSURANCE COMPANY, | : : : | |
| Intervention Plaintiff, | : : | |
| v. | : : | |
| MELANIE DAMIAN, in her capacity as Receiver, | : : : | |
| Intervention Defendant. | : : | |
| _____/ | | |

**ANSWER, DEFENSES AND AFFIRMATIVE DEFENSES TO GENWORTH LIFE INSURANCE COMPANY'S COMPLAINT IN INTERVENTION**

Melanie E. Damian, Esq., in her capacity as the court-appointed receiver (the "Receiver") of the Estate of Aubrey Lee Price, PFG, LLC, PFGBI, LLC, Montgomery Asset Management, LLC f/k/a PFG Asset Management, LLC (Florida), and Montgomery Asset Management, LLC f/k/a PFG Asset

Management, LLC (Georgia) (collectively, the "Receivership Defendants") files her answer, defenses and affirmative defenses to the Complaint in Intervention of Intervention Plaintiff Genworth Life Insurance Company ("Genworth"), and states:

## ANSWER

### PARTIES, JURISDICTION AND VENUE

1. Without knowledge, therefore the Receiver denies.

2. The Receiver admits the factual allegations set forth in Paragraph 2 of the Complaint. To the extent Paragraph 2 makes legal conclusions and a response is necessary, the Receiver denies those conclusions.

3. Paragraph 3 states legal conclusions, and therefore a response is not necessary.

### FACTUAL ALLEGATIONS

4. Without knowledge, therefore the Receiver denies.

5. Without knowledge, therefore the Receiver denies.

6. Without knowledge, therefore the Receiver denies.

7. Without knowledge, therefore the Receiver denies.

8. Without knowledge, therefore the Receiver denies.

9. The Receiver admits that the Honorable Greg S. Parker, Circuit Court Judge, Third Judicial Circuit, Hamilton County Florida, held an evidentiary

hearing in Case No. 2012-CA-424 on or about December 31, 2012.  The Receiver denies the remaining allegations in Paragraph 9.

10.    The Receiver admits that the Securities and Exchange Commission filed suit against Aubrey Lee Price and the entities listed in Paragraph 10, but the Receiver denies the time reference as to when such suit was filed.  The remaining allegations refer to and characterize the allegations of the SEC's complaint, which speak for themselves.  To the extent a response to those allegations is required, the Receiver denies those allegations.

11.    The Receiver admits the factual allegation set forth in Paragraph 11 of the Complaint.  To the extent Paragraph 11 makes legal conclusions and a response is necessary, the Receiver denies all such conclusions.

12.    The Receiver admits the factual allegation set forth in Paragraph 12 of the Complaint.  To the extent Paragraph 12 makes legal conclusions and a response is necessary, the Receiver denies all such conclusions.

13.    The Receiver admits that Mr. Murena sent Genworth a letter.  The remaining allegations of Paragraph 13 refer to the statements made in that letter, which speak for themselves; therefore, a response to those allegations is not necessary.  To the extent a response is required, the Receiver denies those allegations.

14. The Receiver admits that she sent Genworth a completed form on or about October 11, 2012. The remaining allegations in Paragraph 14 characterize that completed form, which speaks for itself; therefore a response is not necessary. To the extent a response is required, the Receiver denies those allegations.

15. The Receiver admits that Genworth sent a letter to Mr. Murena on or about October 26, 2012. The remaining allegations in Paragraph 15 characterize that letter, which speaks for itself; therefore, a response is not necessary. To the extent a response is required, the Receiver denies those allegations.

16. The Receiver admits that she completed and submitted to Genworth a proof of loss statement and a death certificate of Mr. Price on or about January 14, 2013. Paragraph 16 misstates the title of the death certificate that Ms. Damian submitted to Genworth; therefore, the Receiver denies that portion of Paragraph 16.

17. The Receiver admits the factual allegation set forth in Paragraph 17 of the Complaint. To the extent Paragraph 17 makes legal conclusions and a response is necessary, the Receiver denies all such conclusions.

18. The Receiver admits that Genworth paid $1,038,414.48 to the Receiver on or about January 29, 2013. The Receiver denies the remaining allegations of Paragraph 18.

19. The Receiver admits the first sentence of Paragraph 19. The second sentence of Paragraph 19 purports to summarize certain representations in a motion filed with this Court, which speaks for itself; therefore, a response to the second sentence of Paragraph 19 is not necessary. To the extent a response is required, the Receiver denies the second sentence of Paragraph 19.

20. The Receiver admits that Mr. Price was arrested on or about December 31, 2013. The Receiver denies the remaining allegations in Paragraph 20.

21. The Receiver admits that Genworth sent a letter to Mr. Mazer on or about January 7, 2014. The remaining allegations of Paragraph 21 characterize that letter, which speaks for itself; therefore, a response to those allegations is not necessary. To the extent a response is required, the Receiver denies those allegations.

22. The Receiver denies.

## COUNT I- UNJUST ENRICHMENT

23. *See* prior responses to Paragraphs 1 through 22, incorporated herein.

24. The Receiver denies.

25. Paragraph 25 refers to and characterizes the Receiver's Second Status Report, which speaks for itself; therefore, a response to Paragraph 25 is not

necessary. To the extent a response is required, the Receiver denies Paragraph 25.

26. Paragraph 26 refers to and characterizes the Receiver's Third Status Report, Fourth Status Report and Fifth Status Report, each of which speaks for itself; therefore, a response to Paragraph 26 is not necessary. To the extent a response is required, the Receiver denies Paragraph 26.

27. The Receiver denies.

28. The Receiver denies.

The Receiver denies that Genworth is entitled to any of the relief requested in the WHEREFORE clause following Paragraph 28.

## COUNT II- MONEY HAD AND RECEIVED

29. *See* prior responses to Paragraphs 1 through 22, incorporated herein.

30. The Receiver admits that Genworth paid $1,038,414.48 to the Receiver on or about January 29, 2013. The Receiver denies the remaining allegations of Paragraph 30.

31. Paragraph 31 refers to and characterizes the Receiver's Third Status Report, Fourth Status Report and Fifth Status Report, each of which speaks for itself; therefore, a response to Paragraph 31 is not necessary. To the extent a response is required, the Receiver denies Paragraph 31.

32. The Receiver admits that by letter dated January 17, 2014, Genworth requested the return of the funds it had paid to the Receiver. To the extent Paragraph 32 makes legal conclusions and a response is necessary, the Receiver denies all such conclusions.

33. The Receiver admits that she has not returned the funds to Genworth, and otherwise the Receiver denies the allegations in Paragraph 33.

34. The Receiver denies.

The Receiver denies that Genworth is entitled to any of the relief requested in the WHEREFORE clause following Paragraph 34.

## COUNT III- CONVERSION

35. *See* prior responses to Paragraphs 1 through 22, incorporated herein.

36. Paragraph 36 refers to and characterizes a life insurance policy, which speaks for itself; therefore, a response to Paragraph 36 is not necessary. To the extent a response is required, the Receiver denies Paragraph 36.

37. The Receiver admits that she is aware that Mr. Price is still living. The remaining allegations of Paragraph 37 refer to and characterize two documents, which speak for themselves; therefore, a response to those allegations is not necessary. To the extent a response is required, the Receiver denies those allegations.

38. The Receiver admits that by letter dated January 17, 2014, Genworth requested the return of the funds it had paid to the Receiver, and otherwise the Receiver denies the allegations in Paragraph 38.

39. The Receiver admits that she has not returned the funds to Genworth, and otherwise the Receiver denies the allegations in Paragraph 39.

40. The Receiver denies.

The Receiver denies that Genworth is entitled to any of the relief requested in the WHEREFORE clause following Paragraph 40.

## COUNT IV- DECLARATORY JUDGMENT

41. *See* prior responses to Paragraphs 1 through 22, incorporated herein.

42. Paragraph 42 refers to and characterizes a life insurance policy, which speaks for itself; therefore, a response to Paragraph 42 is not necessary. To the extent a response is required, the Receiver denies Paragraph 42.

43. The Receiver admits that Genworth paid $1,038,414.48 to the Receiver on or about January 29, 2013. The Receiver denies the remaining allegations of Paragraph 43.

44. The Receiver denies.

45. The Receiver denies.

The Receiver denies that Genworth is entitled to any of the relief requested in the WHEREFORE clause following Paragraph 45.

## DEFENSES AND AFFIRMATIVE DEFENSES

### First Affirmative Defense

1. Genworth fails to state a claim upon which relief may be granted.

### Second Affirmative Defense

2. Genworth's claims are barred by the voluntary payment doctrine. The Receiver did not receive the payment fraudulently, and the Receiver did not knowingly mislead Genworth or purposely induce Genworth to rely on false, misleading, or inaccurate information. *See* OCGA § 13-1-13.

### Third Affirmative Defense

3. Genworth's claims should be denied under the equitable estoppel doctrine. The Receiver is entitled to retain the benefits of the payment it received from Genworth because the Receiver acted in good faith, changed her position as result of the payment, and will be prejudiced by any refund. *See* OCGA §23-2-32.

### Fourth Affirmative Defense

4. To the extent that Genworth has any valid claims, they should be treated *pari pasu* with the claims of the other creditors of the Receivership Estate, all of whom have claims based on the same alleged wrongdoing of Mr. Price. That

Genworth made the payment after the commencement of the Receivership does not, by agreement, statute, common law, or otherwise, give Genworth a priority or other superior right to Receivership funds over the investor or creditor victims who transferred funds to the Receivership Defendants based on the fraud of Mr. Price that was committed prior to the commencement of the Receivership..

### Fifth Affirmative Defense

5.   Genworth's request for declaratory judgment should be denied because it fails to state a case or controversy as required under 28 U.S.C. § 2201. Genworth has failed to show that at the time the Complaint was filed, it had suffered some actual or threatened injury resulting from the Receiver's conduct, that the injury fairly can be traced to the challenged action, and that the injury is likely to be redressed by favorable court disposition.

### Sixth Affirmative Defense

6.   Genworth's claims are barred by the economic loss rule.

### Seventh Affirmative Defense

7.   Genworth's claim for money had and received, an equitable claim, is barred because an adequate legal remedy exists.

### Eighth Affirmative Defense

8.   Genworth's claims are governed by the terms of an express,

incontestable life insurance contract.

## **Ninth Affirmative Defense**

9. Genworth's claims are barred by the doctrine of accord and satisfaction. *See* OCGA §13-4-101.

The Receiver reserves the right to amend her Answer, Defenses and Affirmative Defenses to Genworth's Complaint as additional facts are revealed in discovery.

WHEREFORE, having answered the Complaint in Intervention filed by Genworth Life Insurance Company and having asserted Defenses and Affirmative Defenses thereto, the Receiver respectfully requests that this Court dismiss Genworth Life Insurance Company's Complaint with prejudice, award the Receiver all fees and costs incurred in defending same, and any other relief this Court finds equitable, just and proper.

Respectfully submitted,

DAMIAN & VALORI LLP
1000 Brickell Avenue, Suite 1020
Miami, Florida 33131
Telephone: 305-371-3960
Fax: 305-371-3965

/s/ Kenneth Dante Murena
Kenneth Dante Murena, P.A.
Florida Bar No.: 147486
Guy F. Giberson, P.A.
Florida Bar No.: 627402

*Counsel for the Receiver*
*Admitted Pro Hac Vice*

and

VER PLOEG & LUMPKIN, P.A.

Jason S. Mazer, Esq.
Florida Bar No. 0149871
jmazer@vpl-law.com
100 S.E. 2nd Street, 30th Floor
Miami, Florida 33131

12

        Telephone:  (305) 577-3996
        Facsimile:  (305) 577-3558

        *Special Insurance Counsel for the Receiver*
        *Pro Hac Vice Motion Pending*


        /s/Andrew E. Worrell
        Andrew Worrell
        Georgia Bar No.: 311027
        PETITT WORRELL CRAINE WOLFE, LLC
        Co-Counsel for the Plaintiff
        Suite 1030, One Glenlake
        1 Glenlake Parkway
        Atlanta, GA 30328
        Telephone: 404-249-7480
        Facsimile: 404-442-4463
        Email: Andrew@petittworrell.com

## LOCAL RULE 7.1D CERTIFICATION

    By signature below, counsel certifies that the foregoing document was prepared in Times New Roman, 14-point font in compliance with Local Rule 5.1B.

CERTIFICATE OF SERVICE

     I HEREBY CERTIFY on this day I electronically filed with the Clerk of Court Receiver's Answer, Defenses, and Affirmative Defenses to Genworth Life Insurance Company's Complaint in Intervention using the CM/ECF system, this 3rd day of June, 2014, upon all counsel of record and to all parties listed on the Service List below.

                                       /s/ Kenneth Dante Murena
                                       Kenneth Dante Murena, P.A.
                                       Florida Bar No.: 147486
                                       *Admitted Pro Hac Vice*

SERVICE LIST

W. Shawn Murnahan, Esq.
 Email: murnahanw@sec.gov
*Securities and Exchange Commission*
950 East Paces Ferry Road, N.E., Ste. 900
Atlanta, GA 30326
*Via CM/ECF*

Robert J. Waddell, Jr., Esq.
*Counsel for FDIC*
 Email: rwaddell@mcguirewoods.com
Laura E. Reinhold, Esq.
 Email: lreinhold@mcguirewoods.com
McGuire Woods, LLP
Suite 2100, Promenade II
1230 Peachtree Street, NE
Atlanta, GA 30309
*Via CM/ECF*

Michael J. Athans, Esq.
*Attorney for Evanston Insurance*
 Email: mathans@fieldshowell.com
191 Peachtree Street NE, Suite 4600
Atlanta, GA 30303
*Via CM/ECF*

David J. Forestner
*Attorneys for Plaintiff in Intervention,*
*Genworth Life Insurance Company*
 Email: dforestner@cfjblaw.com
Carlton Fields Jorden Burt, P.A.
One Atlantic Center, Suite 3000
1201 W. Peachtree Street
Atlanta, GA 30309
*Via CM/ECF*

Raul Cuervo
*Attorneys for Plaintiff in Intervention,*
*Genworth Life Insurance Company*
 Email: rcuervo@cfjblaw.com
Carlton Fields Jorden Burt, P.A.
Miami Tower
100 SE 2nd Steet, Suite 4200
Miami, FL 33131-2113
*Via CM/ECF*

Alexander B. Feinberg
*Attorneys for Intervening Parties*
*Protective Life Insurance Company and*
*Household Life Insurance Company*
 Email: afeinberg@maynardcooper.com
Maynard, Cooper & Gale, P.C.
1901 Sixth Avenue North
2400 Regions Harbert Plaza
Birmingham, AL 35203
*Via CM/ECF*