# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | |
|---|---|
| **SECURITIES AND EXCHANGE COMMISSION,** ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> **AUBREY LEE PRICE; et al** ) <br> ) <br> Defendants, ) <br> ) <br> ) | **Civil Action No.** <br> **1:12-cv-2296-TCB** |

## PROTECTIVE LIFE INSURANCE COMPANY'S, HOUSEHOLD LIFE INSURANCE COMPANY'S, AND GENWORTH LIFE INSURANCE COMPANY'S JOINT OBJECTION TO THE RECEIVER'S SEVENTH INTERIM APPLICATION FOR ORDER

Intervention Plaintiffs Protective Life Insurance Company ("Protective") and Household Life Insurance Company[1] ("Household"), and Genworth Life Insurance Company ("Genworth") (collectively, the "Insurers") hereby submit their Objection to the Receiver's Seventh Interim Application for Order Authorizing Payment of Fees and Expenses of Receiver and Her Professionals (Doc. No. 170) and hereby state as follows:

---

[1] Household is now known as Pavonia Life Insurance Company of Michigan. For ease of reference, the undersigned counsel will continue to refer to intervention plaintiff as "Household Life Insurance Company" or "Household".

1.      On January 21 and 22, 2014, the Insurers each filed an Emergency Motion to Intervene to Sue Receiver and to Stay Ruling on Receiver's Motion to Approve Initial Plan of Distribution.  (Doc. Nos. 122, 123, and 127) ("Motions"). In their Motions, the Insurers requested that "this Court grant [them] permission to intervene in this action and to sue Melanie E. Damian, as Receiver, and that **this Court stay ruling on** the Receiver's Motion to Approve (A) Investors and Creditors Claims Procedure and (B) Initial Plan of Distribution (Doc. No. 114), and on **any other request by the Receiver that involves the distribution or disbursement of the Receivership Assets, pending final resolution of [the Insurers'] Motion[s] and the claims set forth in [their] proposed Complaint[s] in Intervention**."  (Doc. No. 122 at 13; Doc. No. 123 at 12-13 (emphasis added); *see also* Doc. No. 127 at 5) (emphasis added).  The Insurers seek to recover amounts previously paid to the Receiver under the life insurance policies at issue in this case ("Payments"), policies that the Receiver has acknowledged were only payable upon the death of Aubrey Lee Price. (*See* Doc. No. 138-2 at 6).

2.      On May 12, 2014, this Court granted the Insurers' Motions in their entirety. (Doc. No. 164 at 9).  Thus, this Court has already ruled that any request for distribution or disbursement of the Receivership Assets, including the requests set forth in the Receiver's sixth and seventh applications for payment of fees and expenses (*see* Doc Nos. 148, 170) ("Applications") should be stayed pending final

resolution of the claims set forth in the Insurers' Complaints.  The Insurers object to the Receiver's Applications to the extent the Applications seek to contravene this Court's prior Order and obtain authority to distribute funds held by the Receiver prior to the resolution of the Insurers' claims.[2]

3.     The Insurers, however, recognize that the Receiver has a valid interest in distributing funds to investors harmed by Price's misconduct and paying those entities that are assisting in the Receiver's efforts to recover assets that rightfully belong in the Receivership Estate. The Insures do not wish to unnecessarily delay the Receiver's work.  However, as this Court previously recognized in granting the Insurers' Motions, the Insurers have a legitimate claim for return of the Payments that should be resolved prior to any funds currently held by the Receiver being distributed to third parties, including those set forth in the pending Applications.  The Insurers contend that it is in the best interest of all parties involved for the Insurers' claims to be resolved in an expedited fashion. Consequently, simultaneously with the filing of this Objection, the Insurers are serving discovery on the Receiver.

4.     The Insurers request that this Court grant them leave to file dispositive motions to be heard on an expedited basis, and if necessary, grant an expedited

---

[2] The Insurers hereby adopt and incorporate by reference their previous Objection to the Receiver's Sixth Interim Application for Order Authorizing Payment of Fees and Expenses of Receiver and Her Professionals.  (*See* Doc. No. 149).

hearing to resolve any factual disputes that remain following a ruling on the Insurers' dispositive motions. By doing so, this Court can resolve the Insurers' claims in an efficient and timely manner, after which time the Receiver can continue the work of marshalling and distributing assets that rightfully belong in the Receivership Estate without having to devote additional time and energy to responding to the Insurers' claims.

WHEREFORE, Protective Life Insurance Company, Household Life Insurance Company, and Genworth Life Insurance Company respectfully request that this Court enter an Order deferring ruling on the Receiver's Sixth and Seventh Interim Applications for Order Authorizing Payment of Fees and Expenses of Receiver and her Professionals (Doc. Nos. 148, 170) until the Insurers' claims are fully and finally adjudicated. The Insurers further request that this Court permit the Insurers' claims to proceed to resolution in an expedited fashion, in order that the Insurers' claims can be resolved in a timely and efficient manner for the benefit of all parties involved.

Dated June 5, 2014.                                Respectfully submitted,

*s/ Alexander B. Feinberg*
Alexander B. Feinberg
Georgia Bar. No. 956505

**OF COUNSEL:**
C. Andrew Kitchen
Alexander B. Feinberg
Christopher C. Frost
MAYNARD, COOPER & GALE, P.C.
1901 Sixth Avenue North, Suite 2400
Birmingham, AL 35203
Telephone: 205-254-1000
Facsimile: 205-254-1999

*Attorneys for Intervention Plaintiffs*
*Protective Life Insurance Company &*
*Household Life Insurance Company*

*s/ David J. Forestner*
David J. Forestner
Georgia Bar No. 269177
Carlton Fields Jorden Burt, P.A.
One Atlantic Center, Suite 3000
1201 W. Peachtree Street
Atlanta, GA 30309
Phone: 404-815-3400
Fax: 404-815-3415
Email: dforestner@cfjblaw.com

And

Raul Cuervo
Carlton Fields Jorden Burt, P.A.
Miami Tower
100 S.E. Second Street, Suite 4200
Miami, FL 33131-2113
Phone: 305-530-0050
Fax: 305-530-0055
Email: rcuervo@cfjblaw.com

*Attorneys for Intervention Plaintiff*
*Genworth Life Insurance Company*

## LOCAL RULE 7.1(D) CERTIFICATION

By signature below, counsel certifies that the foregoing document was prepared in Times New Roman, 14 point font in compliance with Local Rule 5.1B.

## CERTIFICATE OF SERVICE

I hereby certify that on this 5th day of June, 2014, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system which will send notification of such following to counsel of record.   In the event that the CM/ECF system does not send notification of such filing any counsel of record, undersigned counsel will serve the following them via U.S. Mail.

                                        *s/ Alexander B. Feinberg*
                                        Of Counsel