IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| SECURITIES AND EXCHANGE COMMISSION, | : : : | |
| Plaintiff, | : : : | Civil Action No. 1:12-cv-2296-TCB |
| | : : : | |
| v. | : : | |
| AUBREY LEE PRICE; PFG, LLC; PFGBI, LLC; MONTGOMERY ASSET MANAGEMENT, LLC f/k/a PFG ASSET MANAGEMENT, LLC, (Florida limited liability company); and MONTGOMERY ASSET MANGEMENT, LLC  f/k/a PFG ASSET MANAGEMENT, LLC (Georgia limited liability company), | : : : : : : : : : : : | |
| Defendants. | : : | |
| _____/ | | |

**THE RECEIVER'S REPLY TO PROTECTIVE LIFE INSURANCE COMPANY, HOUSEHOLD LIFE INSURANCE COMPANY AND GENWORTH LIFE INSURANCE COMPANY'S JOINT OBJECTION TO THE RECEIVER'S SEVENTH INTERIM APPLICATION FOR ORDER**

The Receiver hereby files her reply to Protective Life Insurance Company, Household Life Insurance Company and Genworth Life Insurance Company's (collectively the "Insurers") Joint Objection (the "Insurers' Second Objection"

[D.E. 176]) to the Receiver's Seventh Interim Application for Order (the "Seventh Fee Application" [D.E. 170] and states:

## EXECUTIVE SUMMARY

Much like the Insurers' objection to the Receiver's Sixth Fee Application, the Insurers' objection to the Receiver's Seventh Fee Application should be overruled because it assumes that the Insurers' have already prevailed on claims that the Court has not yet adjudicated, and it seeks relief that is explicitly foreclosed under Georgia law.  In addition, the Insurers do not have standing to object to the Receiver's Sixth and Seventh Fee Applications because there is no injury that the Insurers would suffer if those fee applications were approved given the amount of funds presently in the Receivership Estate.  Moreover, contrary to the Insurers' argument in the Second Objection, the Receiver's Sixth and Seventh Fee Applications do not contravene the Court's May 12, 2014 Order because that Order does not address interim disbursements for Estate's expenses or the Receiver's fee applications, but rather only permits the Insurers to intervene. Therefore, the Court should overrule the Insurers' objections and approve the Receiver's Sixth and Seventh Fee Applications.

**FACTUAL BACKGROUND**

The Receiver filed her Sixth Interim Application for Order Authorizing Payment of Fees and Expenses of Receiver (the "Receiver's Sixth Fee Application" [D.E. 148]) on March 3, 2014. The Insurers filed an objection to the Sixth Application (the "First Objection" [D.E. 149] and collectively with the Second Objection, the "Insurers' Objections") on March 7, 2014, and the Receiver responded with her Reply to First Objection on March 27, 2014 [D.E. 158] (the "Receiver's Reply to Insurers' First Objection"). With their First Objection, the Insurers argued that the Receiver and the professionals she hired should not be paid any fees until the Court resolves the complaints that each of the Insurers filed in this case to recover life insurance proceeds that were voluntarily paid to the Receiver when Aubrey Lee Price was believed to be dead. D.E. 149. At the time of the First Objection, the Receiver had recovered $1,834,678.22 from the Insurers and had recovered an additional $1,026,026.04 from various other sources. Since then, the Receiver obtained a judgment against third party KM Homes, LLC for $1,665,000.00, of which $700,000.00 has already been paid, plus an additional $18,000.00 in settlement proceeds from another third party. Therefore, the total amount of funds the Receiver has recovered from sources other than the Insurers is

now $1,744,026.04 and will receive at least another $965,000.00 by the end of the year.  Presently, the Receivership Estate includes $2,383,303 in cash.[1]

Importantly, the combined amounts sought to be paid by the Sixth Application and the Seventh Application total only $436,605.13.  Therefore, if the Sixth Fee Application and the Seventh Fee Application were both granted, the Receivership Estate would still have $1,946,697.87 on hand (more than the $1,834,678.22 that the Insurers claim is in dispute).

The duties of the Receiver under the Order Appointing Receiver are substantial.  *See* Order Appointing Receiver [D.E. 20], pp. 4-6.  And the rates paid by the Receivership Estate to the Receiver and her professionals have been significantly reduced.  For example, the hourly rate charged by the Receiver and for the attorneys at Damian & Valori, LLP has been reduced to $265 for partners and of counsel, to $200 for senior associates and $150 for junior associates.  Receiver's Seventh Fee Application, p. 13, fn. 5.  The rates for other professionals' fees have been similarly discounted.  *Id*. at fn. 6.

If the relief sought in the Insurers' Objections were actually granted— prohibiting the Receiver from making any payments at all while the Insurers'

---

[1]  Because of a scrivener's error, the Receiver's Seventh Fee Application mistakenly states that the Receiver has $1,683,303.00 on hand.  D.E. 170, p. 3.

4

claims are pending—then the Receiver and her professionals will be forced to continue to work without compensation and the time period of non-payment could exceed one year.  In light of the already reduced fees the delay would make the situation more difficult for the Receiver and her counsel.  If the Court is inclined to consider such a delay, the Receiver proposes converting future third-party claims to a contingency based fee.

For the reasons stated in the Receiver's Reply to the First Objection and the additional reasons stated herein, the Insurers' Objections should be overruled.

## LEGAL ARGUMENTS

### 1. The Insurers' Second Objection Should be Overruled for the Same Reasons Their First Objection Should be Overruled.

The Insurers' Objections are both based on the same premise—that the Insurers will prevail with their claims against the Receivership Estate.  There are a number of legal reasons why they will not.  *See* Receiver's Omnibus Memorandum of Law in Opposition to Life Insurance Companies' Motions to Intervene [D.E. 138-2], pp. 13-22.  While this Court allowed the Insurers to intervene in this matter so that the Insurers may make their legal arguments, the Court also explicitly withheld ruling on whether the Insurers' claims actually have merit.  Order dated May 12, 2014, p. 4 ("The Court expresses no opinion at this time as to whether the intervenors state claims for relief for return of the life insurance proceeds").

Indeed, the relief the Insurers seek is explicitly foreclosed under Georgia law because (i) it violates well-settled property rights principles, (ii) the Insurers are not seeking (and would not be able to obtain) a preliminary injunction, and (iii) the Insurers are not seeking (and would not be able to obtain) a constructive trust. D.E. 158, pp. 6-10.  The Insurers' Objections should be overruled.

### 2. The Insurers Do Not Have Standing to Object to the Receiver's Sixth and Seventh Fee Applications Because the Insurers Have no Pecuniary or Other Legitimate Interest in Their Outcome.

It is well settled that "the central purpose of the standing requirement [is] to ensure that the parties before the court have *a concrete interest in the outcome of the proceedings* such that they can be expected to frame the issues properly." *Harris v. Evans*, 20 F.3d 1118, 1121 (11th Cir. 1994).  In order to establish standing under the Article III of the United States Constitution, a party must show: "(1) that he has suffered an actual or threatened injury, (2) that the injury is fairly traceable to the challenged conduct of the defendant, and (3) that the injury is likely to be redressed by a favorable ruling."  *Id*. (citing *Saladin v. City of Milledgeville*, 812 F.2d 687, 690 (11th Cir. 1987) and *Warth v. Seldin*, 422 U.S. 490, 498-99, 95 S.Ct. 2197 (1975)).  Here, if the Insurers receive every single penny that they are seeking to recover with respect to their various claims *and* get a first priority over every other creditor of the Receivership Estate, there would be

more than sufficient funds in the Receivership Estate to pay those claims if both the Receiver's Sixth Fee Application and Seventh Fee Application are granted.  As such, there is  no injury (whether threatened or actual) that the Insurers could suffer. Because the Insurers cannot meet the requirements necessary to establish standing,their Objections should be overruled.

### 3. The Argument Made by the Insurers That This Court Already Ruled in Their Favor is Without Merit.

In the Second Objection, the Insurers argue that the Receiver's Sixth and Seventh Fee Applications should be denied because they "contravene this Court's prior [May 12, 2014] Order."  Second Objection, p. 3, ¶ 2.  That argument is not accurate.  The Court's May 12, 2014 Order does not even mention interim distributions for the purposes of paying the Receivership Estate's expenses or the Receiver's fee application, much less rule in favor of the Insurers on that issue. That same Order does grant the Insurers' two motions to intervene, but both of those motions, according to their titles sought *only* (i) intervention by the Insurers in this action, and (ii) a stay on the Court's ruling on the Receiver's interim distribution plan.  D.E.  122, 123[2] and 127[3]   Furthermore, all of the Insurers'

---

[2] Protective Life's and Household Life's Motions were titled "Emergency Motion to Intervene to Sue Receiver and to Stay Ruling on Receiver's Motion to Approve

Motions make arguments regarding *only* that relief and, likewise, the Court addresses *only* those arguments in its May 12, 2014 Order.

Apparently trying to argue the contrary, the Second Objection highlights the "Wherefore" clause language in two of the Insurers' Motions as follows:

> this Court grant [them] permission to intervene in this action and to sue Melanie E. Damian, as Receiver, and that **this Court stay ruling on** the Receiver's Motion to approve (A) Investors and Creditors Claims Procedure and (B) Initial Plan of Distribution (Doc. No. 114), and on **any other request by the Receiver that involves the distribution or disbursement of the Receivership Assets, pending final resolution of [the Insurers'] Motion[s] and the claims set forth in [their] proposed Complaint[s] in Intervention**.

Second Objection [D.E. 176], p. 2 (quoting D.E. 122 at 13, D.E. 123 at 12-13) (emphasis in original). First, if the emphasized language were to be read as broadly as the Insurers' suggest—to involve "*any* request by the Receiver that involves distribution or disbursement of the Receivership Assets" then the relief they seek is that the Receiver not be able to do anything at all. That is because practically everything the Receiver and her appointed professionals do "*involve* the

---

Initial Plan of Distribution (Doc No. 114) and Memorandum of Law in Support Thereof".

[3] Genworth Life's Motion was titled "Genworth Life Insruance Company's Emergency Motion to Intervene and Sue the Receiver and to Stay the Receiver's Motion to Approve (A) Investor's and Creditor's Claim Procedure, and (B) Initial Plan of Distribution" (the "Genworth Motion to Intervene").

8

distribution or disbursement of the Receivership Assets."  For example, pursuing third party claims and performing forensic analyses on the books and records of the Receivership Entities all "involve" distribution or disbursement of the assets that are the subject of those claims and analysis, because they are absolutely necessary to carrying out the task of distribution and disbursement.  That is why the emphasized language in the above-quoted passage from two of the Insurers' "Wherefore" clauses cannot be read in isolation.  Instead, it should be read as modifying the previous terms to include all "investor and creditor claims procedures" and all "plans of distributions."

In any event, plainly read, the Court's May 12, 2014 Order does *not* rule on the Receiver's Sixth Fee Application (which was pending along with the First Objection at the time it was rendered), nor does it rule on any other distributions that the Receiver may seek permission to make.  Indeed, the Insurers' reading of May 12, 2014 Order would effectively rescind the portion of the Order Appointing Receiver governing payments by the Receiver.  D.E. 20, Section XIV titled "Fees, Expenses and Accountings," ¶¶ 59 – 66.   According to that Order, the Receiver is required to submit status reports and fee applications for approval "quarterly."  *Id.* ¶¶ 62-63.  Nothing in the Court's May 12, 2014 Order suggested that the Court endorsed such a drastic departure from the established procedures in this action.

## CONCLUSION

When the First Objection was filed, the Insurers had at least an arguable stake in the outcome of the Receiver's Sixth Fee Application. However, given that the Receivership Estate is able to pay all funds that are at issue in the Insurers' lawsuits *and* pay both the Receiver's Sixth and Seventh Fee Applications, any theoretical interest the Insurers' may have had is now gone. For this reason, and all of the others stated herein, the Insurers' Objections should be overruled.

Respectfully submitted this 26th day of June, 2014.

>DAMIAN & VALORI LLP
>*Counsel for the Receiver*
>1000 Brickell Avenue, Suite 1020
>Miami, Florida 33131
>Telephone: 305-371-3960
>Facsimile: 305-371-3965
>
>/s/ Kenneth Dante Murena
>Kenneth Dante Murena, P.A.
>Florida Bar No. 147486
>*Admitted Pro Hac Vice*
>
>
>/s/Andrew E. Worrell
>Andrew Worrell
>Georgia Bar No.: 311027
>PETITT WORRELL CRAINE WOLFE, LLC
>*Co-Counsel for the Plaintiff*
>Suite 1030, One Glenlake
>1 Glenlake Parkway
>Atlanta, GA 30328

          Telephone: 404-249-7480
          Facsimile: 404-442-4463
          Email: Andrew@petittworrell.com

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of **The Receiver's Reply to Protective Life Insurance Company, Household Life Insurance Company and Genworth Life Insurance Company's Joint Objection to the Receiver's Seventh Interim Application for Order** was served via CM/ECF this 26th day of June, 2014, upon all counsel of record and to all parties listed on the attached Service List.

          /s/ Kenneth Dante Murena
          Kenneth Dante Murena, P.A.
          Florida Bar No. 147486
          *Admitted Pro Hac Vice*
          DAMIAN & VALORI LLP
          *Counsel for the Receiver*
          1000 Brickell Avenue, Suite 1020
          Miami, Florida 33131
          Telephone: 305-371-3960
          Facsimile: 305-371-3965

# SERVICE LIST

W. Shawn Murnahan, Esq.
  Email: murnahanw@sec.gov
Elizabeth Skola, Esq.
  Email: skolae@sec.gov
Securities and Exchange Commission
950 East Paces Ferry Road, N.E., Ste. 900
Atlanta, GA 30326
*Via CM/ECF*

Robert J. Waddell, Jr., Esq.
*Counsel for FDIC*
  Email:  rwaddell@mcguirewoods.com
Laura E. Reinhold, Esq.
  Email:  lreinhold@mcguirewoods.com
McGuire Woods, LLP
Suite 2100, Promenade II
1230 Peachtree Street, NE
Atlanta, GA  30309
*Via CM/ECF*

Kathryn Giardina
c/o Robert E.L. Garner, Esq.
  Email: relg@hsy.com
Haskell Slaughter Young & Rediker, LLC
2001 Park Place, Suite 1400
Birmingham, Alabama  35203
*Via E-Mail*

Michael J. Athans, Esq.
*Attorney for Evanston Insurance*
  Email: mathans@fieldshowell.com
191 Peachtree Street NE, Suite 4600
Atlanta, GA 30303
*Via CM/ECF*

David J. Forestner
*Attorneys for Plaintiff in Intervention,*
*Genworth Life Insurance Company*
   Email: dforestner@cfjblaw.com
Carlton Fields Jorden Burt, P.A.
One Atlantic Center, Suite 3000
1201 W. Peachtree Street
Atlanta, GA 30309
*Via CM/ECF*

Raul Cuervo
*Attorneys for Plaintiff in Intervention,*
*Genworth Life Insurance Company*
   Email: rcuervo@cfjblaw.com
Carlton Fields Jorden Burt, P.A.
Miami Tower
100 SE 2nd Steet, Suite 4200
Miami, FL 33131-2113
*Via CM/ECF*

Alexander B. Feinberg
*Attorneys for Intervening Parties*
*Protective Life Insurance Company and*
*Household Life Insurance Company*
   Email: afeinberg@maynardcooper.com
Maynard, Cooper & Gale, P.C.
1901 Sixth Avenue North
2400 Regions  Harbert Plaza
Birmingham, AL 35203
*Via CM/ECF*