IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORIGA
ATLANTA DIVISION

SECURITIES AND EXCHANGE
COMMISSION,

    Plaintiff,

v.

AUBREY LEE PRICE, et al.,

    Defendants.

Civil Action No.
1:12-cv-2296-TCB

GENWORTH LIFE INSURANCE
COMPANY, PROTECTIVE LIFE
INSURANCE COMPANY, AND
HOUSEHOLD LIFE INSURANCE
COMPANY,

    Plaintiffs in Intervention,

v.

MELANIE E. DAMIAN,
in her capacity as Receiver,

    Defendant in Intervention.
_____/

**Joint Preliminary Report and Discovery Plan**

1. **Description of Case:**

    (a)    Describe briefly the nature of this action.

1

This action is one by Intervenors Genworth Life Insurance Company ("Genworth"), Protective Life Insurance Company ("Protective"), and Household Life Insurance Company ("Household") (collectively "Insurers") to recover amounts paid to Intervention Defendant Melanie E. Damian, as court-appointed Receiver of the estate of Aubrey Lee Price, PFG, LLC, PFGBI, LLC, Montgomery Asset Management, LLC, f/k/a/ PFG Asset Management, LLC, (collectively for the purposes of this discovery plan, the "Receiver"), pursuant to three life insurance policies on the life of Aubrey Lee Price ("Price").

(b)   Summarize, in the space provided below, the facts of this case. The summary should not be argumentative nor recite evidence.

Aubrey Lee Price ("Price") was a 45-year-old resident of Valdosta, Georgia until June 16, 2012, when he disappeared after last being seen boarding the Key West Express, a commuter boat, that travels from Northern Florida to the Florida Keys. Shortly before Price boarded the boat, he was seen buying dive weights. He also wrote a detailed "confession" in which he intimated suicide. Various federal and state authorities conducted a search for Price, but could not locate him. He was subsequently declared missing at sea and presumptively dead in an Order issued by the Circuit Court of Hamilton County, Florida, although he remained on the FBI's "Most Wanted" list.

On July 2, 2012, the Securities and Exchange Commission filed suit against Price and various entities which he was affiliated with pursuant to Price's scheme to defraud investors. This Court appointed Melanie E. Damian as Receiver to marshal and preserve all Receivership assets on August 10, 2012.

On September 21, 2012, Receiver's counsel sent Intervenor Genworth Life Insurance Company a letter stating that Receiver was now the owner of Price's Genworth life insurance policy, and he requested all forms necessary to effectuate a change of the policy's ownership. On October 11, 2012, Receiver faxed Genworth a completed Ownership and beneficiary designation request for life insurance policies form. On January 14, 2013, Receiver submitted Genworth's Proof of Loss claimant statement, attached Price's presumptive death certificate, and Receiver's special insurance counsel sent Genworth a letter formally demanding $1,000,000 under the policy plus any unused premium. Receiver notified Protective and Household on the same date—January 14, 2013—that she was making a claim on Price's life insurance policies with Protective (valued at

2

$250,000) and Household (valued at $500,000) and submitted the presumptive death certificate to both insurers. On January 29, 2013, Genworth paid the death benefits under the policy in the amount of $1,038,414.48.

On February 4, 2013, Receiver completed Household's Term Life Claim Form. After receiving the death certificate and Term Life Claim Form, Household issued a payment to the Receiver on March 8, 2013 in the amount of $543,561.64.

On March 3, 2013, Receiver submitted to Protective a Claimant's Statement for Death Benefit. After receiving the death certificate and Statement for Death Benefit, Protective issued a payment to the Receiver on July 3, 2013 in the amount of $251,510.32.

The amounts paid by the Insurers to the Receiver pursuant to the Policies total $1,833,486.44 (collectively, "Payment").

On December 31, 2013, Price was discovered alive when he was arrested pursuant to a routine traffic stop. As Price was not dead, the Insurers demanded that the Receiver return the Payment. The Receiver believes she is legally entitled to retain the Payment under applicable Georgia and Florida law. Without conceding which state's law applies, the Insurers contend that the Receiver has wrongfully refused to return the Payment. The Insurers subsequently moved to intervene in this action, and the Court granted their motions on May 12, 2014. [D.E. 163].

(c)    The legal issues to be tried are as follows:

Whether the Insurers are entitled to recover the Payment from the Receiver or whether, under applicable law, the voluntary payment rule and/or the doctrine of equitable estoppel bar the Insurers' claims.

(d)    The cases listed below (include both style and action number) are:

(1)    Pending Related Cases:

None.

(2)    Previously Adjudicated Related Cases:

*In re Price*, No. 2012CA000424 (Fla. 15th Cir. Ct. 2012) (Presumptive Death Proceedings).

**2.   This case is complex because it possesses one or more of the features listed (please check):**

|       |      |                                                               |
|-------|------|---------------------------------------------------------------|
| _____ | (1)  | Unusually large number of parties                             |
| _____ | (2)  | Unusually large number of claims or defenses                  |
| _____ | (3)  | Factual issues are exceptionally complex                      |
| _____ | (4)  | Greater than normal volume of evidence                        |
| _____ | (5)  | Extended discovery period is needed                           |
| _____ | (6)  | Problems locating or preserving evidence                      |
| _____ | (7)  | Pending parallel investigations or action by government       |
| _____ | (8)  | Multiple use of experts                                       |
| _____ | (9)  | Need for discovery outside United States boundaries           |
| _____ | (10) | Existence of highly technical issues and proof                |
| _____ | (11) | Unusually complex discovery of electronically stored information |

**3.   Counsel:**

The following individually-named attorneys are hereby designated as lead counsel for the parties:

Plaintiffs:

C. Andrew Kitchen on behalf of Protective Life Insurance Company and Household Life Insurance Company

Raul A. Cuervo on behalf of Genworth Life Insurance Company

Defendant:

Jason S. Mazer on behalf of Defendant Melanie E. Damian, in her capacity as court-appointed Receiver of the estate of Aubrely Lee Price, PFG, LLC, PFGBI, LLC, Montgomery Asset Management, LLC, f/k/a/ PFG Asset Management, LLC

4.  **Jurisdiction:**

Is there any question regarding this Court's jurisdiction?

____Yes   X No

If "yes," please attach a statement, not to exceed one page, explaining the jurisdictional objection. When there are multiple claims, identify and discuss separately the claim(s) on which the objection is based. Each objection should be supported by authority.

**5. Parties to This Action:**

(a)  The following persons are necessary parties who have not been joined:

The parties are unaware of any necessary parties who have not been joined.

(b)  The following persons are improperly joined as parties:

The parties are unaware of any improperly joined parties.

(c)  The names of the following parties are either inaccurately stated or necessary portions of their names are omitted:

None.

(d)  The parties shall have a continuing duty to inform the Court of any contentions regarding unnamed parties necessary to this action or any contentions regarding misjoinder of parties or errors in the statement of a party's name.

6.  **Amendments to the Pleadings:**

Amended and supplemental pleadings must be filed in accordance with the time limitations and other provisions of Fed.R.Civ.P. 15. Further instructions regarding amendments are contained in LR 15.

(a) List separately any amendments to the pleadings that the parties anticipate will be necessary:

The Insurers may amend their Complaints to include claims against the Receiver in her individual capacity, a claim for a constructive trust, and/or a preliminary injunction.

Protective and Household may also amend their Complaints to add a claim for unjust enrichment, intentional misrepresentation, and/or negligent misrepresentation.

The Receiver may accordingly amend her Answer, Defenses, and Affirmative Defenses.

(b) Amendments to the pleadings submitted LATER THAN THIRTY DAYS after the Joint Preliminary Report and Discovery Plan is filed, or should have been filed, will not be accepted for filing, unless otherwise permitted by law.

## 7. Filing Times For Motions:

All motions should be filed as soon as possible. The local rules set specific filing limits for some motions. These times are restated below.

All other motions must be filed WITHIN THIRTY DAYS after the beginning of discovery, unless the filing party has obtained prior permission of the court to file later. Local Rule 7.1A(2).

(a) Motions to Compel: before the close of discovery or within the extension period allowed in some instances. Local Rule 37.1.

(b) Summary Judgment Motions: within thirty days after the close of discovery, unless otherwise permitted by court order. Local Rule 56.1.

(c) Other Limited Motions: Refer to Local Rules 7.2A; 7.2B, and 7.2E, respectively, regarding filing limitations for motions pending on removal, emergency motions, and motions for reconsideration.

(d) Motions Objecting to Expert Testimony: Daubert motions with regard to expert testimony no later than the date that the proposed pretrial order is submitted. Refer to Local Rule 7.2F.

**8.     Initial Disclosures:**

The parties are required to serve initial disclosures in accordance with Fed.R.Civ.P. 26. If any party objects that initial disclosures are not appropriate, state the party and basis for the party's objection. NOTE: Your initial disclosures should include electronically stored information. Refer to Fed.R.Civ.P. 26(a)(1)(B).

The parties have agreed that initial disclosures will occur on July 17, 2014.

**9.     Request for Scheduling Conference:**

Does any party request a scheduling conference with the Court? If so, please state the issues which could be addressed and the position of each party.

The Insurers request a scheduling conference to discuss the possibility of resolving the Insurers' claims on an expedited basis, as counsel for the Receiver has stated they will stipulate to most of the facts at issue. As a result, the Insurers believe that this Court can resolve the Insurers' claims on an expedited basis, after which time the Receiver can continue the work of marshalling and distributing assets that rightfully belong in the Receivership Estate without having to devote additional time and energy to responding to the Insurers' claims.

The Receiver opposes the Insurers' request for a scheduling conference given this matter's four-month discovery track and given the fact discovery that will need to be completed to prepare for summary judgment. However, the Receiver agrees that many relevant facts can be stipulated to and accordingly proposes that the parties enter into a stipulation of facts by August 18, 2014, to streamline discovery.

**10.    Discovery Period:**

The discovery period commences thirty days after the appearance of the first defendant by answer to the complaint. As stated in LR 26.2A, responses to initiated discovery must be completed before expiration of the assigned discovery period.
Cases in this Court are assigned to one of the following three discovery tracks: (a) zero month discovery period, (b) four months discovery period, and (c)

eight months discovery period. A chart showing the assignment of cases to a discovery track by filing category is contained in Appendix F. The track to which a particular case is assigned is also stamped on the complaint and service copies of the complaint at the time of filing.

Please state below the subjects on which discovery may be needed:

Any information pertaining to the facts alleged in Insurers' respective Complaints and the Receiver's Answer, Defenses, and Affirmative Defenses.

If the parties anticipate that additional time beyond that allowed by the assigned discovery track will be needed to complete discovery or that discovery should be conducted in phases or be limited to or focused upon particular issues, please state those reasons in detail below:

The Receiver respectfully requests an additional sixty (60) days to complete discovery beyond that allowed by the assigned discovery track. The Receiver's counsel is lead counsel in a $70 million, multi-party federal jury trial commencing on November 3, 2014, the same date that discovery in this matter is scheduled to close. The trial is expected to continue for up to three weeks.

**11.   Discovery Limitation and Discovery of Electronically Stored Information:**

(a)   What changes should be made in the limitations on discovery imposed under the Federal Rules of Civil Procedure or Local Rules of this Court, and what other limitations should be imposed?

The parties do not have proposed changes to these rules.

(b)   Is any party seeking discovery of electronically stored information?

X Yes        ____ No

If "yes,"

(1)   The parties have discussed the sources and scope of the production of electronically stored information and have agreed to limit the scope

8

of production (e.g., accessibility, search terms, date limitations, or key witnesses) as follows:

The parties do not anticipate any impediments to the production of electronically stored information.

(2) The parties have discussed the format for the production of electronically stored information (e.g., Tagged Image File Format (TIFF or .TIF files), Portable Document Format (PDF), or native), method of production (e.g., paper or disk), and the inclusion or exclusion and use of metadata, and have agreed as follows:

The parties do not anticipate any impediments to the production of electronically stored information and agree that electronically stored information will be produced in collapsed/compiled Portable Document Format (PDF) to the extent possible.

In the absence of agreement on issues regarding discovery of electronically stored information, the parties shall request a scheduling conference in paragraph 9 hereof.

## 12. Other Orders:

What other orders do the parties think that the Court should enter under Rule 26(c) or under Rule 16(b) and (c)?

None.

## 13. Settlement Potential:

(a) Lead counsel for the parties certify by their signatures below that they conducted a Rule 26(f) conference that was held on <u>June 23, 2014</u>, and that they participated in settlement discussions. Other persons who participated in the settlement discussions are listed according to party.

For plaintiffs:        Lead counsel's (signatures):

/s/ C. Andrew Kitchen
C. Andrew Kitchen


/s/ Raul A. Cuervo (w/ permission)
Raul A. Cuervo


For defendant:         Lead counsel (signature):

/s/ Jason S. Mazer (w/ permission)
Jason S. Mazer


Other participants:    _____


(b)     All parties were promptly informed of all offers of settlement and following discussion by all counsel, it appears that there is now:

      (_____) A possibility of settlement before discovery.
      (__X__) A possibility of settlement after discovery.
      (_____) A possibility of settlement, but a conference with the judge is needed.
      (_____) No possibility of settlement.


(c)     Counsel(__X__) do or (_____) do not intend to hold additional settlement conferences among themselves prior to the close of discovery. The proposed date of the next settlement conference is October 1, 2014.

(d)     The following specific problems have created a hindrance to settlement of this case.

While the parties have discussed the possibility of settlement, the parties require additional information which may affect the resolution of the underlying dispute in this case.

**14.    Trial by Magistrate Judge:**

Note: Trial before a Magistrate Judge will be by jury trial if a party is otherwise entitled to a jury trial.

(a)     The parties (_____) do consent to having this case tried before a magistrate judge of this Court. A completed Consent to Jurisdiction by a United States Magistrate Judge form has been submitted to the clerk of court this ___ day of _____, of 2014.

(b)     The parties (__X__) do not consent to having this case tried before a magistrate judge of this Court.


/s/ C. Andrew Kitchen                                  /s/ Raul A. Cuervo (w/ permission)
Counsel for Plaintiffs


/s/ Jason S. Mazer (w/ permission)
Counsel for Defendant

This 3rd day of July, 2014.

11

## RULE 5.1 CERTIFICATE OF COMPLIANCE

Counsel for the parties hereby certify that the foregoing has been prepared with one of the font and point selections approved by the Court in LR 5.1C: Times New Roman (14 point).

/s/ David J. Forestner
David J. Forestner

## CERTIFICATE OF SERVICE

I hereby certify that, on this 3rd day of July, 2014, the foregoing was electronically filed with the Clerk of the Court using the CM/ECF system, which will send a notification to the attorneys of record in this matter who are registered with the Court's CM/ECF system and listed below.

Kenneth Dante Murena
Guy Giberson
DAMIAN & VALORI LLP
1000 Brickell Avenue
Suite 1020
Miami, FL 33131

Andrew Worrell
PETITT WORRELL CRAINE WOLFE, LLC
Suite 1030, One Glenlake
1 Glenlake Parkway
Atlanta, GA 30328

Jason S. Mazer
Florida Bar No. 0149871
VER PLOEG & LUMPKIN, P.A.
100 S.E. 2nd Street, 30th Floor
Miami, Florida 33131

David J. Forestner
CARLTON FIELDS JORDEN BURT, P.A.
One Atlantic Center, Suite 3000
1201 W. Peachtree Street
Atlanta, GA 30309

Raul Cuervo
CARLTON FIELDS JORDEN BURT, P.A.
Miami Tower
100 SE 2nd Street, Suite 4200
Miami, FL 33131-2113

C. Andrew Kitchen
Christopher C. Frost
Alexander B. Feinberg
MAYNARD, COOPER & GALE, P.C.
1901 Sixth Avenue North
2400 Regions Harbert Plaza
Birmingham, AL 35203

/s/ David J. Forestner
David J. Forestner

\* \* \* \* \* \* \* \* \* \* \* \* \*
## SCHEDULING ORDER

Upon review of the information contained in the Joint Preliminary Report and Discovery Plan form completed and filed by the parties, the Court orders that the time limits for adding parties, amending the pleadings, filing motions, completing discovery, and discussing settlement are as set out in the Federal Rules of Civil Procedure and the Local Rules of this Court, except as herein modified:

IT IS SO ORDERED, this ___ day of _____, 2014.

_____
UNITED STATES DISTRICT JUDGE