EXHIBIT A

**EXHIBIT A**

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

CASE NO. 1:12-cv-2296-TCB

Securities and Exchange Commission,

    Plaintiff,

vs.

Aubrey Lee Price, PFG, LLC, PFGBI, LLC, Montgomery Asset Management, LLC f/k/a PFG Asset Management, Montgomery Asset Management, LLC f/k/a PFG Asset Management,

    Defendants.

_____/

Genworth Life Insurance Company, Protective Life Insurance Company, Household Life Insurance Company,

    Plaintiffs in Intervention,

vs.

Melanie E. Damian, as Receiver for the Estate of Aubrey Lee Price, PFG, LLC, PFGBI, LLC, Montgomery Asset Management, LLC f/k/a PFG Asset Management, Montgomery Asset Management, LLC f/k/a PFG Asset Management,

    Defendant in Intervention.

_____/

## RECEIVER'S FIRST REQUEST FOR PRODUCTION OF DOCUMENTS, REQUEST FOR ADMISSIONS, AND INTERROGATORIES TO GENWORTH LIFE INSURANCE COMPANY

Defendant in Intervention, Melanie E. Damian, as Receiver for the Estate of Aubrey Lee Price, PFG, LLC, PFGBI, LLC, Montgomery Asset Management, LLC f/k/a PFG Asset Management, Montgomery Asset Management, LLC f/k/a PFG Asset Management ("Defendant," or the "Receiver"), pursuant to Federal Rules of Civil Procedure 26, 33, 34, and 36, request that Plaintiff in Intervention, Genworth Life Insurance Company ("Genworth") produce the following documents to the law offices of Ver Ploeg & Lumpkin, P.A., 100 S.E. Second Street, 30th Floor, Miami, Florida 33131, within the time and in the manner prescribed by the Rules.

## DEFINITIONS AND INSTRUCTIONS

A.  The terms "you," "your" and "Genworth," mean Genworth Life Insurance Company and/or its predecessors, successors, subsidiaries, or affiliates, including agents, employees, representatives, adjusters, independent contractors, attorneys, and all other persons acting or purporting to act on its behalf.

B.  The terms "us" and "Receiver" mean Melanie E. Damian, as Receiver for the Estate of Aubrey Lee Price, PFG, LLC, PFGBI, LLC, Montgomery Asset Management, LLC f/k/a PFG Asset Management, Montgomery Asset

Management, LLC f/k/a PFG Asset Management, in addition to the Receiver's counsel and the Receiver's other agents.

C. The term "Person" means any natural person, individual, proprietorship, partnership, corporation, association, organization, joint venture, firm, other business enterprise, governmental body, group of natural persons or other entity.

E. The term "Policy" refers to Policy No. 10008910, which insured the life of Mr. Aubrey Lee Price on or about August 17, 2004.

F. The term "Claim" refers to any request for the death benefits due under the Policy, including but not limited to the Receiver's claim for the benefits. The term also specifically encompasses any investigation or activity by "Genworth" pertaining to Aubrey Lee Price.

G. The term "date" shall mean the exact date, month and year, if ascertainable or, if not, the best approximation of the date.

H. The term "agent" shall mean any agent, employee, officer, director, attorney, independent contractor or any other person acting at the direction of or on behalf of another.

I. The term "document" or "documents" means any written or graphic matter or other means of preserving thought or expression and all tangible things from which information can be processed or transcribed, including the originals

and all non-identical copies, whether different from the original by reason of any notation made on such copy or otherwise, including, but not limited to, correspondence, memoranda, notes, messages, letters, telegrams, teletype, telefax, bulletins, meetings or other communications, interoffice and intraoffice telephone calls, diaries, claim diaries, chronological data, minutes, books, reports, studies, summaries, pamphlets, printed matter, charts, ledgers, invoices, worksheets, receipts, returns, computer printouts, prospectuses, financial statements, schedules, affidavits, contracts, canceled checks, statements, transcripts, statistics, surveys, magazine or newspaper articles, releases (any and all drafts, alterations and modifications, changes and amendments of any of the foregoing), graphic or natural records or representations of any kind (including without limitation photographs, microfiche, microfilm, videotape, recordings, motion pictures) and electronic, computer, mechanical or electric records or representations of any kind (including without limitation tapes, cassettes, computer discs and records). If data is stored on computer or electronic media (inter-company email, for example), produce hard copies of each such document.

J.   The term "document" or "documents" specifically includes electronically stored information ("ESI"), including information created, manipulated, communicated, stored, and utilized in digital form, including but not limited to computer hardware and software, primary files, copies, versions,

metadata, application software, system data, legacy data, backup data. For any ESI, it is requested that such information be produced as follows: 1) email shall be produced in portable document format (PDF) with all applicable metadata viewable (including complete header data in addition to the To/From/Date/Subject items); word processing documents shall be produced in native format with all applicable metadata (including originating path and filename, and origination MAC dates for each file) viewable; voice mail messages shall be produced in WAV file format with all applicable metadata (e.g., date and time of voice message, mailbox user name, sender's name and forwarding of message information) viewable; all other ESI shall be produced in the form that it is kept in the ordinary course of business; i.e., its native format, together with any necessary application software or other programs to enable the Receiver to read and copy the information unless the parties subsequently agree to the form/format of production upon the receipt of the information necessary to permit the Receiver to make that election.

K.  The term "all documents" means every document or group of documents as defined above that are known to you or that can be located or discovered by reasonably diligent efforts.

L.  The term "identify," when referring to an individual, shall mean identification by (i) name, (ii) title or occupation, and (iii) present or last known

home and business address; and when referring to a corporation or other entity, shall mean identification by (i) name, (ii) principal place of business, and (iii) if applicable, the names and identification of any officers, employees, or agents involved.

M. The term "describe" and "description," when referring to a document, shall mean providing the following: (i) the title and type of document, (ii) the general subject matter of the document, (iii) the identity of the author and each addressee, (iv) the date on the document or the date the document was prepared, and (v) the present custodian of the original or each copy thereof. When referring to an act, event, occurrence, occasion, meeting, transaction, or conduct, "describe" and "description" shall mean an explanation in detail of the facts and surrounding circumstances of such event or events and the location, date, and identity of al persons participating, present, or otherwise involved.

N. As used herein the singular shall include the plural, the plural shall include the singular, and masculine, feminine, and neuter pronouns shall include each of the other genders.

O. When producing documents, please keep all documents segregated by the file in which the documents are contained, and indicate the name of the file in which the documents are contained and the names of the documents being

produced. Cover pages drafted by counsel may be used to indicate the beginning of a new file when documents are produced in collapsed or compiled PDF format.

P.  In the event such files or documents have been removed for the purposes of this action or for some other purpose, please state the name and address of the person who removed the file, the title of the file and each sub-file, if any, maintained within the file, and the present location of the file.

Q.  If any documents responsive to these Requests are no longer in your possession, please indicate:

  a)  when you possessed, examined, received, or were aware of any such documents;

  b)  where you possessed, examined, viewed, or knew they were kept;

  c)  where any such documents may be at present, to the best of your knowledge;

  d)  if any such documents were destroyed, state when, where, by whom, in what manner, and the reason for their destruction.

R.  In the event any Request calls for production of information that you contend is privileged, attorney work product or trial preparation materials, in whole or in part, the information should be produced to the fullest extent possible consistent with such claim of privilege. If privilege is claimed as to a document, at

least the following information should be furnished: the nature, date, subject matter, and author of the document, as well as the names and job titles of all persons by whom the document was received, and the paragraph number of this discovery request to which the document responds. You are further required to set forth as to any document for which a privilege or immunity is claimed: the nature of the privilege or immunity claimed, the grounds relied upon for the claim (with specificity), the person who claims the privilege or immunity, and whether there has been any waiver. If there has been a waiver, provide a detailed description of the circumstances surrounding the waiver.

S. This Request for Production shall be deemed to be continuing, and it is requested that you serve upon us by supplementary responses any information requested herein that is unavailable at the time responses hereto are submitted, but which becomes available to you prior to the termination of this case.

## DOCUMENTS REQUESTED

1. A complete certified copy of the Policy, including any amendments or endorsements thereto.

2. The entire claim file(s) for the Claim, whether local, field, regional or home office, including files held by any entity affiliated, contractually or otherwise, with Genworth. This Request includes but is not limited to the claim file jacket(s), notes, claim notes, system notes, investigative reports, daily diaries,

communication logs, statistical and coding information, letters, reports, media reports or news articles, invoices and billing, records of phone calls, e-mails, or other documents addressing the Claim. This Request specifically includes any claim-related files maintained by claims management agencies, internal and external investigators, or independent adjusters assigned to this Claim. If any requested information is electronically stored and has not already been reproduced in the claim file(s), produce a screenshot or screen capture of the electronically stored information.

    3.    All documents reflecting communications between Genworth and the Receiver concerning the Policy.

    4.    All documents reflecting communications between Genworth and the Receiver concerning the Claim.

    5.    All documents reflecting communications between Genworth and any other person, entity, or third-party concerning the Policy.

    6.    All documents reflecting communications between Genworth and any other person, entity, or third-party concerning the Claim.

    7.    All documents that support your contention that Genworth is entitled to a return of the Policy's benefits.

    8.    All documents containing information relevant to any of Genworth's claims in this matter.

9

9. All documents reflecting communications between Genworth and any law enforcement officers or investigators concerning Aubrey Lee Price, including but not limited to any in-house or privately-retained investigators and any reports by such law enforcement officers or investigators.

10. All documents reflecting Genworth's assessment or opinion regarding any investigations into or of Aubrey Lee Price's alleged death, including but not limited to all documents in which you took the position that Price was alive following his disappearance on June 12, 2012.

11. All documents reflecting communications between Genworth and any of its reinsurers regarding the Claim or the Policy.

12. All documents governing or relating to the policies, procedures, guidelines, or best practices of Genworth's payment of life insurance benefits, including but not limited to those addressing claims investigations prior to the payment of death benefits.

13. All documents governing or relating to the policies, procedures, guidelines, or best practices of Genworth's employees or agents relating to the circumstances where: (a) an insured is reported missing; or (b) an insured's death or the circumstances relating thereto are inconclusive, uncertain, or questionable; or (c) an insured's death is merely presumptive or is based upon the receipt of a presumptive death certificate.

14. All documents governing or relating to Genworth's policies, procedures, guidelines, or best practices concerning the payment of life insurance benefits subject to a reimbursement condition or agreement with the insured's beneficiary.

15. All documents reflecting any internal accounting of the Policy or Claim benefits, including but not limited to any calculations reflecting the total Policy premiums paid from the Policy's inception until payment of the Claim.

16. Any recordings of oral communications relating to the Claim or the Policy.

17. All documents evidencing or relevant to Genworth's investigation into Aubrey Lee Price's alleged death.

18. All documents that you generated, reviewed, or relied upon in deciding to pay the Claim.

19. All documents or communications in any way related to the issue of whether Aubrey Lee Price was alive or dead following his disappearance on June 16, 2012.

## REQUESTS FOR ADMISSIONS

1. Admit that, prior to its payment of the Claim, Genworth was aware that Aubrey Lee Price was declared presumptively dead.

2.  Admit that the Policy was properly reassigned to the Receiver pursuant to Judge Batten's *Order Appointing Receiver*, D.E. 20.

3.  Admit that Genworth did not contest any proceedings or court order declaring Aubrey Lee Price presumptively dead prior to its payment of the Claim.

4.  Admit that Genworth did not condition its payment of the Claim upon reimbursement by the Receiver if Aubrey Lee Price was later proven to be alive.

5.  Admit that Genworth did not contest payment of the Claim prior to its payment of the Claim.

6.  Admit that Genworth does not contend that the Receiver's conduct in making the Claim for the Policy's death benefits was fraudulent.

7.  Admit that, at the time Genworth paid the Claim, it had some doubt concerning whether Aubrey Lee Price was in fact deceased.

8.  Admit that, prior to making payment on the Claim, Genworth was aware that Aubrey Lee Price remained wanted by law enforcement, including by the FBI.

## INTERROGATORIES

1.  Identify all Genworth employees, agents, independent contractors, investigators, or other persons or entities with knowledge of any of Genworth's conduct or actions pertaining to Aubrey Lee Price after June 16, 2012.

2. Describe all steps Genworth took in determining whether Aubrey Lee Price was dead or alive prior to payment of the Claim, including but not limited to any investigation or investigative reports you conducted, retained, or reviewed in making said determination.

3. Identify each and every individual with whom Genworth communicated about Aubrey Lee Price after June 16, 2012. For each individual identified, identify the name of the individual, the dates and times of any conversation with that individual, and describe the contents of the communication.

4. Describe the legal basis for your contention that Genworth is entitled to a return of the Policy's death benefits, including but not limited to the claims in your Complaint in intervention or any other applicable claims.

5. Identify each person from whom you have obtained a written, oral, or recorded statement, or with whom you have otherwise communicated about any matter relating to the Policy or Claim, this lawsuit, or the claims alleged in Genworth's Complaint in intervention.

6. Identify all employees or agents of the Receiver with whom you communicated regarding the Policy or the Claim prior to your payment of the Claim, including the date and substance of each communication.

Respectfully submitted,

**VER PLOEG & LUMPKIN, P.A.**

_____
**Jason S. Mazer**
Florida Bar No. 0149871
jmazer@vpl-law.com
**Matthew L. Baldwin**
Florida Bar No. 27463
mbaldwin@vpl-law.com
100 S.E. 2nd Street, 30th Floor
Miami, Florida 33131
Telephone: (305) 577-3996
Facsimile: (305) 577-3558
*Special Insurance Counsel for the Receiver, Admitted Pro Hac Vice*

and

**DAMIAN & VALORI, LLP**
**Kenneth Dante Murena, P.A.**
Florida Bar No. 147486
kmurena@dvllp.com
**Guy F. Giberson, P.A.**
Florida Bar No. 627402
ggiberson@dvllp.com
1000 Brickell Avenue, Suite 1020
Telephone: (305) 371-3960
Facsimile: (305) 371-3965
*Counsel for the Receiver, Admitted Pro Hac Vice*

and

**PETITT WORRELL CRAINE WOLFE, LLC**
**Andrew Worrell, Esquire**
Georgia Bar No. 311027
<u>Andrew@petittworrell.com</u>
Suite 1030, One Glenlake
1 Glenlake Parkway
Atlanta, Georogia 30328
Telephone: (404) 249-7480
Facsimile: (404) 442-4463
*Co-Counsel for the Receiver*

## **LOCAL RULE 7.1D CERTIFICATION**

By signature below, counsel certifies that the foregoing document was prepared in Times New Roman, 14-point font in compliance with Local Rule 5.1B.

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that a true and correct copy of the foregoing was served *via* electronic mail this 21st day of July 2014 upon: all counsel of record identified on the attached Service List.

_____
Jason S. Mazer

| SERVICE LIST ||
|---|---|
| **Madison Graham Loomis, Esq.**<br>**W. Shawn Murnahan, Esq.**<br>Securities & Exchange Commission-GA<br>950 East Paces Ferry Road, N.E.<br>Suite 900<br>Atlanta, Georgia 30326<br>Telephone: (404) 842-7600<br>Email: loomism@sec.gov<br>Email: murnahanw@sec.gov<br>*Securities and Exchange Commission* | **Robert J. Waddell, Jr., Esq.**<br>**Laura E. Reinhold, Esq.**<br>MCGUIRE WOODS, LLP<br>Suite 2100, Promenade II<br>1230 Peachtree Street, N.E.<br>Atlanta, Georgia 30309<br>Telephone: (404) 443-5500<br>Email: rwaddell@mcguirewoods.com<br>Email: lreinhold@mcguirewoods.com<br>*Counsel for FDIC* |
| **Peter D. Muller**<br>GOODMAN MCGUFFEY LINDSEY &<br>JOHNSON, LLP<br>Suite 300<br>532 Stephenson Avenue<br>Savannah, GA 31405-5987<br>Telephone: (912) 503-2170<br>pmuller@gmlj.com<br>*Counsel for Receiver, Melanie Damian* | **David J. Forestner, Esq.**<br>CARLTON FIELDS JORDEN BURT, P.A.<br>One Atlantic Center, Suite 3000<br>1201 W. Peachtree Street<br>Atlanta, Georgia 30309<br>Telephone: (404) 815-3400<br>Email: dforestner@cfjblaw.com<br>*Counsel for Plaintiff in Intervention,*<br>*Genworth Life Insurance Company* |
| **Christopher C. Frost, Esq.**<br>**C. Andrew Kitchen, Esq.**<br>**Alexander B. Feinberg, Esq.**<br>MAYNARD, COOPER & GALE, P.C.<br>1901 Sixth Avenue North<br>2400 Regions Harbert Plaza<br>Birmingham, Alabama 35203<br>Telephone: (205) 254-1186<br>Email: cfrost@maynardcooper.com<br>Email: dkitchen@maynardcooper.com<br>Email: afeinberg@maynardcooper.com<br>*Counsel for Plaintiffs in Intervention,*<br>*Protective Life Insurance Company and*<br>*Household Life Insurance Company* | **Raul Cuervo, Esq.**<br>CARLTON FIELDS JORDEN BURT, P.A.<br>100 S.E. 2nd Street<br>Suite 4200<br>Miami, Florida 33131<br>Telephone: (305) 530-0050<br>Email: rcuervo@cfjblaw.com<br>*Counsel for Plaintiff in Intervention,*<br>*Genworth Life Insurance Company* |

| | |
|---|---|
| **Alan Francis Curley** <br> ROBINSON CURLEY & CLAYTON, P.C. <br> 300 South Wacker Drive <br> Chicago, IL 60606 <br> Telephone: (312) 663-3100 <br> acurley@robinsoncurley.com <br> *Counsel for Plaintiffs in Intervention, Genworth Life Insurance Company* | **Philip Keith Lichtman** <br> MILLS, PASKERT, DIVERS P.C. <br> Suite 1550 <br> 1355 Peachtree Street NE <br> Atlanta, GA 30309 <br> 404-870-8200 <br> klichtman@mpdlegal.com <br> *Counsel for Plaintiffs in Intervention, St. Paul Mercury Insurance Company* |