# THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

SECURITIES AND EXCHANGE

    Plaintiff,

Case No. 1:12-CV-2296-TCB

v.

AUBREY LEE PRICE *et al.*

    Defendants.


GENWORTH LIFE INSURANCE
COMPANY

    Plaintiff in Intervention

v.

MELANIE DAMIAN,
In her capacity as Receiver,

    Defendant in Intervention.
_____/

## **STIPULATED PROTECTIVE ORDER**

Plaintiff in Intervention, Genworth Life Insurance Company, and Defendant in Intervention, Melanie Damian, in her capacity as Receiver, through their undersigned attorneys, hereby stipulate that the following procedures and provisions shall apply to all discovery in the above-captioned civil action (the "Action") in order to protect sensitive business information, proprietary information, trade secrets and other confidential information, and privacy rights of

the parties or certain non-parties. The fact that Plaintiff in Intervention, Genworth Life Insurance Company, and Defendant in Intervention, Melanie Damian, in her capacity as Receiver, have agreed to the entry of this Stipulated Protective Order ("Protective Order") is not, and should not be construed as, a waiver by any party (or non-party) of any privilege or objection to any particular discovery request.

**I.     DEFINITIONS**

A. "Party" means the Plaintiff in Intervention, Genworth Life Insurance Company, or the Defendant in Intervention, Melanie Damian, in her capacity as Receiver, identified above.

B. "Non-Party" means any person or entity not a Party who produces documents or other information or provides testimony in response to a subpoena or other process in this Action.

C. "Material" is defined as documents, electronically stored information, records, tangible materials, testimony, responses to discovery, and other information produced at any time by a Party or Non-Party in discovery in this Action.

D. "Confidential Material" is defined as Material that any Party or Non-Party considers in good faith to be confidential information relating to: trade secrets, research, development, strategic planning, financial, commercial, confidential, sensitive or proprietary business, or personal information (e.g.,

private medical information or private identifying information) which, if disclosed, might adversely affect the competitive position or business operations of the Party or Non-Party producing such materials, or invade the privacy rights of any person. Each Party or Non-Party that designates information or items for protection under this Protective Order must take care to limit any such designation to specific material that qualifies under the appropriate standards.

  E. The "Designator" is any Party or Non-Party who produces Material in this Action and designates any such Material as "CONFIDENTIAL."

**II. DESIGNATION OF MATERIALS AS "CONFIDENTIAL"**

  A. Any Party or Non-Party who produces Material in the course of discovery in this Action may designate such Material as Confidential Material if that Party or Non-Party believes in good faith that the Material satisfies the definition of Confidential Material, as set forth in Paragraph I.D.

  B. The Designator shall mark the word "CONFIDENTIAL" on the face of each document and each page so designated at the time it is produced or served, or, in the case of Confidential Material contained in or on media other than paper, by affixing such a label to the information or by using its best efforts to identify the information as Confidential Material.

  C. In the event that a Party desires to designate specific answers or responses to interrogatories or requests for admission as Confidential Material, the

Party shall insert the word "CONFIDENTIAL" in brackets at the beginning of the specific answer or response.

     D.    In the case of depositions, designation of the portion of the transcript (including exhibits) which contains Confidential Material shall be made within thirty (30) business days after receipt of the transcript by stamping "CONFIDENTIAL" on the pages that contain Confidential Material and notifying all Parties in writing of the page and line numbers which have been designated as Confidential Material. In the absence of an agreement on the record or in writing, or an order of the Court to the contrary, all deposition testimony shall be deemed Confidential Material until the expiration of the aforementioned thirty business days.

     E.    For purposes of this Action, no Party concedes that any Material designated by any other Designator as Confidential Material has been properly designated as Confidential Material. A Party shall not be obligated to challenge the propriety of the designation of Material as "CONFIDENTIAL" at the time made, and the failure to do so shall not preclude a subsequent challenge in this or any other action. If a Party challenges a designation, it shall give written notice to the Designator, and the Party and the Designator shall attempt to resolve any challenge in good faith on an informal basis ("meet and confer"). If the challenge cannot be informally resolved, the Party challenging the designation may seek

appropriate relief from the Court; however, the burden of proof shall be on the Designator. The Material shall continue to be treated as Confidential Material until the issue relating to the propriety of the designation has been resolved.

  F. Any Designator may, at any time, withdraw the "CONFIDENTIAL" designation of any Material produced by that Designator.

  G. The inadvertent failure to designate or withhold any Material as confidential will not be deemed to waive a later claim as to its confidential nature, or to preclude the producing Party from designating such Material as confidential at a later date in writing and with particularity. The Material shall be treated by the receiving Party as Confidential Material from the time the receiving Party is notified in writing of the change in the designation.

**III. USE AND HANDLING OF CONFIDENTIAL MATERIAL**

  A. Confidential Material shall be used only for purposes of preparing for and litigating this Action (including appeals) and not for any other action or other purpose.

  B. Access to Confidential Material shall be closely controlled and limited to individuals who have a demonstrable and bona fide need to review it. Confidential Material shall not be revealed or disclosed, directly or indirectly, in any manner or in any form, to any person, entity, or judicial tribunal other than:

1. Counsel of record and any other counsel for the above-referenced Parties, members of their firms and associates, associate attorneys, contract lawyers, paralegals, clerical, and other employees or agents of such counsel who are assisting in the conduct and/or management of this Action;

2. In-house counsel of Plaintiff in Intervention, and paralegal, clerical, and other employees assisting in-house counsel;

3. Party deponents, current and former employees, officers, members, or directors of Plaintiff in Intervention or its affiliates who are assisting in the conduct of this Action;

4. Defendant in Intervention, to the extent counsel of record determines in good faith that such disclosure is necessary to provide assistance in connection with this Action;

5. The United States District Court, the Court of Appeals, the Supreme Court of the United States, court personnel, court reporters, and any jury empaneled in this Action;

6. Third-party deponents and trial witnesses in this Action and their counsel for purposes of this Action;

7. Consultants, experts, and outside litigation support personnel retained by counsel for any of the above-referenced Parties to assist the Party in the preparation and/or litigation of this Action;

8. Any mediator retained by the above-referenced Parties or appointed by the Court, and employees of such mediator who are assisting in the conduct of the mediation;

9. The person or entity that wrote or received the document or gave the testimony designated as "CONFIDENTIAL"; and

10. Others, if the Designator so agrees in writing or, for good cause shown, the Court so permits.

C. Before any person described in Paragraphs III.B.4, III.B.6, III.B.7, and III.B.10 is given access to Confidential Material, the person (or the Party's counsel) shall review the Protective Order and agree in writing (by signing the Acknowledgement attached hereto as Exhibit A) to be bound by this Protective Order. A copy of the Acknowledgement, together with a list of Confidential Material disclosed to the person and the date of disclosure, shall be retained by counsel disclosing Confidential Material until the conclusion of this litigation, including all appeals. Absent an individual's Acknowledgement, a copy of this Order shall accompany any Confidential Material disclosed by a Party's counsel.

D. If Confidential Material is to be disclosed during a deposition or trial, the agreement to be bound and consent to jurisdiction may be made on the record and under oath, rather than in writing. No person to whom Confidential Material is disclosed may disclose such Confidential Material to any person other than those persons described in Paragraph III.B., above.

E. All persons who have access to Confidential Material at any time shall take all precautions necessary to prohibit access to such Confidential Material other than as provided for herein.

F. Any summaries or copies of Confidential Material shall bear the appropriate legend set forth in Paragraph II.B., above, and shall be subject to the

terms of this Protective Order to the same extent as the information or document from which such summary or copy is made.

G. *The parties hereby acknowledge and incorporate this Court's confidentiality agreement provisions, and all such provisions are deemed to be controlling and expressly incorporated herein by reference* [D.E. 6]. No Party or Non-Party shall file with the Court in this action documents which have been designated as Confidential Material without first obtaining leave of Court to file such Confidential Material under seal, or written agreement of the Designator; provided, however, that nothing in this Protective Order shall prohibit the Parties from referencing or quoting from documents that have been designated Confidential so long as such references or quotations are not themselves Confidential. Written agreement of the Designator may be given to the receiving party to file a document containing Confidential Material not under seal, in a redacted form, if the Designator identifies in writing the Confidential Material to be redacted, and the receiving party redacts all such Confidential Material prior to filing the document. The parties acknowledge that this Protective Order creates no entitlement to file Confidential Material under seal. If any party wishes to file Material under seal with the Court that incorporates or discloses Confidential Material, said party must obtain leave of Court before these documents may be filed under seal. After receiving Court approval, such party shall submit such

pleadings or other submissions under seal.

  H. Within sixty (60) days after final termination of this Action (including any appeal or related proceedings in the United States District Court, Court of Appeals, and the Supreme Court of the United States), either by final judgment or settlement, all persons and entities in possession of Confidential Material shall either destroy the information and all copies thereof or return the information and all copies thereof to the Designator, at the election of the Designator.  Counsel shall certify in writing upon request of the Designator that all Confidential Material and copies thereof have been handled in accordance with this paragraph.

**IV.** **GENERAL PROVISIONS**

  A. Nothing contained in this Protective Order shall restrict or limit any Party's right to present Confidential Material to a jury or a court during a trial or other hearing in this Action, and the parties shall take reasonable steps to maintain the confidentiality of such information at a hearing or at trial in such manner as the Court may direct.  The use of Confidential Material at trial shall be governed by the pretrial order.

  B. If any Party receives a subpoena or order demanding the production of any Material designated hereunder as "CONFIDENTIAL," the party receiving such subpoena or order shall, within ten (10) days of the receipt of such request

and not less than ten (10) days prior to the production of any Confidential Material, notify the Designator of such subpoena or order.

C. This Protective Order shall not apply to information or tangible items obtained by means independent of production by a Party or Non-Party through discovery or other proceedings in this Action. The restrictions set forth in this Protective Order shall not apply to any Material which, at the time of production, is within the public domain, or which the Designator subsequently released into the public arena.

D. Neither this Protective Order, production or disclosure of Material under this Protective Order, nor designation or failure to designate Material under this Protective Order, shall constitute a waiver of the right of the Designator to maintain the trade secret status or confidentiality of that Material in other contexts.

E. This Protective Order may be modified or amended by agreement of the Parties with the approval of the Court. To the extent that the Parties fail to agree on a modification proposed by any Party, nothing contained herein shall be deemed to preclude any Party from moving the Court, for good cause shown, for a ruling that modifies this Protective Order in any respect.

F. Notwithstanding anything contained herein to the contrary, counsel shall be permitted to retain copies of all court filings, transcripts, exhibits, correspondence, and work product containing or reflecting Confidential Materials

after final termination of this Action; provided, however, that they shall treat such materials as confidential.

G.	This Protective Order shall not be construed as waiving any right to assert a claim of privilege or objection as to relevance, admissibility or other grounds for not producing Material.

H.	This Protective Order shall survive and continue to be binding after the conclusion of this Action, and this Court shall retain jurisdiction to enforce the provisions of this Protective Order.

I.	This Protective Order will become effective as an agreement when signed by the Parties. This Protective Order shall apply retroactively to all discovery materials produced since the inception of this Action. Any Material produced prior to the signing of this Protective Order shall be treated as Confidential upon designation as set forth above.

## V.	INADVERTENT DISCLOSURE OF PROTECTED OR PRIVILEGED INFORMATION

A.	The inadvertent disclosure of Material covered by the attorney-client privilege or work-product protection shall be governed by Federal Rule of Evidence 502 and this Protective Order.

B.	If, in connection with the pending litigation, a Party (the "Disclosing Party') inadvertently discloses information subject to a claim of attorney-client

privilege or work-product protection ("Inadvertently Disclosed Information"), the disclosure of the Inadvertently Disclosed Information shall not constitute or be deemed a waiver or forfeiture of any claim of privilege or work-product protection that the Disclosing Party would otherwise be entitled to assert with respect to the Inadvertently Disclosed Information and its subject matter.

  C. If a claim of inadvertent disclosure is made by a Disclosing Party with respect to Inadvertently Disclosed Information, the receiving Party shall, within five business days, return or destroy all copies of the Inadvertently Disclosed Information and provide a certification of counsel that all such Inadvertently Disclosed Information has been returned or destroyed.

  D. Within twenty-one days of the notification that such Inadvertently Disclosed Information has been returned or destroyed, or within a different time upon written agreement of the parties or Order of the Court, the Disclosing Party shall produce a privilege log with respect to the Inadvertently Disclosed Information.

  E. The Disclosing Party retains the burden of establishing privileged or protected nature of any Inadvertently Disclosed Information. Nothing in this Protective Order shall limit the right of any Party to petition the Court for an Order compelling production of such Inadvertently Disclosed Information, or for an in-camera review of the Inadvertently Disclosed Information.

# VI. NON-WAIVER OF ATTORNEY-CLIENT PRIVILEGE OR WORK-PRODUCT PROTECTION

A. In an effort to avoid protracted discovery disputes and unnecessary Court intervention, Plaintiff in Intervention, Genworth Life Insurance Company ("Genworth"), has agreed to produce approximately nine documents, or groups of documents, identified on Genworth's Amended Privilege Log, subject to the entry of a non-waiver order under Rule 502(d) of the Federal Rules of Evidence and the designation of all such documents as "Confidential Material" pursuant to the terms of this Protective Order. Genworth's production of the approximately nine documents shall not constitute a waiver of any privilege or protection with respect to: (a) those documents; (b) any other communications or documents relating to the subject matter of those documents; or (c) any other communications or documents relating to the parties who sent or received or are named in those documents. This Order is, and shall be construed as, an Order under Rule 502(d) of the Federal Rules of Evidence ordering that privilege or protection is not waived by disclosure connected with the litigation pending before this Court. Accordingly, as is explicitly set forth in Rule 502(d), the production of these documents is not a waiver of any privilege or protection in any other federal or state proceeding. Without limiting the foregoing, the existence of this Order shall not in any way impair or affect Genworth's legal right to assert privilege claims for the documents produced in any other actions, shall not effect a waiver, and shall not be used to

argue that any waiver of privilege or protection has occurred by virtue of any production of these documents in this Action before this Court or any other Court or in any other litigation or proceeding.

B. Any use of the documents produced by Genworth under this non-waiver provision shall be subject to all of the provisions of this Protective Order.

C. Counsel of record shall keep all documents produced by Genworth in accordance with this non-waiver provision within their exclusive possession and control and in separate files or in separate databases. Counsel of record shall maintain the confidentiality of such materials and information and shall not permit unauthorized dissemination of such materials to any person or entity.

D. Genworth shall designate the approximately nine documents, or groups of documents, produced under this non-waiver provision by marking on the documents substantially the following words: "CONFIDENTIAL - FOR USE IN CASE NO. 1:12-CV-2296-TCB (N.D. GA.) UNDER PROTECTIVE ORDER AND SUBJECT TO NON-WAIVER ORDER UNDER F.R.E. 502(d)."

## VII. LIMITS OF THIS ORDER

Nothing contained in this Order, and no action taken pursuant to it, shall prejudice the right of any Party to contest the alleged relevancy, admissibility, or discoverability of the Material sought. Nor shall this Order prevent any party from objecting to discovery that it believes to be otherwise improper.

SO ORDERED THIS __3rd__ DAY OF OCTOBER 2014.

_____
Honorable Timothy C. Batten, Sr.
United States District Judge

Stipulated and agreed to on October 1, 2014 by:

| | |
|---|---|
| */s/* David J. Forestner | /s/ Jason S. Mazer |
| David J. Forestner (Ga. Bar No. 269177) | Jason S. Mazer |
| CARLTON FIELDS JORDEN BURT, P.A. | Florida Bar No. 0149871 |
| | jmazer@vpl-law.com |
| One Atlantic Center, Suite 3000 | Matthew L. Baldwin |
| 1201 W. Peachtree Street, NW | Florida Bar No. 27463 |
| Atlanta, GA 30309 | mbaldwin@vpl-law.com |
| Telephone: (404) 815-2706 | 100 S.E. 2nd Street, 30th Floor |
| Facsimile: (404) 815-3415 | Miami, Florida 33131 |
| Email: dforestner@cfjblaw.com | Telephone: (305) 577-3996 |
| | Facsimile: (305) 577-3558 |

Raul A. Cuervo (*pro hac vice*)
CARLTON FIELDS JORDEN BURT, P.A.
Miami Tower
100 S.E. Second Street, Suite 4200
Miami, FL 33131-2113
Telephone: 305-530-0050
Fax: 305-530-0055
Email: rcuervo@cfjblaw.com

*Special Insurance Counsel for Defendant in Intervention, Melanie Damian, et. al., in her capacity as Receiver, Admitted Pro Hac Vice*

*Attorneys for Plaintiff in Intervention Genworth Life Insurance Company*

Exhibit A

# ACKNOWLEDGEMENT OF PROTECTIVE ORDER
# AND AGREEMENT TO BE BOUND

I hereby acknowledge that I, _____, am about to receive information that is being supplied by one or more of the parties in the case of *SEC v. Price, Genworth Life Ins. Co. v. Damian*, Case No. 1:12-CV-2294-TCB, pending in the United States District Court for the Northern District of Georgia. I understand that the information is subject to the terms of a Protective Order. I hereby certify my understanding that such information is being provided to me pursuant to the terms and restrictions of the Protective Order. I have been given a copy of said Protective Order, have read it, and agree to be bound by its terms. I understand that information and any documentary material covered by the Protective Order (which includes any notes or other record that I make of such material) shall not be disclosed to others, except those listed in paragraph III.B. of the Protective Order and under the terms set forth therein.

Signature: _____

Print Name: _____

Date: _____