IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION, : : : | |
| Plaintiff, : : | Civil Action No. 1:12-cv-2296-TCB |
| v. : : | |
| AUBREY LEE PRICE, *et al.*, : : | |
| Defendants. : _____/ | |

**UNOPPOSED MOTION TO APPROVE PARTIAL SETTLEMENT
AND RELEASE AGREEMENT BETWEEN RECEIVER AND
FEDERAL DEPOSIT INSURANCE CORPORATION AS
<u>RECEIVER OF MONTGOMERY BANK AND TRUST</u>**

Melanie E. Damian, the Court-Appointed Receiver (the "PFG Receiver") for the Estate of Aubrey Lee Price and for PFG, LLC, PFGBI, LLC, Montgomery Asset Management, LLC f/k/a PFG Asset Management, LLC (Florida), and Montgomery Asset Management, LLC f/k/a PFG Asset Management (Georgia) (collectively, the "Receivership Entities"), moves this Court to approve the Partial Settlement and Release Agreement to be entered into by and between the PFG Receiver and the Federal Deposit Insurance Corporation as Receiver of

Montgomery Bank & Trust (the "FDIC-R").  In support of this Motion, the PFG Receiver states as follows:

### PROCEDURAL AND FACTUAL BACKGROUND

1.	On July 2, 2012, Plaintiff the Securities and Exchange Commission filed this action against Defendants.  [D.E. 1].  On August 10, 2012, this Court entered its Order Appointing Receiver (the "Receivership Order"), which, among other things, appointed Ms. Damian as Receiver for the Estate of Aubrey Lee Price and the Receivership Entities.  [D.E. 20].

2.	Pursuant to the Receivership Order, the PFG Receiver is obligated to, among other things, "sue for and collect, recover, receive, and take into possession from third parties all Receivership Property and records relevant thereto[.]"  [D.E. 20 at §7(B)].

3.	Furthermore, the Receivership Order authorizes the PFG Receiver "[t]o take such action as necessary and appropriate for the preservation of Receivership Property or to prevent the dissipation or concealment of Receivership Property[.]"  [D.E. 20 at §7(H)].

4.	The Receivership Order also authorizes the PFG Receiver "to pursue, resist and defend all suits, actions, claims and demands which may now be pending or which may be brought by or asserted against the Receivership Estates[.]"

### *i.*     *Claim Against the Montgomery Bank & Trust Estate*

5.     On July 6, 2012, Montgomery Bank & Trust ("MB&T or the "Bank"), a Georgia bank, was closed by the Georgia Department of Banking and Finance, and FDIC-R was appointed receiver.

6.     Prior to the Bank's closing, Receivership Entity PFGBI, LLC had acquired a controlling interest in and, with PFG, LLC, had made capital contributions to, Montgomery County Bankshares, Inc. ("MCBI"), the holding company for the Bank.

7.     Accordingly, on October 9, 2012, the PFG Receiver filed a proof of claim against the MB&T receivership estate based on PFGBI, LLC's and PFG, LLC's investments in the Bank.

8.     On June 26, 2013, the FDIC-R delivered a Notice of Disallowance of Claim to the Receiver, denying the Receivership Estate's claim against the Bank Estate.

9.     The PFG Receiver filed a Complaint in the Southern District of Georgia to preserve the Receivership Estate's claims against the Bank Estate, styled *Damian v. FDIC-R*, case number 3:13-cv-00061-DHB-BKE (the "FDIC-R Case"), seeking *de novo* review by the court of its claim pursuant to 12 U.S.C. § 1821(d)(6).

10. On October 30, 2013, the PFG Receiver and the FDIC-R filed a Joint Motion for a temporary stay of the FDIC-R Case to facilitate settlement negotiations, which the court granted on November 1, 2013, extending the stay through March 19, 2014. After the parties sought and obtained a further extension of time for the PFG Receiver to file the amended complaint, the PFG Receiver, on April 10, 2014, filed her Amended Complaint. The PFG Receiver and the FDIC-R have diligently worked towards resolving their disagreements over various material issues underlying the FDIC-R Case and related matters and herein propose a resolution of all of their disputes related to real property.

### ii. *The Longboat Key Property*

11. PFG, LLC is the title owner of certain real property located at 6960 Gulf of Mexico Drive, Longboat Key, Florida, 34228 (the "Longboat Key Property"). Defendant Price had pledged the Longboat Key Property as collateral for a loan in the amount of $500,000 from the Bank to SCAN International USA, LLC ("SCAN"), a company with which Mr. Price sought to do business. The Bank ended up loaning SCAN the principal sum of $450,000.00, in exchange for which the Bank received a Note from SCAN (the "MB&T/SCAN Note") and a first-position mortgage on the Longboat Key Property. The two principals of SCAN became guarantors of the MB&T/SCAN Note.

12. As receiver of the Bank, the FDIC-R claims to hold a first-position mortgage on the Longboat Key Property, and informed the PFG Receiver that it intended to foreclose on its mortgage so that the Longboat Key Property could be sold and the FDIC-R could recover the amount that the Bank was owed.  The PFG Receiver disputes the FDIC-R's claim.  Nevertheless, the FDIC-R agreed to the PFG Receiver's listing of the Longboat Key Property for sale, subject to the FDIC-R's approval of any offer received.

13. As such, the PFG Receiver listed and marketed the Longboat Key Property for sale with its real estate broker.

14. In order to attract buyers, the PFG Receiver filed a motion seeking this Court's pre-approval of a sale of the Longboat Key Property for an amount that would cover the amount owed to the FDIC-R plus closing costs and broker commissions, with the sale proceeds to be held in escrow pending a resolution of the parties' dispute regarding the FDIC-R's claim.  On November 12, 2013, the Court entered an order granting that motion and preserving the parties' respective rights with respect to the sale proceeds (the "Longboat Key Sale Order").  [D.E. 112].

15. The PFG Receiver and the FDIC-R have now reached a resolution of their disputes regarding the FDIC-R's lien claims, which will provide for the division of the proceeds of the sale of the Longboat Key Property and any

deficiency amount collected from the principals of SCAN as guarantors under the MB&T/SCAN Note, as more fully described below and in the attached agreement.

### *iii.     The Kingsland Property*

16.     PFG was the owner of a shopping center consisting of nine retail/office units in a single strip center plus a smaller separate office/retail building located on a corner outparcel, all located at 102 Marsh Harbour Parkway, Kingsland, Georgia (the "Kingsland Property").

17.     Upon taking control of the Kingsland Property, the PFG Receiver discovered that Receivership Defendant PFG, LLC had granted the Bank a Deed to Secure Debt of the Kingsland Property and a Note (the "MB&T/PFG Note"). The PFG Receiver also discovered that the debt to the Bank pursuant to the MB&T/PFG Note was approximately twice the value of the Kingsland. As the receiver of the Bank, the FDIC-R informed the Receiver that it intended to foreclose on the Kingsland Property. Therefore, rather than seeking to market the property for sale, the PFG Receiver managed the Kingsland Property to preserve its value and collected rent and paid expenses using a separate trust account containing only proceeds from the Kingsland Property.

18.     Subsequently, the FDIC-R commenced a non-judicial foreclosure proceeding, to which the Receiver did not object (although she had reserved all of the PFG Estate's rights with respect to the Kingsland Property in the FDIC-R

Case).  The FDIC-R foreclosed on and took title to the Kingsland Property on or about August 6, 2013, leaving disputes concerning the deficiency resulting from the foreclosure sale and ownership of the rent proceeds.  The parties now seek to resolve those and all other disputes related to the Kingsland Property.

## THE SETTLEMENT

19. In order to resolve all issues that exist between the PFG Receiver and the FDIC-R relating to the Longboat Key Property and the Kingsland Property, the parties have entered into the Partial Settlement and Release Agreement (the "Settlement"), a copy of which is attached hereto as **Exhibit "A"**, which is subject to this Court's approval.

20. Pursuant to the terms of the Settlement, the FDIC-R and the PFG Receiver agree that the PFG Receiver shall be permitted to market the Longboat Key Property for sale for a set "Marketing Period" (as defined in the Settlement). Further, the FDIC-R and the PFG Receiver agree to share the proceeds of any sale of the Longboat Key Property, with FDIC-R receiving seventy percent (70%) of the gross sale proceeds and the PFG Receiver receiving the remaining proceeds after payment of closing costs and broker commissions.  The parties agree that the FDIC-R shall receive no less than three hundred seventy-five thousand dollars ($375,000.00) from the sale of the Longboat Key Property.

21. The Settlement requires that this Court (i) authorize PFG Receiver to enter into the Settlement, (ii) remove the requirement imposed by the this Court's Longboat Key Sale Order [D.E. 112] that the PFG Receiver sell the Longboat Key Property for an amount in excess of the amount the FDIC-R is owed pursuant to its Mortgage plus closing costs, so as to allow PFG Receiver to sell the Longboat Key Property for a lesser amount consistent with the terms of the Settlement, (iii) allow immediate disbursement of any proceeds received from a sale of the Longboat Key Property upon its sale, and (iv) remove any escrow requirements for any sale proceeds pursuant to this Court's Longboat Key Sale Order [D.E. 112]. FDIC-R and PFG Receiver have agreed that FDIC-R may foreclose on the Longboat Key Property (to which PFG Receiver will consent) at the expiration of the Marketing period consistent with the terms of the Settlement.

22. Accordingly, the PFG Receiver hereby requests modification of the Longboat Key Property Order [D.E. 112] to provide the relief required in the Settlement concerning the Longboat Key Property as stated in paragraph 21 above (and Paragraph 1(f) of the Settlement).

23. In addition, upon the closing of the sale of the Longboat Key Property or the entry of foreclosure judgment and the recording of the foreclosure deed in the name of the FDIC-R, the FDIC-R agrees to assign, and PFG Receiver agrees to assume, certain claims and rights to recover against SCAN (borrower), Edgar

Stuardo Marroquin Archila (guarantor), and Ronaldo Enrique Rodriguez Garcia (guarantor) relating to the MB&T/SCAN Note with the PFG Receiver receiving seventy percent (70%) and FDIC-R receiving thirty percent (30%) of any recovery from the guarantors. Such assignment will be made pursuant to an Assignment and Assumption Agreement attached as Exhibit C to the Settlement.

24. In addition, the PFG Receiver agrees not to challenge or dispute the foreclosure on or the FDIC-R's ownership of the Kingsland Property, and the FDIC-R agrees not to pursue any deficiency against or seek any recovery from the PFG Receiver relating to the MB&T/PFG Note.

25. Finally, the Settlement provides for mutual releases of the parties' respective claims and rights related to the Longboat Key Property and the Kingsland Property.

26. The foregoing description of the Settlement is for summary purposes only and does not constitute a full recitation of the terms of the Settlement. A review of the foregoing description or this Motion should not be a substitute for a review of the complete Settlement. *See* Exhibit "A."

27. The Settlement is beneficial to the Receivership Estate because it will result in the Estate recovering substantial proceeds from the sale of the Longboat Key Property that the Estate would not likely realize from a sale pursuant to Longboat Key Sale Order or if the FDIC-R were to foreclose on the property.

Moreover, in the event there is a deficiency of the amount owed to the FDIC-R after the sale of the Longboat Key Property, the assignment of the loan documents pursuant to Settlement will facilitate the PFG Receiver's recovery from the principals of SCAN, resulting in additional proceeds for the Estate.  Further, the Settlement allows the Estate to retain all of the rent proceeds already collected from the Kingsland Property without facing any actions by the FDIC-R seeking to collect the deficiency resulting from the sale of that Property.  Finally, the FDIC-R's release of its claims against the Estate related to the two properties eliminates the substantial risks, expenses and delays that the Estate would face in litigating those claims in foreclosure or other legal actions or through the claims administration process, and leaves more funds available for distribution to the defrauded investors of the Estate.

28. Accordingly, the PFG Receiver seeks this Court's approval of the Settlement on the grounds that it is in the best interest of the Receivership Estate.

29. Counsel for Plaintiff the Securities and Exchange Commission have informed undersigned counsel that they consent to the relief requested herein. Similarly, counsel for the FDIC-R has informed undersigned counsel that the FDIC-R consents to the relief requested herein.

**WHEREFORE**, for the foregoing reasons, the PFG Receiver respectfully requests that this Court (i) enter the proposed order, attached hereto as **Exhibit**

**"B"**, approving the Settlement and modifying the Longboat Key Sale Order [D.E. 112], and (ii) grant such other and further relief as the Court deems just and proper.

Respectfully submitted,

DAMIAN & VALORI, LLP
*Counsel for the Receiver*
1000 Brickell Avenue, Suite 1020
Miami, FL 33131
T: (305) 371-3960
F: (305) 371-3965
/s/ Kenneth Dante Murena
Kenneth Dante Murena, P.A.
Florida Bar No. 147486
kmurena@dvllp.com

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing has been served via CM/ECF upon all counsel of record on this 10th day of November, 2014.

/s/ Kenneth Dante Murena
Kenneth Dante Murena, P.A.
