IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| SECURITIES AND EXCHANGE COMMISSION, | : : : | |
| Plaintiff, | : : | Civil Action No. 1:12-cv-2296-TCB |
| v. | : : | |
| AUBREY LEE PRICE, *et al.*, | : : | |
| Defendants. | : : / | |

## ORDER GRANTING UNOPPOSED MOTION TO APPROVE PARTIAL SETTLEMENT AND RELEASE AGREEMENT BETWEEN THE RECEIVER AND THE FEDERAL DEPOSIT INSURANCE CORPORATION AS RECEIVER OF MONTGOMERY BANK AND TRUST

This matter came before the Court upon the Receiver's Unopposed Motion (the "Motion") to approve the Partial Settlement and Release Agreement (the "Settlement") to be entered into by and between Melanie E. Damian as the Receiver for the Estate of Aubrey Lee Price and for PFG, LLC, PFGBI, LLC, Montgomery Asset Management, LLC f/k/a PFG Asset Management, LLC (Florida), and Montgomery Asset Management, LLC f/k/a PFG Asset Management (Georgia), and the Federal Deposit Insurance Corporation as Receiver of Montgomery Bank & Trust (the "FDIC-R").

The Court, having considered the Motion and the record of this receivership action, and being otherwise duly advised in the premises, finds and orders as follows:

1. The Receiver's Motion to approve the Partial Settlement and Release Agreement is GRANTED.

2. The Court finds that the Settlement is in the best interest of the Receivership Estate.

3. The Court authorizes the Receiver to enter into the Settlement.

4. The Court hereby modifies this Court's Longboat Key Sale Order [D.E. 112] to remove the requirement imposed by that Order requiring that the PFG Receiver sell the Longboat Key Property for an amount in excess of the amount the FDIC-R is owed pursuant to its mortgage plus closing costs, so as to allow PFG Receiver to sell the Longboat Key Property for a lesser amount consistent with the terms of the Settlement.

5. The Court further modifies this Court's Longboat Key Sale Order [D.E. 112] to allow immediate disbursement of any proceeds received from the sale of the Longboat Key Property upon its sale, consistent with the terms of the Settlement.

6. The Court further modifies this Court's Longboat Key Sale Order [D.E. 112] to remove any escrow requirements, established in that Order, for any proceeds of the sale of that property, consistent with the terms of the Settlement.

DONE AND ORDERED this 13th day of November 2014.

_____
TIMOTHY C. BATTEN, SR.
UNITED STATES DISTRICT COURT JUDGE