IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION, ) ) ) | |
| Plaintiff, ) ) | |
| v. ) ) ) | Civil Action No. 1:12-cv-2296-TCB |
| AUBREY LEE PRICE; et al ) ) | |
| Defendants, ) ) ) | |

**PROTECTIVE LIFE INSURANCE COMPANY'S, HOUSEHOLD LIFE INSURANCE COMPANY'S, AND GENWORTH LIFE INSURANCE COMPANY'S OBJECTION TO THE RECEIVER'S EIGHTH AND NINTH INTERIM APPLICATIONS FOR ORDER**

Intervention Plaintiffs Protective Life Insurance Company ("Protective"), Household Life Insurance Company ("Household"), and Genworth Life Insurance Company ("Genworth"), (collectively, the "Insurers"), hereby submit their Objection to the Receiver's Eighth and Ninth Interim Applications for Order Authorizing Payment of Fees and Expenses of Receiver and Her Professionals (ECF Doc. Nos. 217, 229) and hereby state as follows.

## INTRODUCTION

1. This Court has previously ruled, on at least two occasions, that any request to disburse or distribute the funds currently held by the Receiver should be denied or deferred pending final resolution of the Insurers' claims. Such a ruling is correct, and is based on the Insurers' legitimate contention that the payments they made to the Receiver are not part of the Receivership Property, and thus should not be distributed, either to the investors or creditors of the Receivership Defendants or to the Receiver or the professionals she has retained.

2. Despite this Court's prior rulings, the Receiver has continued to file applications requesting *immediate payment* of various fees she and her professionals have incurred. Even more incredibly, the Receiver has now made clear her intention to continue her attempts to drain the funds she holds by seeking immediate payment for the time she spends trying to explain the basis of these improper applications. For these reasons, which are discussed in more detail below, each of the Receiver's pending applications ("Applications") should be denied.

## ARGUMENT

3. On December 6, 2013, the Receiver filed a Motion to Approve (A) Investors and Creditors Claims Procedure; and (B) Initial Plan of Distribution ("Motion to Approve") (ECF. Doc. No. 114). That motion requested that this

Court approve a plan to distribute the "Receivership Property" held by the Receiver to investors and creditors of the Receivership Defendants. (*Id.* at 6 (quoting Order Appointing Receiver (ECF Doc. No. 20 ¶ 54))).

4. This Court's Order Appointing the Receiver defines "Receivership Property" as:

> all property interests of the Receivership Defendants and any property interest included with the Recoverable Assets, including, but not limited to, monies, funds, securities, credits, effects, goods, chattels, lands, premises, leases, claims, rights and other assets, together with all rents, profits, dividends, interest or other income attributable thereto, of whatever kinds, which the Receivership Defendants own, possess, have a beneficial interest in, or control directly or indirectly . . . .

(ECF Doc. No. 20 ¶ 7(A)).

5. On January 21 and 22, 2014, the Insurers each filed an Emergency Motion to Intervene to Sue Receiver and to Stay Ruling on Receiver's Motion to Approve Initial Plan of Distribution. (ECF Doc. Nos. 122, 123, and 127) ("Motions"). In their Motions, Protective and Household requested that:

> this Court grant [them] permission to intervene in this action and to sue Melanie E. Damian, as Receiver, and that **this Court stay ruling on** the Receiver's Motion to Approve (A) Investors and Creditors Claims Procedure and (B) Initial Plan of Distribution (Doc. No. 114), and on **any other request by the Receiver that involves the distribution or disbursement of the Receivership Assets, pending final resolution of [the Insurers'] Motion[s] and the claims set forth in [their] proposed Complaint[s] in Intervention**."

(Doc. No. 122 at 13; Doc. No. 123 at 12-13 (emphasis added); *see also* Doc. No. 127 at 5) (emphasis added).  The Insurers seek to recover amounts previously paid to the Receiver under the life insurance policies at issue in this case ("Payments"), policies that the Receiver has acknowledged were only payable upon the death of Aubrey Lee Price. (*See* ECF Doc. No. 138-2 at 6).  The Insurers contend that, because Price is alive, Price has no rightful claim to the Payments, and thus, the Payments are not Receivership Property and must be returned to the Insurers.

6. On May 12, 2014, this Court granted the Insurers' Motions in their entirety.  (ECF Doc. No. 164 at 9).  In so ruling, this Court recognized that intervention was appropriate because, *inter alia*, a legitimate question existed as to whether the Payments are properly part of the Receivership Property. (*See id.* at 6-7).

7. On July 16, 2014, this Court entered an order denying the Receiver's Motion to Approve. (ECF Doc. No. 197).  In so ruling, this Court explained:

> Because the receiver's proposals involve distributing funds that the insurers contend are not receivership property, the Court cannot approve the claims procedure or the distribution plan until the insurers' claims are adjudicated.

(*Id.* at 1-2).

8. In light of this Court's Orders granting the Insurers' Motions to Intervene and denying the Receiver's Motion to Approve, it is evident that this Court has ruled that any request for distribution or disbursement of the funds

4

currently held by the Receiver should be stayed pending final resolution of the Insurers' claims.

9. Despite this Court's prior rulings, the Receiver has continued to file Applications that seek "authorization to *immediately pay* all approved fees and costs less a hold back of 20% (as to fees)" from the Receivership Property (ECF Doc. Nos. 217 at 1-2, 4; 229 at 1-2, 4) (emphasis added).

10. The Insurers object to each of the Receiver's pending Applications to the extent the Applications seek to contravene this Court's prior Orders and obtain authority to distribute funds held by the Receiver prior to the resolution of the Insurers' claims.[1]

11. The Insurers respectfully request that this Court enter an order expressly denying the Receiver's pending Applications. Such an order appears necessary, as the Receiver has made clear that, despite this Court's prior orders, she intends to: (1) continue to submit applications that improperly seek to distribute funds she currently holds prior to resolution of the Insurers' claims; and

---

[1] The Insurers hereby adopt and incorporate by reference their previous objections to the Receiver's Sixth and Seventh Interim Applications for Order Authorizing Payment of Fees and Expenses of Receiver and Her Professionals (*See* ECF Doc. Nos. 149, 176; 195-1) and renew those objections here.

(2) seek reimbursement for time spent defending against the Insures' legitimate objections to these improper applications.[2] (*See* ECF Doc. No. 229 at 14, n.5).

WHEREFORE, Protective Life Insurance Company, Household Life Insurance Company, and Genworth Life Insurance Company respectfully request that this Court enter an Order denying the Receiver's pending Applications (ECF Doc. Nos. 148, 170, 217, 229) with leave to re-file them following final resolution of the Insurers' claims.

Dated December 11, 2014.                    Respectfully submitted,

*/s/ Alexander B. Feinberg*
Alexander B. Feinberg
Georgia Bar. No. 956505

**OF COUNSEL:**
C. Andrew Kitchen
Alexander B. Feinberg
Christopher C. Frost
MAYNARD, COOPER & GALE, P.C.
1901 Sixth Avenue North, Suite 2400
Birmingham, AL 35203
Telephone: 205-254-1000
Facsimile: 205-254-1999

---

[2] The Insurers are aware that this Court's Order Appointing Receiver requires the Receiver to file quarterly fee applications. (*See* ECF Doc. No. 20 at ¶ 62). The Insurers have no objection to the Receiver filing quarterly applications, provided that those applications request payment only after the final resolution of the Insurers' claims.

*Attorneys for Intervention Plaintiffs*
*Protective Life Insurance Company &*
*Household Life Insurance Company*


/s/ Raul A. Cuervo (with permission)
Raul A. Cuervo
Admitted *Pro Hac Vice*

**OF COUNSEL:**
Raul A. Cuervo
Namarata Joshi
CARLTON FIELDS JORDAN BURT, P.A.
Miami Tower
100 S.E. Second Street, Suite 4200
Miami, FL  33131-2113
Telephone: 305-530-0050
Facsimile: 305-530-0055

David J. Forestner
Georgia Bar No. 269177
CARLTON FIELDS JORDAN BURT, P.A.
One Atlantic Center, Suite 3000
1201 W. Peachtree Street
Atlanta, GA 30309
Telephone: 404-815-3400
Facsimile: 404-815-3415

*Attorneys for Intervention Plaintiff*
*Genworth Life Insurance Company*

7

## **LOCAL RULE 7.1(D) CERTIFICATION**

By signature below, counsel certifies that the foregoing document was prepared in Times New Roman, 14 point font in compliance with Local Rule 5.1B.

## **CERTIFICATE OF SERVICE**

I hereby certify that on this 11th day of December, 2014, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system which will send notification of such following to counsel of record.  In the event that the CM/ECF system does not send notification of such filing any counsel of record, undersigned counsel will serve the following them via U.S. Mail.

>  */s/ Alexander B. Feinberg*
>  Of Counsel