IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| SECURITIES AND EXCHANGE COMMISSION, | : : : | |
| Plaintiff, | : : : : | Civil Action No. 1:12-cv-2296-TCB |
| v. | : : | |
| AUBREY LEE PRICE; PFG, LLC; PFGBI, LLC; MONTGOMERY ASSET MANAGEMENT, LLC f/k/a PFG ASSET MANAGEMENT, LLC, (Florida limited liability company); and MONTGOMERY ASSET MANGEMENT, LLC  f/k/a PFG ASSET MANAGEMENT, LLC (Georgia limited liability company), | : : : : : : : : : : : | |
| Defendants. _____/ | : : | |

**THE RECEIVER'S REPLY TO PROTECTIVE LIFE INSURANCE
COMPANY, HOUSEHOLD LIFE INSURANCE COMPANY AND
GENWORTH LIFE INSURANCE COMPANY'S JOINT
OBJECTION TO THE RECEIVER'S
<u>EIGHTH & NINTH INTERIM APPLICATIONS FOR ORDER</u>**

The Receiver hereby files her reply to Protective Life Insurance Company ("Protective"), Household Life Insurance Company ("Household") and Genworth Life Insurance Company's ("Genworth") (collectively, the "Insurers") Joint

Objection [D.E. 230] (the "Insurers' Third Objection") to the Receiver's Eighth and Ninth Interim Applications for Order [D.E. 217, 229] (the "Eighth and Ninth Fee Applications"), and states:

## EXECUTIVE SUMMARY

Much like the Insurers' objections to the Receiver's Sixth and Seventh Fee Applications, the Insurers' Third Objection to the Receiver's Eighth and Ninth Fee Applications should be overruled because it assumes that the Insurers' have already prevailed on claims that the Court has not yet adjudicated, and it seeks relief that is explicitly foreclosed under Georgia law. In addition, the Insurers do not have standing to object to the Receiver's Sixth, Seventh, Eighth and Ninth Fee Applications because there is no injury that the Insurers would suffer (i) if the Sixth and Seventh Fee Applications were approved given the amount of funds presently in the Receivership Estate, and (ii) if the Eighth and Ninth Fee Applications were approved given the amount of funds the Estate will have after the Receiver returns to Genworth the settlement amount pursuant to the Settlement and Release Agreement of which the Receiver has sought this Court's approval.[1] Specifically, payment of all four outstanding Fee Applications would leave more

---

[1] Contemporaneously herewith, the Receiver has filed a Motion to Approve Settlement and Release Agreement with Genworth, described more fully *infra*.

cash in the Estate than the total amount of proceeds that the Insurers Household and Protective seek to obtain from the Estate. Moreover, contrary to the argument in the Insurers' Objections (defined *infra*), the Receiver's Sixth, Seventh, Eighth and Ninth Fee Applications do not contravene the Court's May 12, 2014 Order because that Order does not address interim disbursements for the Estate's expenses or the Receiver's fee applications, but rather only permits the Insurers to intervene. Therefore, the Court should overrule the Insurers' Objections and approve the Receiver's Sixth, Seventh, Eighth and Ninth Fee Applications.

## FACTUAL BACKGROUND

The Receiver filed the Eighth and Ninth Fee Applications on August 29, 2014 and December 1, 2014, respectively. The Insurers asserted the same bases that they asserted for their previous objections to the Receiver's Sixth and Seventh Fee Applications.

and on June 5, 2014, they filed another objection to the Receiver's Seventh Fee Application [D.E. 176].

The Receiver filed her Reply [D.E. 158] to the Insurers' objection [D.E. 149 (the "First Objection") to the Receiver's Sixth Fee Application on March 27, 2014, and her Reply [D.E. 190] to the Insurers' objection [D.E. 176] (the "Second Objection") to the Receiver's Seventh Fee Application on June 26, 2014.

3

In all three Insurers' Objections, the Insurers argued that the Receiver and the professionals she hired should not be paid any fees until the Court resolves the complaints that each of the Insurers filed in this case to recover life insurance proceeds that were voluntarily paid to the Receiver when Aubrey Lee Price was believed to be dead.  [D.E. 149].

At the time of the First Objection, the Receiver had recovered $1,834,678.22 from the Insurers and had recovered an additional $1,026,026.04 from various other sources.  Since then, the Receiver obtained a judgment against third party KM Homes, LLC for $1,665,000.00, of which $700,000.00 has already been paid, plus an additional $51,000.00 in settlement proceeds from two other third parties.  Therefore, the total amount of funds the Receiver has recovered from sources other than the Insurers is now $1,777,026.04 and will receive at least another $950,000.00 by the end of the year from KM Homes, LLC, as its counsel recently confirmed.  Presently, the Receivership Estate has $2,432,320.24 in cash; with the additional $950,000.00, the total by December 31, 2014 will be $3,382,320.24.

Moreover, the Receiver has reached a settlement with Insurer Genworth. Pursuant to the terms of the Settlement and Release Agreement with Genworth, the Receiver has agreed to return to Genworth, and Genworth has agreed to accept, $480,000 (the "Settlement Amount") as settlement in full of any and all claims that

Genworth has against the Receiver and/or the Estate.  Genworth shall have an Allowed Claim against the Estate (to be paid *pari pasu* with the other unsecured creditors) for the remainder of the amount it had paid to the Estate in life insurance proceeds, totaling $558,414.48.[2]  The Receiver and Genworth await this Court's approval of the settlement.

If the settlement with Genworth is approved, then the Receiver will return the Settlement Amount to Genworth leaving the Estate with $2,902,320.24 in cash. The life insurance proceeds that Insurers Protective and Household are seeking from the Estate total $796,263.74.

The total amount of fees and costs for which approval and payment is sought in the Sixth, Seventh, Eighth and Ninth Fee Applications, covering more than one years worth of work performed by the Receiver and all of her professionals, is $1,016,661.39.  Therefore, if all four outstanding Fee Applications were granted, the Receivership Estate would still have $1,885,658.85 in cash on hand – more than the $796,263.74 that Insurers Protective and Household seek from the Estate, even if they prevail 100% on their claims.

---

[2] All details concerning the settlement with Genworth are detailed in the Receiver's motion to approve same [D.E. 232], filed on December 17, 2014.

The duties of the Receiver under the Order Appointing Receiver are substantial. *See* Order Appointing Receiver [D.E. 20], pp. 4-6. And, the hourly rates of the Receiver and her professionals have been significantly reduced. For example, the hourly rates charged by the Receiver for her herself and the other attorneys at Damian & Valori, LLP have been reduced (by up to 40%) to $265 for partners and of counsel, to $200 for senior associates, and to $150 for junior associates. *See* Receiver's Eighth Fee Application, p. 13, fn. 3; Receiver's Ninth Fee Application, p. 13, fn. 3. The hourly rates for the Receiver's other professionals have been similarly discounted. *Id*.

If the relief sought in the Insurers' Objections were actually granted—prohibiting the Receiver from paying herself or any of her professionals for more than a year's worth of work while the Insurers' claims remain pending—then the Receiver and her professionals will be forced to continue to work without compensation, increasing the time period of non-payment and compounding the burden on the Receiver and her professionals of devoting substantial resources to this receivership to fulfill the Receiver's duties under the Appointment Order. If the Court is inclined to grant the relief sought in the Insurers' Objections, the Receiver proposes to convert the fee arrangement to a contingency based fee

arrangement for the Receiver and her professionals for work performed after the Ninth Fee Application period in pending and future third-party actions.

For the reasons stated in the Receiver's Replies to the First and Second Objections, and the additional reasons stated herein, the Insurers' Objections should be overruled.

## LEGAL ARGUMENTS

### 1. The Insurers' Third Objection Should Be Overruled for the Same Reasons Their First and Second Objections Should be Overruled.

The Insurers' Objections are all based on the same premise—that the Insurers will prevail with their claims against the Receivership Estate. There are a number of legal reasons why they will not. *See* Receiver's Omnibus Memorandum of Law in Opposition to Life Insurance Companies' Motions to Intervene [D.E. 138-2], pp. 13-22. While this Court allowed the Insurers to intervene in this matter so that the Insurers may make their legal arguments, the Court also explicitly withheld ruling on whether the Insurers' claims actually have merit. Order dated May 12, 2014, p. 4 ("The Court expresses no opinion at this time as to whether the intervenors state claims for relief for return of the life insurance proceeds").

Indeed, the relief the Insurers seek is explicitly foreclosed under Georgia law because (i) it violates well-settled property rights principles, (ii) the Insurers are not seeking (and would not be able to obtain) a preliminary injunction, and (iii) the

Insurers are not seeking (and would not be able to obtain) a constructive trust. D.E. 158, pp. 6-10.  The Insurers' Objections should be overruled.

> **2. The Insurers Do Not Have Standing to Object to the Receiver's Sixth, Seventh, Eighth and Ninth Fee Applications Because the Insurers Have no Pecuniary or Other Legitimate Interest in Their Outcome.**

It is well settled that "the central purpose of the standing requirement [is] to ensure that the parties before the court have *a concrete interest in the outcome of the proceedings* such that they can be expected to frame the issues properly." *Harris v. Evans*, 20 F.3d 1118, 1121 (11th Cir. 1994).  In order to establish standing under the Article III of the United States Constitution, a party must show: "(1) that he has suffered an actual or threatened injury, (2) that the injury is fairly traceable to the challenged conduct of the defendant, and (3) that the injury is likely to be redressed by a favorable ruling."  *Id*. (citing *Saladin v. City of Milledgeville*, 812 F.2d 687, 690 (11th Cir. 1987) and *Warth v. Seldin*, 422 U.S. 490, 498-99, 95 S.Ct. 2197 (1975)).  Here, if the Insurers Protective and Household receive every single penny that they are seeking to recover with respect to their claims against the Estate *and* are granted a first priority position over every other creditor of the Receivership Estate, there would be more than sufficient funds in the Receivership Estate to pay those claims even if the Receiver's Sixth, Seventh,

8

Eighth and Ninth Fee Applications are granted.[3]  As such, there is no injury (whether threatened or actual) that the Insurers could suffer.  Because the Insurers cannot meet the requirements necessary to establish standing, their Objections should be overruled.

### 3. The Argument Made by the Insurers That This Court Already Ruled in Their Favor is Without Merit.

In the Second and Third Objections, the Insurers argue that the Receiver's Sixth, Seventh, Eighth and Ninth Fee Applications should be denied because they "contravene this Court's prior [May 12, 2014] Order." Second Objection, p. 3, ¶ 2, Third Objection, p.4.  That argument is not accurate.  The Court's May 12, 2014 Order does not even mention interim distributions for the purposes of paying the Receivership Estate's expenses or the Receiver's fee applications, much less rule in favor of the Insurers on that issue.  That same Order does grant the Insurers' motions to intervene, but those motions, according to their titles, sought *only* (i) intervention by the Insurers in this action, and (ii) a stay on the Court's ruling on

---

[3] This argument assumes that the Court will approve the settlement between the Receiver and Genworth, thereby reducing the amount of life insurance proceeds in dispute by more than $1 million.

the Receiver's interim distribution plan.  [D.E.  122, 123[4] and 127[5]].  Further, all of the Insurers' motions to intervene make arguments regarding *only* that relief and, accordingly, the Court addresses *only* those arguments in its May 12, 2014 Order.

In the Third Objection, the Insurers are now arguing that the May 12, 2014 Order prohibits the distribution or disbursement of any funds currently held by the Receiver.  Third Objection [D.E. 230], p. 4.  First, if the May 12, 2014 Order were to be read as broadly as the Insurers' suggest—to involve "*any* request for distribution or disbursement of the funds currently held by the Receiver be stayed pending final resolution of the Insurers' claims" – then the relief they seek is that the Receiver not be able to do anything at all.  *See id.*  That is because practically everything the Receiver and her Court-approved professionals do involves "the distribution or disbursement of the funds currently held by the Receiver."  For example, pursuing third party claims and performing forensic analyses on the

---

[4]  Protective's and Household's motions were titled "Emergency Motion to Intervene to Sue Receiver and to Stay Ruling on Receiver's Motion to Approve Initial Plan of Distribution (Doc No. 114) and Memorandum of Law in Support Thereof".

[5] Genworth's Motion was titled "Genworth Life Insruance Company's Emergency Motion to Intervene and Sue the Receiver and to Stay the Receiver's Motion to Approve (A) Investor's and Creditor's Claim Procedure, and (B) Initial Plan of Distribution".

books and records of the Receivership Entities all involve distribution or disbursement of the assets that are the subject of those claims and analyses, because they are absolutely necessary to carrying out the task of distribution and disbursement. That is why the May 12, 2014 Order cannot be read to apply so broadly and in such a debilitating manner to this Receivership Estate.[6] Instead, it should be read as modifying the previous terms to include all "investor and creditor claims procedures" and all "plans of distributions."

In any event, plainly read, the Court's May 12, 2014 Order does *not* rule on the Receiver's Sixth Fee Application (which was pending along with the First Objection at the time it was entered), nor does it rule on any other distributions that the Receiver may seek permission to make. Indeed, the Insurers' reading of the May 12, 2014 Order would effectively rescind the portion of the Order Appointing Receiver governing payments by the Receiver. D.E. 20, Section XIV titled "Fees, Expenses and Accountings," ¶¶ 59 – 66. According to that Order, the Receiver is required to submit status reports and fee applications for approval "quarterly." *Id.* ¶¶ 62-63. Nothing in the Court's May 12, 2014 Order suggested that the Court endorsed such a drastic departure from the established procedures in this action.

---

[6] Indeed, Household appears to be using its objections to pressure the Receiver and her professionals to accept an unreasonable resolution by threatening protracted litigation while the Receiver's professionals must work without compensation.

## CONCLUSION

When the First Objection was filed, the Insurers had at least an arguable stake in the outcome of the Receiver's Sixth Fee Application. However, given that the Receivership Estate is able to pay all funds that are at issue in the Insurers' lawsuits (assuming the Genworth settlement is approved) *and* pay all four of the Receiver's outstanding Fee Applications, any theoretical interest the Insurers' may have had is now gone. For this reason, and all of the others stated herein, the Insurers' First, Second and Third Objections should be overruled.

Respectfully submitted this 23rd day of December, 2014.

> DAMIAN & VALORI LLP
> *Counsel for the Receiver*
> 1000 Brickell Avenue, Suite 1020
> Miami, Florida 33131
> Telephone: 305-371-3960
> Facsimile: 305-371-3965
>
> /s/ Kenneth Dante Murena
> Kenneth Dante Murena, P.A.
> Florida Bar No. 147486
> *Admitted Pro Hac Vice*
>
>
> /s/Andrew E. Worrell
> Andrew Worrell
> Georgia Bar No.: 311027
> PETITT WORRELL CRAINE
> WOLFE, LLC
> *Co-Counsel for the Plaintiff*

Suite 1030, One Glenlake
1 Glenlake Parkway
Atlanta, GA 30328
Telephone: 404-249-7480
Facsimile: 404-442-4463
Email: Andrew@petittworrell.com

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of **The Receiver's Reply to Protective Life Insurance Company, Household Life Insurance Company and Genworth Life Insurance Company's Joint Objection to the Receiver's Eighth and Ninth Interim Applications for Order** was served via CM/ECF this 23rd day of December, 2014, upon all counsel of record and to all parties listed on the attached Service List.

/s/ Kenneth Dante Murena
Kenneth Dante Murena, P.A.
Florida Bar No. 147486
*Admitted Pro Hac Vice*
DAMIAN & VALORI LLP
*Counsel for the Receiver*
1000 Brickell Avenue, Suite 1020
Miami, Florida 33131
Telephone: 305-371-3960
Facsimile: 305-371-3965

**SERVICE LIST**

W. Shawn Murnahan, Esq.
  Email: murnahanw@sec.gov
Elizabeth Skola, Esq.
  Email: skolae@sec.gov
Securities and Exchange Commission
950 East Paces Ferry Road, N.E., Ste. 900
Atlanta, GA 30326
*Via CM/ECF*

Robert J. Waddell, Jr., Esq.
*Counsel for FDIC*
  Email:  rwaddell@mcguirewoods.com
Laura E. Reinhold, Esq.
  Email:  lreinhold@mcguirewoods.com
McGuire Woods, LLP
Suite 2100, Promenade II
1230 Peachtree Street, NE
Atlanta, GA  30309
*Via CM/ECF*

Kathryn Giardina
c/o Robert E.L. Garner, Esq.
  Email: relg@hsy.com
Haskell Slaughter Young & Rediker, LLC
2001 Park Place, Suite 1400
Birmingham, Alabama  35203
*Via E-Mail*

Michael J. Athans, Esq.
*Attorney for Evanston Insurance*
  Email: mathans@fieldshowell.com
191 Peachtree Street NE, Suite 4600
Atlanta, GA 30303
*Via CM/ECF*

14

David J. Forestner
*Attorneys for Plaintiff in Intervention,*
*Genworth Life Insurance Company*
   Email: dforestner@cfjblaw.com
Carlton Fields Jorden Burt, P.A.
One Atlantic Center, Suite 3000
1201 W. Peachtree Street
Atlanta, GA 30309
*Via CM/ECF*

Raul Cuervo
*Attorneys for Plaintiff in Intervention,*
*Genworth Life Insurance Company*
   Email: rcuervo@cfjblaw.com
Carlton Fields Jorden Burt, P.A.
Miami Tower
100 SE 2nd Steet, Suite 4200
Miami, FL 33131-2113
*Via CM/ECF*

Alexander B. Feinberg
*Attorneys for Intervening Parties*
*Protective Life Insurance Company and*
*Household Life Insurance Company*
   Email: afeinberg@maynardcooper.com
Maynard, Cooper & Gale, P.C.
1901 Sixth Avenue North
2400 Regions  Harbert Plaza
Birmingham, AL 35203
*Via CM/ECF*