IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| **SECURITIES AND EXCHANGE COMMISSION,** ) ) ) | |
| **Plaintiff,** ) ) | |
| v. ) ) ) | **Civil Action No. 1:12-cv-2296-TCB** |
| **AUBREY LEE PRICE; et al** ) ) ) | |
| **Defendants,** ) ) ) | |

**PROTECTIVE LIFE INSURANCE COMPANY'S AND HOUSEHOLD LIFE INSURANCE COMPANY'S OBJECTION TO THE RECEIVER'S MOTION TO APPROVE SETTLEMENT AND RELEASE AGREEMENT WITH GENWORTH LIFE INSURANCE COMPANY**

Intervention Plaintiffs Protective Life Insurance Company ("Protective") and Household Life Insurance Company ("Household"), (collectively, the "Insurers"), hereby submit their Objection to the Receiver's Motion to Approve Settlement and Release Agreement with Genworth Life Insurance Company (ECF Doc. No. 232). As set forth in more detail below, this Court has previously ruled, on two occasions, that any request to disburse or distribute the funds currently held by the Receiver should be denied or deferred pending final resolution of *all* of the claims asserted by Protective, Household, and Genworth. In light of these rulings, this

Court should deny the Receiver's Motion with leave to re-file it following the final resolution of the Insurers' claims. In support of this Objection, the Insurers state as follow:

1.  On January 21 and 22, 2014, Protective, Household, and Genworth each filed an Emergency Motion to Intervene to Sue Receiver and to Stay Ruling on Receiver's Motion to Approve Initial Plan of Distribution. (ECF Doc. Nos. 122, 123, and 127) ("Motions"). In their Motions, Protective and Household requested that:

> this Court grant [them] permission to intervene in this action and to sue Melanie E. Damian, as Receiver, and that **this Court stay ruling on** the Receiver's Motion to Approve (A) Investors and Creditors Claims Procedure and (B) Initial Plan of Distribution (Doc. No. 114), and on **any other request by the Receiver that involves the distribution or disbursement of the Receivership Assets, pending final resolution of [the Insurers'] Motion[s] and the claims set forth in [their] proposed Complaint[s] in Intervention**."

(ECF Doc. No. 122 at 13; Doc. No. 123 at 12-13 (emphasis added); *see also* Doc. No. 127 at 5) (emphasis added). The Insurers seek to recover amounts previously paid to the Receiver under the life insurance policies at issue in this case ("Payments"), policies that the Receiver has acknowledged were only payable upon the death of Aubrey Lee Price. (*See* ECF Doc. No. 138-2 at 6). The Insurers contend that, because Price is alive, Price has no rightful claim to the Payments, and thus, the Payments are not Receivership Property and must be returned to the Insurers.

2. On May 12, 2014, this Court granted the Insurers' Motions in their entirety. (ECF Doc. No. 164 at 9). In so ruling, this Court recognized that intervention was appropriate because, *inter alia*, a legitimate question existed as to whether the Payments are properly part of the Receivership Property. (*See id.* at 6-7).

3. On July 16, 2014, this Court entered an order denying the Receiver's Motion to Approve Initial Plan of Distribution. (ECF Doc. No. 197). In so ruling, this Court explained:

> Because the receiver's proposals involve distributing funds that the insurers contend are not receivership property, the Court cannot approve the claims procedure or the distribution plan until the insurers' claims are adjudicated.

(*Id.* at 1-2).

4. In light of this Court's Orders granting the Insurers' Motions to Intervene and denying the Receiver's Motion to Approve, it is evident that this Court has ruled that any request for distribution or disbursement of the funds currently held by the Receiver should be stayed pending final resolution of *each* of the claims by Protective, Household, and Genworth.

5. On December 22, 2014, the Receiver filed a Motion to Approve Settlement and Release Agreement with Genworth Life Insurance Company (ECF Doc. No. 232), seeking, among other things, for the Court's authorization for the Receiver to immediately pay Genworth a settlement amount of $480,000.00.

6. The Insurers object to the Receiver's pending Motion to Approve Settlement and Release Agreement with Genworth Life Insurance Company to the extent it seeks to contravene this Court's prior Orders and obtain authority to distribute funds held by the Receiver prior to the resolution of the claims of Protective and Household.

WHEREFORE, Protective Life Insurance Company and Household Life Insurance Company respectfully request that this Court enter an Order denying the Receiver's Motion to Approve Settlement and Release Agreement with Genworth Life Insurance Company (ECF Doc. No. 232) with leave to re-file following final resolution of the claims of Protective Life Insurance Company and Household Life Insurance Company.

Dated December 23, 2014. Respectfully submitted,

*/s/ Alexander B. Feinberg*
Alexander B. Feinberg
Georgia Bar. No. 956505

**OF COUNSEL:**
C. Andrew Kitchen
Alexander B. Feinberg
Christopher C. Frost
MAYNARD, COOPER & GALE, P.C.
1901 Sixth Avenue North, Suite 2400
Birmingham, AL 35203
Telephone: 205-254-1000

Facsimile: 205-254-1999

*Attorneys for Intervention Plaintiffs*
*Protective Life Insurance Company &*
*Household Life Insurance Company*

## LOCAL RULE 7.1(D) CERTIFICATION

By signature below, counsel certifies that the foregoing document was prepared in Times New Roman, 14 point font in compliance with Local Rule 5.1B.

## CERTIFICATE OF SERVICE

I hereby certify that on this 23rd day of December, 2014, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system which will send notification of such following to counsel of record. In the event that the CM/ECF system does not send notification of such filing any counsel of record, undersigned counsel will serve the following them via U.S. Mail.

*/s/ Alexander B. Feinberg*
Of Counsel