EXHIBIT A

EXHIBIT A

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

SECURITIES AND EXCHANGE
COMMISSION,

    Plaintiff,

v.

AUBREY LEE PRICE, et al.,

    Defendants.

Civil Action No.
1:12-cv-2296-TCB

GENWORTH LIFE INSURANCE
COMPANY, PROTECTIVE LIFE
INSURANCE COMPANY, AND
HOUSEHOLD LIFE INSURANCE
COMPANY,

    Plaintiffs in Intervention,

v.

MELANIE E. DAMIAN,
in her capacity as Receiver,

    Defendant in Intervention.
_____/

## JOINT STATEMENT OF STIPULATED FACTS

Pursuant to this Court's Order (ECF Document No. 194), Intervention Plaintiffs Protective Life Insurance Company ("Protective"), Household Life

Insurance Company ("Household"), Genworth Life Insurance Company ("Genworth") (collectively, the "Insurers") and Intervention Defendant Melanie E. Damian, in her capacity as Receiver ("Receiver") (collectively, the "Parties"), hereby submit their joint statement of stipulated facts, as follows:

1. Protective is a corporation organized and existing under the laws of the state of Tennessee, having its principal place of business in Birmingham, Alabama.

2. Household is a corporation organized and existing under the laws of the state of Michigan, having its principal place of business in New Jersey.

3. Genworth is a corporation organized and existing under the laws of the State of Delaware, having its principal place of business in Virginia.

4. The Receiver is a resident of Florida.

5. The individual at the heart of this matter is Aubrey Lee Price ("Price"), who was insured under numerous life insurance policies, including three separate life insurance policies issued by the Insurers, as follows:

| Insurer | Policy Number | Face Amount of Policy |
|---|---|---|
| Protective | L26007137 | $250,000.00 |
| Household | 4270711 | $500,000.00 |

2

| Genworth | 0010008910 | $1,000,000.00 |

6. On July 2, 2012, the Securities and Exchange Commission ("SEC") filed a Complaint for Injunctive Relief against Price and other defendants, alleging offering and advisory fraud perpetrated against investors.

7. On August 10, 2012, this Court appointed Damian as Receiver to marshal and preserve all Receivership assets.

8. On June 16, 2012, Price disappeared after last being seen boarding the Key West Express, a commuter boat, that travels from Northern Florida to the Florida Keys.

9. Various federal and state authorities conducted an extensive nationwide manhunt for Price, but could not locate him.

10. In connection with the Florida proceeding, the Receiver represented to the Court in a sworn affidavit: "I am unaware of any credible evidence as to Mr. Price's existence subsequent to the events that took place on June 16, 2012," and "I have no objection to the entry of an order on the petition granting declaration of the death of Aubrey Lee Price and ordering the issuance of presumptive death certificate."

11. On December 31, 2012, The Honorable Greg S. Parker, Circuit Court Judge of the Third Judicial Circuit, Hamilton County, Florida, Case No. 2012-CA-424, issued an Order of Presumptive Death. The Order is attached as Exhibit "A."

12. Price was discovered alive on December 31, 2013. On January 6, 2014, the Honorable Greg S. Parker, Circuit Court Judge of the Third Judicial Circuit, Hamilton County, Florida, Case No. 2012-CA-424 granted a motion to set aside the presumptive death certificate of Aubrey Lee Price.

## INTERACTIONS BETWEEN THE RECEIVER AND PROTECTIVE

13. Following issuance of the order declaring Price presumptively deceased, the Receiver filed a claim seeking payment of the proceeds of Policy No. L26007137, ("Protective Policy").

14. Specifically, on January 14, 2013, the Receiver notified Protective that she was making a claim on the Protective Policy and submitted the Order Granting Petition for Presumptive Death Certificate as well as a copy of the sworn declaration she filed with the court that issued Price's death certificate, in which she stated she had no objection to the entry of the certificate and further declared, "I am unaware of any credible evidence as to Mr. Price's continued existence subsequent to the events that took place on June 16, 2012."

4

15. On March 14, 2013, the Receiver completed a Claimant's Statement for Death Benefit, in which she represented that Price had died by suicide.

16. On May 3, 2013, the Receiver submitted Price's Presumptive Certificate of Death.

17. Having received the Order Granting Petition for Presumptive Death Certificate, the Receiver's sworn declaration that she knew of no credible evidence of Price's continued existence after his disappearance, Price's Presumptive Certificate of Death, the Claimant's Statement for Death Benefit, and the Receiver's May 15, 2013 demand letter, Protective issued a check to the Receiver in the amount of $251,510.32 ("Protective Payment") on July 3, 2013.

18. The Protective Payment consisted of the policy proceeds of $250,000.00, a premium refund of $3.47, and interest of $1506.85.

19. On December 31, 2013, Price was discovered alive when he was arrested pursuant to a routine traffic stop in Georgia.

20. On January 10, 2014, Protective demanded that the Receiver return the $251,510.32.

21. The Receiver has not returned the $251,510.32 to Protective.

## INTERACTIONS BETWEEN THE RECEIVER AND HOUSEHOLD

22. Following issuance of the order declaring Price presumptively deceased, the Receiver filed a claim seeking payment of the proceeds of Household Policy No. 4270711, (the "Household Policy").

23. Specifically, on January 14, 2013, the Receiver notified Household that she was making a claim on the Policy and submitted the Order Granting Petition for Presumptive Death Certificate as well as a copy of the sworn declaration she filed with the court that issued Price's death certificate, in which she stated she had no objection to the entry of the certificate and further declared, "I am unaware of any credible evidence as to Mr. Price's continued existence subsequent to the events that took place on June 16, 2012."

24. On February 4, 2013, the Receiver completed a Term Life Claim Form, in which she represented that Price died by suicide.

25. Having received the Order Granting Petition for Presumptive Death Certificate, the Receiver's sworn declaration that she knew of no credible evidence of Price's continued existence after his disappearance, and the Term Life Claim Form, Household issued two checks to the Receiver in the total amount of $543,561.64 (the "Household Payment") on March 8, 2013.

26. The Household Payment consisted of the Policy proceeds of $500,000.00 and interest of $43,561.64.

27. On January 10, 2014, following Price's arrest on December 31, 2013, Household demanded that the Receiver return the $543,561.64.

28. The Receiver has not returned the $543,561.64 to Household.

## INTERACTIONS BETWEEN THE RECEIVER AND GENWORTH

29. Following issuance of the order declaring Price presumptively deceased, the Receiver filed a claim seeking payment of the proceeds of the Genworth Policy No. 0010008910, a life insurance policy insuring Price's life (the "Genworth Policy").

30. On October 11, 2012 the Receiver completed an Ownership Change and Beneficiary Designation Instructions and Guidelines Form.

31. On October 26, 2012, Genworth sent the Receiver a letter specifically advising that as stated on the form, "an ownership change revokes all ... prior revocable beneficiary designations .... The new owner becomes the beneficiary unless a beneficiary is designated by this form, or there is an irrevocable beneficiary."

32. By letter dated January 14, 2013, the Receiver notified Genworth that she was making a claim on the Policy and submitted the Order Granting Petition

7

for Presumptive Death Certificate as well as a copy of the sworn declaration she filed with the court that issued Price's death certificate, in which she stated she had no objection to the entry of the certificate and further declared, "I am unaware of any credible evidence as to Mr. Price's continued existence subsequent to the events that took place on June 16, 2012."

33. The same letter also attached Genworth's completed Proof of Loss Claimant Statement form in which the Receiver represented that Price died by suicide.

34. Having received the completed Ownership Change and Beneficiary Designation Instructions and Guidelines Form, the Order Granting Petition for Presumptive Death Certificate, the Receiver's sworn declaration that she knew of no credible evidence of Price's continued existence after his disappearance, and the Proof of Loss Claimant Statement Form, Genworth issued a check to the Receiver in the total amount of $1,038,414.48 on January 29, 2013.

35. The Genworth Payment consisted of the Policy proceeds of $1,000,000 and interest and refund of premium of $38,414.48.

36. On January 7, 2014, following Price's arrest on December 31, 2013, Genworth demanded that the Receiver return the $1,038,414.48.

37. The Receiver has not returned the $1,038,414.48 to Genworth.

8

38.  The Receiver filed a sworn declaration attached as Exhibit "A" to ECF Document No. 202, in which she represented that the Receivership Estate had a total of $2,408,695.74 in cash (excluding the amounts held in the Receiver's Venezuela attorney's Trust account) as of July 21, 2014.

Dated August 18, 2014.                    Respectfully submitted,


                                          /s/ Alexander B. Feinberg
                                          Alexander B. Feinberg

                                          **OF COUNSEL:**
                                          C. Andrew Kitchen
                                          Alexander B. Feinberg
                                          Christopher C. Frost
                                          **MAYNARD, COOPER & GALE, P.C.**
                                          1901 Sixth Avenue North, Suite 2400
                                          Birmingham, AL 35203
                                          Telephone: 205-254-1000
                                          Facsimile: 205-254-1999

                                          *Attorneys for Intervenor Plaintiffs Protective Life Insurance Company and Household Life Insurance Company*

                                          /s/ David J. Forestner (w/ permission)
                                          David J. Forestner

                                          **OF COUNSEL:**
                                          **Carlton Fields Jorden Burt, P.A.**

9

One Atlantic Center, Suite 3000
1201 W. Peachtree Street
Atlanta, GA 30309
Telephone: 404-815-3400
Facsimile: 404-815-3415

And

Raul Cuervo
Carlton Fields Jorden Burt, P.A.
Miami Tower
100 S.E. Second Street, Suite 4200
Miami, FL 33131-2113
Telephone: 305-530-0050
Facsimile: 305-530-0055

*Attorneys for Intervenor Plaintiff*
*Genworth Life Insurance Company*


/s/ Jason S. Mazer (w/ permission)
Jason S. Mazer

**OF COUNSEL:**
Ver Ploeg & Lumpkin, P.A.
100 S.E. 2nd Street, 30th Floor
Miami, Florida 33131
Telephone: 305-577-3996
Facsimile: 305-577-3558

*Attorneys for Intervention Defendant*
*Melanie E. Damian*

10

## LOCAL RULE 5.1 CERTIFICATION

By signature below, counsel certifies that the foregoing document was prepared in Times New Roman, 14 point font in compliance with Local Rule 5.1.

## CERTIFICATE OF SERVICE

I hereby certify that on this 18th day of August, 2014, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system which will send notification of such filing to all counsel of record. In the event that the CM/ECF system does not send notification of such filing to any counsel of record, undersigned counsel will serve the following on them via U.S. Mail.

/s/ *Alexander B. Feinberg*
Of Counsel

# EXHIBIT A

IN THE CIRCUIT COURT OF THE THIRD JUDICIAL CIRCUIT
IN AND FOR HAMILTON COUNTY, FLORIDA
CIVIL DIVISION

AUBREY LEE PRICE                    CASE NO: 2012CA000424
                                    DIVISION:

## ORDER GRANTING PETITION FOR PRESUMPTIVE DEATH CERTIFICATE

This matter having come before the Court for hearing the Petition for Presumptive Death Certificate, the Court having heard evidence and arguments of counsel, the Court hereby makes the following findings of facts and conclusions of law:

## FINDINGS OF FACT

1.

Petitioner, Rebeka Price, is the wife of the decedent, Aubrey Lee price, as evidenced by the marriage certificate attached to the petition as exhibit "A".

2.

Aubrey Lee Price, D.O.B. 7/31/66 was 45 years old and resided at 4616 Rainwood Cir., Valdosta, GA 31602 on June 16, 2012.

3.

Aubrey Price left his home on June 15, 2012, advising his wife that he was going out of the country. However, he took a commercial flight to South Florida where he purchased some dive weights and boarded a ferry known as the Key West Express which travel from Key West, Florida to Fort Myers, Florida.

4.

On June 16 Aubrey Price mailed to his father in law a package including letters to his wife and children indicating that he had chosen to commit suicide due to his personal and financial failures to himself and others. He gave instructions regarding where his body could be found in located in the path of the Key West express in the Gulf of Mexico not far from the Naples area. He also gave instructions not to spend any money on a funeral or eulogy and a phone number to reach the Coast Guard in Fort Myers for search emergencies. Several detailed and personal letters were enclosed to family members which were viewed by the Court but not admitted into evidence due to the extremely

personal nature of said documents and the other privacy interests which should be protected.

5.

Petitioner notified local authorities and contacted the Coast Guard. An investigation was launched into the circumstances of Mr. Price's death by the Lowndes County Sheriff's office and the FBI. The Coast Guard conducted a search effort in the area accordance with their policies to no avail.

6.

Law enforcement confirmed the purchase of a divebelt and dive weights and retrieved video evidence confirming Mr. Price's boarding of the ferry boat known as the Key West Express on June 16, 2012. There was no video footage or other evidence indicating his departure from the vessel in Fort Myers, Florida. Cell phone records were subpoenaed and confirmed via triangulation a last contact in the path of the Key West Express.

7.

A federal investigation was begun by the Securities and Exchange Commission and a suit brought in the United States District Court for the Northern District of Georgia, Atlanta Division. This action resulted in the issuance of injuctions and an order appointing a recievet, Melanie Damian, Esquire, to seize and secure for creditors all assets owned by Aubrey Lee Price or the entities which had been used to defraud investors.

8.

Petitioner sent notice of the hearing on the above-referenced petition and a copy of said petition to said receiver, Melanie Damian, Esquire, and the receiver made no objection to the entry of this order. In fact, the receiver signed an acknowledgment of her prior receipt of notice and a copy of the petition for declaration of death and set forth in said acknowledgment that she had no objection to the entry of an order of presumed death. The receiver has worked closely with federal investigators and others in search of Aubrey Lee price and any potential assets he or his corporate entities may have and is unaware of any evidence as to Mr. Price's existence subsequent to the events that took place on June 16, 2012.

9.

The court finds that petitioner has met its burden of proving by circumstantial and direct evidence which amounts to a preponderance of all reasonable inferences that can be drawn from the circumstances in evidence that Aubrey Lee Price took his own life at sea.

## CONCLUSIONS OF LAW

10.

Jurisdiction and venue are appropriate according to Florida Statutes section 731.103 which states: "a petition for this determination shall be filed in the county in Florida where the decedent maintained his or her domicile or in any County of this state if the decedent was not a resident of Florida at the time his or her absence commenced."

11.

A person who is absent from the place of his or her last known domicile for a continuous period of 5 years and whose absence is not satisfactorily explained after diligent search and inquiry is presumed to be dead. The person's death is presumed to have occurred at the end of the period unless there is evidence establishing that death occurred earlier. Evidence showing that the absent person was exposed to a specific peril of death may be a sufficient basis for the court determining at any time after such exposure that he or she died less than 5 years after the date on which his or her absence commenced. A petition for this determination shall be filed in the county in Florida where the decedent maintained his or her domicile or in any county of this state if the decedent was not a resident of Florida at the time his or her absence commenced.

[However] This section does not preclude the establishment of death by direct or circumstantial evidence prior to expiration of the 5-year time period set forth in subsection (3). Fla. Stat. Ann. § 731.103.

12.

The standard of proof to be applied in such cases is "[whether] the circumstantial evidence amounts to a preponderance of all reasonable inferences that can be drawn from the circumstances in evidence to the end that the evidence is not reasonably susceptible of two equally reasonable inferences." *Id.* (citing *Mutual Life Ins. Co. of New York v. Hamilton*, 143 F.2d 726, 732 (5th Cir.1944), *cert. denied*, 323 U.S. 760, 65 S.Ct. 94, 89 L.Ed. 608 (1944)). Woods v. Estate of Woods, 681 So. 2d 903, 905 (Fla. Dist. Ct. App. 1996)

IT IS THERFORE ORDERED AND ADJUDGED that Aubrey lee Price is hereby presumed to have died at sea in the Gulf of Mexico on or about June 16, 2012, and it is

ORDERED AND ADJUDED that the Petition for Presumptive Death Certificate, in accordance with Florida Statutes, Section 382.0122(1)(a), be and the same is hereby granted which should indicate death by drowning/ suicide as the cause of death, and it is

ORDERED AND ADJUDGED that the State of Florida, the Department of Health, Bureau of Vital Statistics and such other agencies as are necessary, shall take all necessary and appropriate steps to execute, enter and effectuate a Presumptive Death Certificate for Aubrey Lee Price as requested by the petition filed herein and by this order granting that Petition.

DONE AND ORDERED on this 31 day of December, 2012.

Greg S. Parker
CIRCUIT JUDGE

Copy to:	John D. Holt
PO Box 1571
Valdosta, GA 31603

Melanie Damian
1000 Brickell Avenue, Suite 1020
Miami, Florida 33131

IN THE CIRCUIT COURT OF THE THIRD JUDICIAL CIRCUIT
IN AND FOR HAMILTON COUNTY, FLORIDA
CIVIL DIVISION

AUBREY LEE PRICE                    CASE NO:
                                    DIVISION:

### ACKNOWLEDGMENT OF PETITION FOR DECLARATION OF DEATH AND PRESUMPTIVE DEATH CERTIFICATE

Melanie Damian, the Court Appointed Receiver acknowledges and declares as follows:

1. I am Court-Appointed Receiver of several entities and Aubrey Lee Price in an Securities and Exchange Commission action in the United States District Court for the Northern District of Georgia, Atlanta Division, known as SEC vs. Aubrey Lee Price, et al., civil action # 1:12-cv-2296-TCB.
2. I received notice of the hearing on the above-referenced petition and a copy of said petition.
3. I have no objection to the entry of an order on the petition granting declaration of the death of Aubrey Lee Price and ordering the issuance of presumptive death certificate.
4. I am unaware of any credible evidence as to Mr. Price's existence subsequent to the events that took place on June 16, 2012.

This 21st day of December, 2012.

Melanie Damian, Esquire
1000 Brickell Avenue, Suite 1020
Miami, Florida 33131
305-371-3960 (office)
305-371-3965 (fax)

Sworn before me this 21st
Day of December, 2012.

Notary

LISA FAZZAH
MY COMMISSION # EE 154206
EXPIRES: January 16, 2016
Bonded Thru Notary Public Underwriters