# EXHIBIT B

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

CASE NO. 1:12-cv-2296-TCB

Securities and Exchange Commission,

    Plaintiff,

vs.

Aubrey Lee Price, PFG, LLC, PFGBI, LLC, Montgomery Asset Management, LLC f/k/a PFG Asset Management, Montgomery Asset Management, LLC f/k/a PFG Asset Management,

    Defendants.
_____/

Genworth Life Insurance Company, Protective Life Insurance Company, Household Life Insurance Company,

    Plaintiffs in Intervention,

vs.

Melanie E. Damian, as Receiver for the Estate of Aubrey Lee Price, PFG, LLC, PFGBI, LLC, Montgomery Asset Management, LLC f/k/a PFG Asset Management, Montgomery Asset Management, LLC f/k/a PFG Asset Management,

    Defendant in Intervention.
_____/

**JOINT SUPPLEMENTAL STATEMENT OF STIPULATED FACTS**

Pursuant to this Court's October 21, 2014, ruling, Intervention Plaintiffs Protective Life Insurance Company ("Protective"), Household Life Insurance Company ("Household") (collectively, the "Insurers") and Intervention Defendant Melanie E. Damian, in her capacity as Receiver ("Receiver") (collectively, the "Parties"), hereby submit their joint supplemental statement of stipulated facts, as follows:

1.   This stipulation supplements the Parties' previous Statement of Stipulated Facts [D.E. 210].

2.   All records produced in discovery in this matter are accurate and authentic copies of the Parties' respective business records.

## PROTECTIVE LIFE INSURANCE COMPANY

3.   Protective did not undertake an independent investigation into the disappearance of Aubrey Lee Price, but relied on claim documents submitted by the Receiver, including the Hamilton County, Florida Circuit Court's Order and Presumptive Death Certificate for Mr. Price.

4.   Protective did not deny the Receiver's Claim for lack of due proof or satisfactory proof of Price's death.

5.   Protective does not condition payment of claims upon repayment if an insured is later discovered to be alive.

6. Protective did not condition its payment of the Claim in this matter on repayment if and/or when Mr. Price was later discovered alive.

7. Protective did not file a declaratory judgment action or otherwise challenge the sufficiency of the Receiver's proof of Price's death.

8. Protective has not sued Aubrey Lee Price for fraud.

9. Protective did not pay the Claim as a result of an accounting or clerical error or negligence.

10. Protective did not pay the Claim under an urgent and immediate necessity, or to release person or property from detention or prevent immediate seizure of property.

11. Prior to and at the time it paid the Claim, Protective was aware that Price was wanted by federal law enforcement officials, including the FBI, and that his body had not been recovered.

12. Protective did not contact state or federal authorities about their investigation of Price's disappearance after receiving the Receiver's Claim for the life insurance proceeds.

13. Protective has no evidence to suggest that the Receiver engaged in fraud in connection with her Claim.

14. Protective received reinsurance payments in the amount of $100,000 after paying the Claim.

CASE NO. 1:12-cv-2296-TCB

## HOUSEHOLD LIFE INSURANCE COMPANY

15. Household relied on the claim submission by the Receiver, the Hamilton County, Florida Circuit Court's Order and Presumptive Death Certificate for Mr. Price in paying the Receiver's claim.

16. Household did not deny the Receiver's Claim for lack of due proof or satisfactory proof of Price's death.

17. Household does not condition payment of claims upon repayment if an insured is later discovered to be alive.

18. Household did not condition its payment of the claim in this matter on repayment if and/or when Price was discovered alive.

19. Household did not file a declaratory judgment action or otherwise challenge the sufficiency of the Receiver's proof of Price's death.

20. Household has not sued Aubrey Lee Price for fraud.

21. Household did not pay the Claim as a result of an accounting or clerical error or negligence.

22. Household did not pay the Claim under an urgent and immediate necessity, or to release person or property from detention or prevent immediate seizure of property.

219316_1
D032.100

Case 1:12-cv-02296-TCB   Document 244-3   Filed 01/20/15   Page 6 of 10
Case 1:12-cv-02296-TCB   Document 231   Filed 12/17/14   Page 5 of 9

CASE NO. 1:12-cv-2296-TCB

23. Prior to and at the time it paid the Claim, Household was aware that Price was wanted by federal law enforcement officials, including the FBI, and that his body had not been recovered.

24. Household did not contact state or federal authorities about their investigation of Price's disappearance after receiving the Receiver's Claim for the life insurance proceeds.

25. Household has no evidence to suggest that the Receiver engaged in fraud in connection with her Claim.

Respectfully submitted,

**VER PLOEG & LUMPKIN, P.A.**

/s/ Jason S. Mazer
**Jason S. Mazer**
Florida Bar No. 0149871
jmazer@vpl-law.com
**Matthew L. Baldwin**
Florida Bar No. 27463
mbaldwin@vpl-law.com
100 S.E. 2nd Street, 30th Floor
Miami, Florida 33131
Telephone: (305) 577-3996
Facsimile: (305) 577-3558

*Special Insurance Counsel for the Receiver, Admitted Pro Hac Vice*

and

**MAYNARD, COOPER & GALE, P.C.**

/s/ C. Andrew Kitchen, *with permission*
**C. Andrew Kitchen, Esq.**
Georgia Bar No. 271018
dkitchen@maynardcooper.com
275 Battery Street, Suite 1350
San Francisco, California 94111
Telephone: (415) 704-7433
Facsimile: (415) 358-5650

*Counsel for Plaintiffs in Intervention, Protective Life Insurance Company and Household Life Insurance Company*

CASE NO. 1:12-cv-2296-TCB

**DAMIAN & VALORI, LLP**
**Kenneth Dante Murena, P.A.**
Florida Bar No. 147486
kmurena@dvllp.com
**Guy F. Giberson, P.A.**
Florida Bar No. 627402
ggiberson@dvllp.com
1000 Brickell Avenue, Suite 1020
Miami, Florida 33131
Telephone: (305) 371-3960
Facsimile: (305) 371-3965
*Counsel for the Receiver,*
*Admitted Pro Hac Vice*

and

**PETITT WORRELL CRAINE WOLFE, LLC**
**Andrew Worrell, Esqnire**
Georgia Bar No. 311027
Andrew@petittworrell.com
Suite 1030, One Glenlake
1 Glenlake Parkway
Atlanta, Georgia 30328
Telephone: (404) 249-7480
Facsimile: (404) 442-4463
*Co-Counsel for the Receiver*

## LOCAL RULE 5.1 CERTIFICATION

By signature below, counsel certifies that the foregoing document was prepared in Times New Roman, 14-point font in compliance with Local Rule 5.1.

**CASE NO. 1:12-cv-2296-TCB**

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on December 17, 2014 I electronically filed the foregoing document with the Clerk of Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record identified on the attached Service List in this manner specified, *via* transmission of Notice of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notice of Electronic Filing.

/s/ Jason S. Mazer
**Jason S. Mazer**

219316_1
D032.100

**CASE NO. 1:12-cv-2296-TCB**

| SERVICE LIST ||
|---|---|
| **Madison Graham Loomis, Esq.**<br>**W. Shawn Murnahan, Esq.**<br>Securities & Exchange Commission-GA<br>950 East Paces Ferry Road, N.E.<br>Suite 900<br>Atlanta, Georgia 30326<br>Telephone: (404) 842-7600<br>Email: loomism@sec.gov<br>Email: murnahanw@sec.gov<br>*Securities and Exchange Commission* | **Robert J. Waddell, Jr., Esq.**<br>**Laura E. Reinhold, Esq.**<br>MCGUIRE WOODS, LLP<br>Suite 2100, Promenade II<br>1230 Peachtree Street, N.E.<br>Atlanta, Georgia 30309<br>Telephone: (404) 443-5500<br>Email: rwaddell@mcguirewoods.com<br>Email: lreinhold@mcguirewoods.com<br>*Counsel for FDIC* |
| **Peter D. Muller**<br>GOODMAN MCGUFFEY LINDSEY &<br>JOHNSON, LLP<br>Suite 300<br>532 Stephenson Avenue<br>Savannah, GA 31405-5987<br>Telephone: (912) 503-2170<br>pmuller@gmlj.com<br>*Counsel for Receiver, Melanie Damian* | **David J. Forestner, Esq.**<br>CARLTON FIELDS JORDEN BURT, P.A.<br>One Atlantic Center, Suite 3000<br>1201 W. Peachtree Street<br>Atlanta, Georgia 30309<br>Telephone: (404) 815-3400<br>Email: dforestner@cfjblaw.com<br>*Counsel for Plaintiff in Intervention,*<br>*Genworth Life Insurance Company* |
| **C. Andrew Kitchen, Esq.**<br>MAYNARD, COOPER & GALE, P.C.<br>275 Battery Street<br>Suite 1350<br>San Francisco, California 94111<br>Telephone: (415) 704-7433<br>Email: dkitchen@maynardcooper.com<br>*Counsel for Plaintiffs in Intervention,*<br>*Protective Life Insurance Company and*<br>*Household Life Insurance Company* | **Raul Cuervo, Esq.**<br>CARLTON FIELDS JORDEN BURT, P.A.<br>100 S.E. 2nd Street<br>Suite 4200<br>Miami, Florida 33131<br>Telephone: (305) 530-0050<br>Email: rcuervo@cfjblaw.com<br>*Counsel for Plaintiff in Intervention,*<br>*Genworth Life Insurance Company* |

219316_1
D032.100

**CASE NO. 1:12-cv-2296-TCB**

| | |
|---|---|
| **Christopher C. Frost, Esq.**<br>**Alexander B. Feinberg, Esq.**<br>MAYNARD, COOPER & GALE, P.C.<br>1901 Sixth Avenue North<br>2400 Regions Harbert Plaza<br>Birmingham, Alabama 35203<br>Telephone: (205) 254-1186<br>Email: cfrost@maynardcooper.com<br>Email: afeinberg@maynardcooper.com<br>*Counsel for Plaintiffs in Intervention, Protective Life Insurance Company and Household Life Insurance Company* | **Philip Keith Lichtman**<br>MILLS, PASKERT, DIVERS P.C.<br>One Atlantic Center<br>1201 West Peachtree Street<br>Suite 2610<br>Atlanta, Georgia 30309<br>Telephone : (404) 870-8200<br>klichtman@mpdlegal.com<br>*Counsel for Plaintiffs in Intervention, St. Paul Mercury Insurance Company* |
| **Alan Francis Curley**<br>ROBINSON CURLEY & CLAYTON, P.C.<br>300 South Wacker Drive<br>Chicago, IL 60606<br>Telephone: (312) 663-3100<br>acurley@robinsoncurley.com<br>*Counsel for Federal Deposit Insurance Corporation ("FDIC")* | |

219316_1
D032.100