IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION, ) ) ) Plaintiff, ) ) v. ) ) ) AUBREY LEE PRICE; et al ) ) Defendants, ) | Civil Action No. 1:12-cv-2296-TCB |

**INTERVENTION PLAINTIFFS PROTECTIVE LIFE INSURANCE COMPANY'S AND HOUSEHOLD LIFE INSURANCE COMPANY'S MEMORANDUM OF LAW IN SUPPORT OF THEIR MOTION TO STRIKE THE AFFIDAVIT OF DONALD L. DINSMORE**

Intervention Plaintiffs Protective Life Insurance Company and Household Life Insurance Company, (collectively, the "Insurers"), pursuant to Federal Rule of Civil Procedure 37 and Local Rule 26.2(C), hereby submit this Memorandum of Law in Support of Their Motion to Strike the Affidavit of Donald L. Dinsmore, attached as Exhibit C to Receiver Melanie Damian's Response to Household Life Insurance Company's Motion for Summary Judgment (ECF Doc. No. 260-4), and any references thereto contained in the Receiver's responses to the Insurers' Motions for Summary Judgment (ECF Doc. Nos. 260-1, 261).

# INTRODUCTION

On February 10, 2015, *two months after the close of discovery and for the first time in this litigation*, Receiver Melanie Damian submitted the Affidavit of Donald L. Dinsmore in support of her Response to Household Life Insurance Company's Motion for Summary Judgment. The Receiver's belated submission of Dinsmore's written report clearly runs afoul of the expert disclosure requirements set forth in Federal Rule of Civil Procedure 26 and Local Rule 26.2(C). Accordingly, Dinsmore's Affidavit, and all references thereto, are due to be stricken from the record. *See, e.g., Reese v. Herbert*, 527 F.3d 1253 (11th Cir. 2008) (upholding Northern District of Georgia's decision striking expert affidavit submitted for the first time two months after the close of discovery and in response to motion for summary judgment).

# RELEVANT FACTUAL BACKGROUND

1. On May 12, 2014, the Court granted the Insurers' respective Emergency Motions to Intervene in this case. (*See* ECF Doc. No. 163).

2. On July 8, 2014, the Court entered a Scheduling Order. (*See* ECF Doc. No. 194). The Scheduling Order set the discovery deadline as November 3, 2014. (*Id.*)

3. On July 17, 2014, the Receiver provided her Initial Disclosures to the Insurers. (Receiver's Initial Disclosures, attached hereto as Exhibit A). Appendix

B, Form I.B to the Local Rules required the Receiver to include the following information in her Initial Disclosures:

> Provide the name of any person who may be used at trial to present evidence under Rules 702, 703, or 705 of the Federal Rules of Evidence. **For all experts described in Fed.R.Civ.P. 26(a)(2)(B), provide a separate written report satisfying the provisions of that rule.**

In response, the Receiver stated: "The Receiver has not yet retained any experts in this matter. The Receiver reserves the right to amend these disclosures to provide this information upon the retention of any expert(s)." (*Id.*).

4. On August 6, 2014, the Receiver responded to certain discovery requests propounded by the Insurers. (Receiver's Discovery Responses, attached hereto as Exhibit B and Exhibit C). In response to the Insurers' document requests pertaining to expert discovery, the Receiver responded as follows:

> 17. Produce the current curriculum vitae and publication list for each witness whom you have retained to testify as an expert at trial, together with any expert reports rendered by such experts.
>
> RESPONSE: None at this time, though the Receiver reserves her right to supplement her expert witness list as necessary pursuant to the applicable Rules.
>
> 18. Produce all documents and correspondence you exchanged with any expert you retained to testify or consult in this litigation.
>
> RESPONSE: None at this time.

(*Id.*).

5. On September 30, 2014, the Receiver provided her First Supplemental Rule 26 Disclosures to the Insurers. (Receiver's Supplemental Disclosures, attached hereto as Exhibit D). The Supplemental Disclosures stated in pertinent part: "The Receiver may use the following expert witnesses at trial . . . Donald Dinsmore." (*Id.*). The Receiver, however, produced no written report from Dinsmore at this time.

6. On October 21, 2014, at the parties' request, the Court extended the discovery deadline in the case to December 19, 2014. (*See* ECF Doc. No. 225).

7. The Receiver produced no written expert report from Dinsmore prior to the December 19, 2014 close of discovery.

8. On February 10, 2015, *two months after the close of discovery and for the first time in this litigation*, the Receiver submitted the written report of Dinsmore as part of her Response to Household Life Insurance Company's Motion for Summary Judgment. (*See* ECF Doc. No. 260-4).[1]

9. Dinsmore's written report is dated February 10, 2015 – approximately *two months* after the close of discovery, *five months* after the Receiver identified

---

[1] While the Receiver did not submit the Affidavit of Dinsmore with her Response to Protective Life Insurance Company's Motion for Summary Judgment, Dinsmore's Affidavit specifically addresses Protective and contains Dinsmore's opinions as to the Protective policy at issue. Moreover, the Receiver refers to Dinsmore in Footnote 9 of her Response to Protective's Motion for Summary Judgment. (*See* ECF Doc. No. 261, at p. 13). Thus, the Receiver's submission of Dinsmore's Affidavit and testimony is untimely and improper as to both of the Insurers.

Dinsmore in her First Supplemental Initial Disclosures, *six months* after the Receiver responded to the Insurers' discovery requests seeking production of any expert report, and *seven months* after the Receiver served her Initial Disclosures pursuant to Appendix B, Form I.B of the Local Rules, which required the Receiver to provide a "separate written report" for any expert retained.

## ARGUMENT

Federal Rule of Civil Procedure 26(a)(2)(D) requires parties using the testimony of experts to "make these disclosures at the times and in the sequence that the court orders." This Court's Local Rules require that the party using expert testimony "shall designate the expert sufficiently early in the discovery period." LR 26.2(C). Timely disclosure ensures that the opposing party has the "opportunity to depose the expert and, if desired, to name its own expert sufficiently in advance of the close of discovery so that a similar discovery deposition of the second expert might also be conducted prior to the close of discovery." *Id.*

Federal Rule of Civil Procedure 26 "imposes specific disclosure requirements upon any witness who is retained or specially employed to provide expert testimony in the case." *Prieto v. Malgor*, 361 F.3d 1313, 1317 (11th Cir. 2004) (citing Fed. R. Civ. P. 26(a)(2)(B)). Importantly, "[n]otice of the expert witness' name is not enough." *Id*. Each expert witness must also "provide a

5

written report containing a complete statement of all opinions to be expressed and the basis and reasons therefor, as well as information about the data considered, the witness' qualifications, the compensation earned, and any other recent cases in which he or she offered testimony." *Id.*, at 1318 (citing Fed. R. Civ. P. 26(a)(2)(B)); *see also Reese*, 527 F.3d at 1265 ("Disclosure of expert testimony within the meaning of the federal rule contemplates not only the identification of the expert, but also the provision of a written report containing a complete statement of all opinions and the basis and reasons therefor"); *OFS Fitel, LLC v. Epstein, Becker and Green, P.C.*, 549 F. 3d 1344, 1361 (11th Cir. 2008) ("[d]isclosure of expert testimony within the meaning of [Rule 26] contemplates not only the identification of the expert, but also the provision of [the expert's] written report"); Fed. R. Civ. P. 26(a)(2)(B) (expert disclosure "must be accompanied by a written report").

The Eleventh Circuit has explained that Local Rule 26.2(C)'s expert disclosure requirements, along with Federal Rule of Civil Procedure 26(b)(4)(A)'s deposition prerequisite that an expert deposition be conducted only after the expert report is provided, require that "**both the expert's name and report should be disclosed before the close of discovery**." *OFS Fitel, LLC,* 549 F.3d at 1361 (citing *Reese*, 527 F.3d at 1265) (emphasis added).

Federal Rule of Civil Procedure 37(c)(1) provides the enforcement mechanism for violations of the expert disclosure requirements set forth in Federal Rule of Civil Procedure 26.  *Bruce v. Classic Carrier, Inc.*, No. 1:11-cv-01472-JEC, 2014 WL 1230231, at *9 (N.D. Ga. March 24, 2014).  Rule 37(c)(1) states that "[i]f a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at trial, unless the failure was substantially justified or is harmless."[2]  Similarly, Local Rule 26.2(C) provides that "[a]ny party who does not comply with the [expert disclosure requirements set forth in Local Rule 26.2(C)] shall not be permitted to offer the testimony of the party's expert."

The Receiver's dilatory tactic of producing Dinsmore's written report for the first time approximately *two months* after the close of discovery, *five months* after the Receiver identified Dinsmore in her First Supplemental Initial Disclosures, *six months* after the Receiver responded to the Insurers' discovery requests seeking

---

[2] "The burden of establishing that a failure to disclose was substantially justified or harmless rests on the nondisclosing party."  *Bruce*, 2014 WL 1230231, at *9 (quotations omitted).  Given the facts and law discussed herein, the Receiver, as the nondisclosing party, cannot show that the failure to produce Dinsmore's written report was substantially justified or harmless.  Among other things, the Insurers did not have an opportunity to depose Dinsmore after reviewing his written report, and therefore the Receiver's use of the Dinsmore Affidavit to oppose the Insurers' Motions for Summary Judgment is extremely prejudicial to the Insurers (the Receiver's ill-timed tactics are also telling of the fact that she is grasping at straws to oppose the Insurers' Motions for Summary Judgment).

production of any expert report, and *seven months* after the Receiver served her Initial Disclosures pursuant to Appendix B, Form I.B of the Local Rules, which require the Receiver to provide a "separate written report" for any expert retained, is a direct violation of the federal and local rules, and the affidavit and testimony should be stricken from the record pursuant to Federal Rule of Civil Procedure 37(c)(1) and Local Rule 26.2(C).

The Eleventh Circuit's ruling in *Reese v. Herbert*, 527 F.3d 1253 (11th Cir. 2008) is instructive here. *Reese* involved an appeal from the Northern District of Georgia in which the trial court struck an expert report submitted for the first time by plaintiff Edward Reese in response to the defendants' motion for summary judgment. *Id*., at 1264-65. The relevant facts are as follows: Reese submitted his Rule 26 initial disclosures on November 21, 2005, stating that there were no known experts at that time, and stating that he would supplement his response "as soon as he retains additional experts." *Id.*, at 1264. Reese formally retained an expert on December 7, 2005, and informed the defendants only of the identity of the expert prior to the close of discovery on February 9, 2006. *Id.* No written expert report was provided prior to the close of discovery. *Id.* It was not until April 10, 2006 – two months after the expiration of the discovery period – that Reese submitted an affidavit from his expert as part of his opposition to the

defendants' motion for summary judgment. *Id.*, at 1264-65. The trial court struck the affidavit as untimely. *Id.*

In holding that the Northern District of Georgia court did not abuse its discretion in striking the expert affidavit, the Eleventh Circuit concluded that Reese's filing of his expert affidavit seven weeks after the close of discovery and in response to the defendants' motion for summary judgment violated the disclosure requirements set forth in Federal Rule of Civil Procedure 26 and Local Rule 26.2(C) because disclosure of the expert's written report was not before the close of discovery, much less sufficiently in advance of the close of discovery to furnish defendants with an opportunity to depose that expert and obtain a rebuttal expert during the discovery period. *Id.*, at 1265-66.[3]

As the Eleventh Circuit cautioned in *Reese*: "Because the expert witness discovery rules are designed to allow both sides in a case to prepare their cases adequately and to prevent surprise, compliance with the requirements of Rule 26 is not merely aspirational." *Id.*, at 1266 (quotations omitted). In accordance with

---

[3] In a case decided later that year, the Eleventh Circuit further affirmed its holding in *Reese*, explaining that "[t]he syllogism in *Reese* appears to be: (1) the expert must be deposed before the close of discovery (Local Rule 26.2(C)), (2) the report must come before the expert's deposition (Rule 26(b)(4)(A)), and (3) therefore the expert's report necessarily must come before the close of discovery." *OFS Fitel, LLC*, 549 F.3d at 1362 (approving Northern District of Georgia's striking of expert written report that was not produced until after the close of discovery and explaining that the submission of the "written report after the close of discovery ran afoul of Rule 26 and Local Rule 26.2(C), as interpreted by *Reese*").

9

*Reese* and its progeny, the Receiver's submission of the Affidavit of Dinsmore for the first time in this litigation approximately *two months* after the close of discovery, *five months* after the Receiver identified Dinsmore in her First Supplemental Initial Disclosures, *six months* after the Receiver responded to the Insurers' discovery requests seeking production of any expert report, and *seven months* after the Receiver served her Initial Disclosures pursuant to Appendix B, Form I.B of the Local Rules, which required the Receiver to provide a "separate written report" for any expert retained, is untimely and should be stricken from the record.  See also *Scott v. Gwinnett Hosp. System, Inc.*, No. CV-03816-BBM, 2005 WL 5976568, at *16 (N.D. Ga. Dec. 9, 2005) (striking expert report where party produced report "nearly two months *after* the close of discovery (which was extended three times)" and where "[plaintiff] requested production of that report almost two months *prior to* the close of discovery") (emphasis in original).

## CONCLUSION

For the reasons set forth above, the Insurers respectfully request that the Court grant the Motion to Strike the Affidavit of Donald L. Dinsmore and any reference thereto in the record.

Dated: March 3, 2015.                    Respectfully submitted,


                                         */s/ Alexander B. Feinberg*
                                         Alexander B. Feinberg
                                         Georgia Bar. No. 956505

                                         **OF COUNSEL:**
                                         C. Andrew Kitchen
                                         Alexander B. Feinberg
                                         Christopher C. Frost
                                         MAYNARD, COOPER & GALE, PC
                                         1901 Sixth Avenue North
                                         2400 Regions Harbert Plaza
                                         Birmingham, Alabama 35203
                                         Telephone: 205-254-1000
                                         Facsimile: 205-254-1999

                                         *Attorneys for Intervention Plaintiffs*
                                         *Protective Life Insurance Company and*
                                         *Household Life Insurance Company*

## LOCAL RULE 7.1(D) CERTIFICATION

By signature below, counsel certifies that the foregoing document was prepared in Times New Roman, 14 point font in compliance with Local Rule 5.1B.

## CERTIFICATE OF SERVICE

I hereby certify that on this 3rd day of March, 2015, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system which will send notification of such following to counsel of record. In the event that the CM/ECF system does not send notification of such filing any counsel of record, undersigned counsel will serve the following them via U.S. Mail.

>  /s/ Alexander B. Feinberg
>  Of Counsel