# EXHIBIT A

# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

### CASE NO.  1:12-cv-2296-TCB

Securities and Exchange Commission,

      Plaintiff,

vs.

Aubrey Lee Price, PFG, LLC, PFGBI, LLC, Montgomery Asset Management, LLC f/k/a PFG Asset Management, Montgomery Asset Management, LLC f/k/a PFG Asset Management,

      Defendants.

_____/

Genworth Life Insurance Company, Protective Life Insurance Company, Household Life Insurance Company,

      Plaintiffs in Intervention,

vs.

Melanie E. Damian, as Receiver for the Estate of Aubrey Lee Price, PFG, LLC, PFGBI, LLC, Montgomery Asset Management, LLC f/k/a PFG Asset Management, Montgomery Asset Management, LLC f/k/a PFG Asset Management,

      Defendant in Intervention.

_____/

## INITIAL DISCLOSURES OF DEFENDANT IN INTERVENTION AS TO
## COMPLAINT BY PROTECTIVE LIFE INSURANCE COMPANY,

Melanie E. Damian, as Receiver for the Estate of Aubrey Lee Price, PFG, LLC, PFGBI, LLC, Montgomery Asset Management, LLC f/k/a PFG Asset Management (Florida limited liability company), Montgomery Asset Management, LLC f/k/a PFG Asset Management (Georgia limited liability company), Defendant in Intervention ("Defendant," or the "Receiver") to the Complaint of Protective Life Insurance Company ("Protective"), Genworth Life Insurance Company ("Genworth"), and Household Life Insurance Company ("Household") (collectively, the "Plaintiffs" or the "Insurers"), and hereby submits her Initial Disclosures per L.R. 26.1, L.R. 84.1, and Fed.R.Civ.P. 26(a)(1):

(1) If Defendant is improperly identified, state defendant's correct identification and state whether defendant will accept service of an amended summons and complaint reflecting the information furnished in this disclosure response.

The Receiver is properly identified.

(2)   Provide the names of any parties whom defendant contends are necessary parties to this action, but who have not been named by plaintiff.   If defendant contends that there is a question of misjoinder of parties, provide the reasons for defendant's contention.

None.

(3)   Provide a detailed factual basis for the defense or defenses and any counterclaims or cross-claims asserted by defendant in the responsive pleading.

The Receiver has acted in good faith, has changed her position as result of the payment, and will be prejudiced by any refund.   Portions of the

payments made have already been disbursed by the Receiver to operate the receivership and to innocent third-party beneficiaries such as her retained professionals. At no time did the Receiver mislead the Insurers or purposely induce the Insurers to rely on false, misleading, or inaccurate information. The Receiver is entitled to keep the payment by virtue of the voluntary payment doctrine and other applicable law. Moreover, Plaintiffs' remedy for its alleged claim is through the receivership claim process.

(4) Describe in detail all statutes, codes, regulations, legal principles, standards and customs or usages, and illustrative case law which defendant contends are applicable to this action.

The Plaintiffs' claims fail in that the Receiver is entitled to retain the benefits of the payment under the voluntary payment doctrine (O.C.G.A. § 13-1-13), the doctrine of equitable estoppel (O.C.G.A. § 23-2-32), and other applicable law. *See* the Receiver's legal analysis set forth in D.E. 98, herein. Further, Plaintiff's claims are barred by the economic loss rule. A contracting party who suffers purely economic losses must seek his remedy in contract and not in tort. Intervention Plaintiffs have not established that an independent duty, separate from the duty owed under the contract, exists under the law. Because the Intervention Plaintiffs' claims seek economic damages that arise from the contract, the claims are barred under the economic loss rule.

(5) Provide the name and, if known, the address and telephone number of each individual likely to have discoverable information that you may use to support your claims or defenses, unless solely for impeachment, identifying the subjects of the information.

See Attachment A.

(6) Provide the name of any person who may be used at trial to present evidence under Rules 702, 703, or 705 of the Federal Rules of Evidence. For all experts described in Fed.R.Civ.P. 26(a)(2)(B), provide a separate written report satisfying the provisions of that rule.

See Attachment B.

(7) Provide a copy of, or description by category and location of all documents, data compilations or other electronically stored information, and

tangible things in your possession, custody, or control that you may use to support your claims or defenses unless solely for impeachment, identifying the subjects of the information.

    See Attachment C.

    (8)  Provide a computation of any category of damages claimed by you.   In addition, include a copy of, or describe by category and location of, the documents or other evidentiary material, not privileged or protected from disclosure on which such computation is based, including materials bearing on the nature and extent of injuries suffered, making such document or evidentiary material available for inspection and copying under Fed.R.Civ.P. 34.

    See Attachment D

    (9)   If defendant contends that some other person or legal entity is, in whole or in part, liable to the plaintiff or defendant in this matter, state the full name, address, and telephone number of such person or entity and describe the basis of such liability.

    The Receiver does not contend that some other person or legal entity is liable to her at this time, but reserves the right to amend this response as appropriate.

    (10)  Attach for inspection and copying as under Fed.R.Civ.P.34 any insurance agreement under which any person carrying on an insurance business may be liable to satisfy part or all of a judgment which may be entered in this action or to indemnify or reimburse for payments to satisfy the judgment.

    See Attachment E.

                    Respectfully submitted,

                    **VER PLOEG & LUMPKIN, P.A.**

                    /s/ Jason S. Mazer
                    **Jason S. Mazer**
                    Florida Bar No. 0149871
                    jmazer@vpl-law.com

**Matthew L. Baldwin**
Florida Bar No. 27463
mbaldwin@vpl-law.com
100 S.E. 2nd Street, 30th Floor
Miami, Florida 33131
Telephone: (305) 577-3996
Facsimile: (305) 577-3558
*Special Insurance Counsel for the
Receiver,*
*Admitted Pro Hac Vice*

and

**DAMIAN & VALORI, LLP**
**Kenneth Dante Murena, P.A.**
Florida Bar No. 147486
kmurena@dvllp.com
**Guy F. Giberson, P.A.**
Florida Bar No. 627402
ggiberson@dvllp.com
1000 Brickell Avenue, Suite 1020
Telephone: (305) 371-3960
Facsimile: (305) 371-3965
*Counsel for the Receiver,*
*Admitted Pro Hac Vice*

and

**PETITT WORRELL CRAINE
WOLFE, LLC**
**Andrew Worrell, Esquire**
Georgia Bar No. 311027
Andrew@petittworrell.com
Suite 1030, One Glenlake
1 Glenlake Parkway
Atlanta, Georgia 30328
Telephone: (404) 249-7480
Facsimile: (404) 442-4463
*Co-Counsel for the Receiver*

5

## <u>LOCAL RULE 7.1D CERTIFICATION</u>

By signature below, counsel certifies that the foregoing document was prepared in Times New Roman, 14-point font in compliance with Local Rule 5.1B.

## <u>CERTIFICATE OF SERVICE</u>

I HEREBY CERTIFY that a true and correct copy of the foregoing was served *via* electronic mail this 17th day of July 2014 upon: all counsel of record identified on the attached Service List.

/s/ Jason S. Mazer
**Jason S. Mazer**

## **ATTACHMENT B**

The Receiver has not yet retained any experts in this matter.   The Receiver reserves the right to amend these disclosures to provide this information upon the retention of an expert(s).