# **EXHIBIT B**

# Alex Feinberg

**From:** Matthew Baldwin <MBaldwin@vpl-law.com>
**Sent:** Friday, October 10, 2014 9:57 AM
**Subject:** RE: 1:12-cv-02296-TCB (SEC v Price) - Time Sensitive Discovery Dispute

Good morning, Ms. Smilley,

Thank you for informing us as to the Court's decision. We do have one important concern to raise. We do not believe that Judge Batten was presented with the complete facts as to why the discovery sought by the Receiver is relevant to the legal claims and defenses at issue, and for that we respectfully apologize. Our request for the Court's assistance did not address the substantive merits of the discovery sought, as the insurance carriers involved had already consented to the production of the documents at issue following our execution of their respective confidentiality agreements. And, the insurers had not objected to the vast majority of the areas of inquiry that were to be the subject of our depositions of their clients.

==The discovery sought by the Receiver is directly relevant to the legal claims at issue in this case, as well as to her defenses. Georgia's appellate courts have repeatedly indicated that certain facts are directly relevant to a trial court's determination of whether or not the voluntary payment statute and equitable estoppel doctrine prohibit a party's attempt to recover payments under circumstances like those present here.==

This case cannot be resolved simply because a life insurance policy has been paid on behalf of a person who is now indisputably alive. For example, the Eleventh Circuit has held that the Georgia Supreme Court's decision in Gulf Life Ins. Co. v. Folsom, 256 Ga. 400, 349 S.E.2d 368 (1986), mandates that the relevant issues implicated here include: an insurer's knowledge and decision at the time the payment was made; the Receiver's knowledge and good-faith at the time the claim was made; a weighing of the equities between the parties; and whether the payment constitutes an accord and satisfaction. See Folsom, 806 F.2d 225 (11th Cir. 1986) (attaching the Georgia Supreme Court's full opinion for the district court's convenience). To give another example, if an insurer appreciated the risks of making a payment under these circumstances, or chose not to contest the payment of its policy by demanding more satisfactory proof of the insured's death, it may very well be held to have waived its right to recover these payments as a matter of law.

Because the record has only been partially developed with respect to these issues, the Receiver should be permitted to pursue this discovery. Doing so will permit the parties to present the Court with the fullest record possible in order for this case to be resolved at summary judgment or trial.

If the Court does determine that this discovery is not warranted, we respectfully request the Court's clarification that its order applies with equal effect to any discovery sought by the insurance companies of the Receiver.

Thank you and the Court for your time and consideration of these issues,

Matthew Baldwin

-----Original Message-----
From: Julee_Smilley@gand.uscourts.gov [mailto:Julee_Smilley@gand.uscourts.gov]
Sent: Thursday, October 09, 2014 11:13 AM
To: Cuervo, Raul A.
Cc: Alex Feinberg; Drew Kitchen; Guy Giberson; Jason Mazer; 'Kenneth Dante Murena'; Kathleen M. Shaw; Lissette M. Plasencia; Matthew Baldwin; 'Melanie Damian'; 'Nicole_DeMoss@gand.uscourts.gov'; Joshi, Namrata S.; Fichera, Stephanie A.
Subject: RE: 1:12-cv-02296-TCB (SEC v Price) - Time Sensitive Discovery Dispute

Counsel,

Judge Batten is resolving this matter as follows:

   Please inform counsel that I have read their emails and that the
Court believes that the entitlement to the      insurance proceeds is a

1