**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION**

| | | |
|---|---|---|
| **SECURITIES AND EXCHANGE COMMISSION,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **Civil Action No.** |
| | ) | **1:12-cv-2296-TCB** |
| | ) | |
| **AUBREY LEE PRICE; et al** | ) | |
| | ) | |
| **Defendants,** | ) | |

**INTERVENTION PLAINTIFF PROTECTIVE LIFE INSURANCE
COMPANY'S REPLY IN SUPPORT OF ITS
<u>MOTION FOR SUMMARY JUDGMENT</u>**

Intervention Plaintiff Protective Life Insurance Company, ("Protective"), hereby submits this reply ("Reply") in support of its Motion for Summary Judgment (ECF Doc. No. 241) ("Motion") and in opposition to Melanie E. Damian's response to Protective's Motion for Summary Judgment ("Response").

<u>**INTRODUCTION**</u>

The only genuine dispute in this case is the proper application of the law to the undisputed facts. Motions for summary judgment exist to efficiently dispose of such cases. *The Lamar Co. v. City of Marietta, Ga.*, 538 F. Supp. 2d 1366, 1372 (N.D. Ga. 2008) ("It is axiomatic that where questions of law alone are involved in a case, summary judgment is appropriate"). The undisputed facts in this case,

which the Receiver has either admitted or stipulated to, are: (1) at the time Protective made its payment to the Receiver ("Payment"), the Policy was only payable upon the death of Price;[1] (2) Price is alive; (3) Protective has demanded return of the Payment; and (4) the Receiver has refused to return it. (ECF Doc. No. 210, at ¶¶ 19-21). These facts alone are sufficient to establish the elements of Protective's claims. The other material facts in this case, which are derived from the parties' joint stipulations of fact (ECF Doc. Nos. 210, 231) and the Receiver's deposition testimony, demonstrate the inefficacy of the Receiver's purported defenses. Consequently, summary judgment in Protective's favor is warranted.

## ARGUMENT[2]

I.   **Protective has Satisfied its Burden on its Claims.**

"The purpose of summary judgment is to explore the available evidence to determine whether there is a genuine issue of material fact requiring a trial . . . Summary judgment is granted when no such issue is discovered and the Court

---

[1] *See* Receiver's Response to Protective's Request for Admission No. 1, attached hereto as Exhibit A.

[2] Protective adopts and incorporates by reference the facts and arguments set forth in its previous filings (ECF Doc. No. 241-1, 241-2, 258, 259), as well as in the reply of Household Life Insurance Company being filed contemporaneously herewith. In response to Protective's Statement of Undisputed Facts, the Receiver does not set forth any separately numbered additional facts as required by Local Rule 56.1(B)(2)(b). Thus, to the extent the Receiver attempts to rely on additional facts in her Response, such reliance is improper per Local Rule 56.1(B)(1).

finds the movant entitled to judgment as a matter of law." *Milton v. Bob Maddox Chrysler Plymouth, Inc.*, 868 F. Supp. 320, 322 (S.D. Ga. 1994); *see also Oden v. Lockheed Martin ASCO*, No. 1:06-CV-1343 TWT, 2008 WL 542676, at *4 (N.D. Ga. Feb. 22, 2008) ("When considering motions for summary judgment, the court does not make decisions as to the merits of disputed factual issues . . . Rather, the court only determines whether there are genuine issues of material fact to be tried"). The standards governing summary judgment do not require Protective to argue about facts that are not in dispute. The material facts in this case are entirely undisputed. The Receiver's contention that Protective has not satisfied its burden on summary judgment is wrong and demonstrates the futility of the Receiver's attempt to avoid its obligation to return the funds that rightfully belong to Protective.

The Receiver begins her Response[3] by arguing that Protective's Motion "does no more than recite the elements for declaratory judgment, money had and received, and conversion under Georgia." (Receiver's Response, at p. 3). In fact, following the recitation of the elements of each of its claims, Protective provided

---

[3] As a procedural matter, Protective notes that Cary D. Steklof is included in the attorney signature block in the Receiver's Response, as well as in other filings, as being admitted *pro hac vice* in this case. (*See, e.g.,* ECF Doc. Nos. 260-1, 261, 262). Mr. Steklof is neither a member of the bar of this Court, nor has he applied for *pro hac vice* admission in this case. Thus, his inclusion in the pleadings is improper. *See* Local Rule 83.1.

an explanation of the basis for its Motion and the facts that demonstrate why each element of its claims is satisfied.  (Protective Motion, at p. 10).  The Receiver faults Protective for the brevity with which it addressed the law and facts establishing its claims, but such brevity was warranted given the following undisputed facts: (1) the Payment is specific and identifiable money that was only to be paid upon Price's death; (2) Price is alive; (3) Protective demanded return of the Payment; and (4) the Receiver refused to return it.

Protective's brevity was also justified given that, prior to the filing of Protective's Motion, the Receiver's sole focus had been on whether the voluntary payment and/or equitable estoppel doctrines could defeat Protective's claims.  In opposing Protective's Motion to Intervene (ECF Doc. No. 122), the Receiver focused exclusively on these two defenses.  (*See* ECF Doc. No. 138-2, at pp. 13-22) (arguing that Protective's claims fail based on the voluntary payment doctrine and the doctrine of equitable estoppel).  Most significantly, during written discovery, Protective served the following Request for Admission on the Receiver:

**1.  Admit that the Policy was only payable upon Price's death.**

**RESPONSE:  Admitted that the Policy "*was* only payable" only upon the death of Price, denied that payment of the Policy's death benefits is not presently enforceable despite the parties' subsequent discovery that Price is alive.**

4

(*See* Exhibit A).  The clear import of this admission is that, under the terms of the Policy, the proceeds were only payable upon Price's death, and thus, the Receiver had no right to retain the Payment unless one of her purported defenses (*i.e.*, voluntary payment or equitable estoppel) applied to defeat Protective's claims.

In an email to this Court regarding whether the Insurers' depositions were necessary, the Receiver again indicated that the voluntary payment and equitable estoppel doctrines were the exclusive bases for her defense to Protective's claims:

> The discovery sought by the Receiver is directly relevant to the legal claims at issue in this case, as well as to her defenses.  Georgia appellate courts have repeatedly indicated that certain facts are directly relevant to a trial court's determination of whether or not the voluntary payment statute and equitable estoppel doctrine prohibit a party's attempt to recovery payments under circumstances like those present here.

(*See* October 10, 2014 email from Matthew Baldwin to Julie Smilley, attached hereto as Exhibit B).

The Receiver was also asked at her deposition why she contends that she is entitled to retain the Payment.  Once again, her response focused on the voluntary payment and equitable estoppel doctrines.[4]   (*See* Melanie Damian Deposition Transcript, at p. 22:3-19, attached hereto as Exhibit C).[5]

---

[4] In her Response, the Receiver points to the affirmative defenses in her Answer to argue that her defense to Protective's claims is premised on more than simply the

5

In sum, throughout this litigation, the Receiver has never meaningfully contested Protective's ability to establish a *prima facie* case on its claims, but has instead relied on the voluntary payment and equitable estoppel doctrines in an attempt to defeat Protective's claims.  This attempt fails.

## II.    The Voluntary Payment Doctrine Does Not Defeat Protective's Claims.

The Receiver claims that Florida's common law voluntary payment doctrine, (which is essentially identical to Georgia's voluntary payment doctrine)[6], defeats Protective's claims.  This contention fails for several reasons.

---

voluntary payment and equitable estoppel doctrines.  Tellingly, however, those two defenses are the only ones raised in her Response.

[5] The portion of the Receiver's deposition cited herein was also previously included as Exhibit C to Protective's Motion for Summary Judgment (ECF. Doc. No. 241-5) and in the Sealed Deposition of Melanie E. Damian submitted by the Insurers (ECF Doc. No. 248).

[6] *Compare Taylor, Bean & Whitaker Mortg. Corp. v. GMAC Mortg. Corp.*, No. 5:05CV260 OCGRJ, 2007 WL 1114045, at *3 (M.D. Fla. Apr. 12, 2007) ("*Taylor Bean*") ("money voluntarily paid upon claim of right *with full knowledge of all of the facts*, cannot be recovered back merely because the party, at the time of payment, was ignorant, or mistook the law, as to his liability.") (emphasis added) *and* O.C.G.A § 13-1-13 ("Payment of claims made through ignorance of the law or *where all the facts are known* and there is no misplaced confidence and no artifice, deception, or fraudulent practice used by the other party are deemed voluntary and cannot be recovered unless . . . [exceptions inapplicable to present case].") (emphasis added).

First, Florida's common law voluntary payment doctrine does not bar Protective from recovering because of Fla. Stat. Ann. § 725.04, which provides:

> When a suit is instituted by a party to a contract to recover a payment made pursuant to the contract and by the terms of the contract there was no enforceable obligation to make the payment or the making of the payment was excused, the defense of voluntary payment may not be interposed by the person receiving payment to defeat recovery of the payment.

*Taylor Bean*, a case cited by the Receiver, demonstrates the applicability of § 725.04 to the present case.   In *Taylor Bean*, the court analyzed the statute and earlier cases construing it and concluded that: "*[t]he simple meaning of § 725.04 is that the voluntary payment doctrine cannot be used as a defense to payment in Florida where, as here, a party seeks to recover monies paid under a contract, the terms of which turn out to be unenforceable*." *Id.* (emphasis added).   The court in *Taylor Bean* found that § 725.04 barred the defendant from invoking the voluntary payment doctrine.  In doing so, the court explained:

> In the instant case the gist of TBW's claims for recovery of the monies paid to GMAC, as alleged in Count I of the counterclaim, is that the obligation to make the payments was not enforceable under the Agreements because the repurchased loans did not meet the requirements under the Agreements for repurchase. As such-under Florida law-the voluntary payment doctrine could not be interposed as a defense to the claims in Count I of TBW's counterclaims . . . .

*Id.*, at *4.

The same result was reached in *Sensormatic Sec. Corp. v. Sensormatic Elecs. Corp.,* 249 F. Supp. 2d 703, 710-12 (D. Md. 2003).  There, the court held that § 725.04 barred a counterclaim defendant from interposing the voluntary payment doctrine as a defense to a claim to recover certain commissions paid under a contract, because the party seeking repayment later realized that, under the contract's terms, the conditions necessary to trigger the payment of commissions were not satisfied.  *Id.*, at 711-12.

The facts in this case are nearly identical to those in *Taylor Bean* and *Sensormatic* and warrant the same result.   Here, the Receiver has admitted that, at the time Protective paid the Receiver, the Policy was only payable upon the death of Price.[7]   Because Price is alive, "the payment, albeit made pursuant to the [Policy], was not an enforceable obligation under the [Policy]."  *Sensormatic*, 249 F. Supp. 2d at 711.  Consequently, "the common law defense of voluntary payment may not be interposed" to defeat Protective's claims.  *Id.*, at 711-12.

The Receiver's argument that Florida's common law voluntary payment doctrine also fails because, to the extent that §725.04 is inapplicable, the disposition of the Receiver's voluntary payment defense would be governed by

---

[7] Even without this express admission, a cursory review of the Policy demonstrates that, under its terms, the policy proceeds are only payable in event that Price was deceased. (*See* ECF Doc. No. 258, at pp. 2-7).

Georgia law rather than Florida law.   The Receiver claims that "Protective's Motion makes no argument that Florida's voluntary payment doctrine is inapplicable on its face."  (Receiver's Response, at pp. 5-6).  While that statement is technically correct, the Receiver's attempt to use it as an implicit admission that Florida's common law voluntary payment doctrine would bar Protective's claims in the absence of § 725.04 is not.

Protective did not explicitly address Florida's common law voluntary payment doctrine in its Motion because, as explained in its Motion, Georgia's choice of law rules limit the application of non-forum substantive law to statues and cases interpreting those statutes.[8]   *See Shorewood Packaging Corp. v. Commercial Union Ins. Co.*, 865 F. Supp. 1577, 1578, 1581-82 (N.D. Ga. 1994). As a result, to the extent that §725.04 is inapplicable to the present case, the disposition of the Receiver's voluntary payment defense would be governed, not by Florida law, but by Georgia law.  Protective pointed out in its Motion that the Receiver's purported voluntary payment defense under Georgia law would fail for the same reasons set forth in Household's motion for summary judgment.   (*See* Protective Motion, at p. 13, n.7).[9]

---

[8] Protective Motion, at p. 12, n.6.

[9] To the extent the Georgia law governs the Receiver's voluntary payment arguments as they relate to Protective's claims, Protective hereby adopts and

In short, Fla. Stat. Ann. § 725.04 precludes the Receiver from invoking the voluntary payment doctrine as a defense to Protective's claims.  However, to the extent this Court concludes otherwise, the Receiver's voluntary payment defense is governed by Georgia law and fails for the same reasons set forth in Section II of Household's Reply.

## III.   The Receiver's Equitable Estoppel Arguments Cannot Defeat Protective's Claims.

The Receiver contends that O.C.G.A § 23-2-32 defeats Protective's claims. This argument also fails, as it is premised on a fundamental misunderstanding of *Gulf Life Ins. Co. v. Folsom*, 349 S.E.3d 368 (Ga. 1986) ("*Gulf*").[10]  *Gulf* involved a suit by an insurer ("Gulf") to recover an overpayment it mistakenly made to an insured ("Folsom") due to a computer error.  *Id.*, at 368-69.  Folsom requested and was paid roughly $56,000, representing the policies' cash value.  *Id.*, at 369.  A year later, Folsom again requested payment of the cash value of the policies.  *Id.* Due to a computer error, Gulf did not realize that the policies had no cash value,

---

incorporates by reference the arguments set forth in Section II of Household's Reply in Support of its Motion for Summary Judgment, which is being filed contemporaneously with this Reply.

[10] The Receiver's reliance on dicta from *Gulf* that "ignorance of a fact by both parties shall not justify the interference of equity" is misplaced.  The *Folsom* Court did not decide the case before it on that basis, even though the facts indicate that neither party was aware of the true facts at the time the mistaken payment was made.  *See Gulf*, 349 S.E.2d at 369; *see also Liberty*, 2013 WL 530317, at *1-2.

and thus mistakenly paid Folsom another $62,000. *Id.* Importantly, at the time it made the second payment, Gulf had information in its paper file that would have revealed the fact that the policies had no value. *Id.*

The district court entered summary judgment in favor of Folsom, finding that the overpayment was caused solely by Gulf's negligence and thus, there was no valid reason for Gulf's failure to ascertain the true value of the policies when it made the second payment. *Id.*, at 370. Consequently, the court held that O.C.G.A § 13-1-13 defeated Gulf's claim. *Id.* On appeal, the Eleventh Circuit certified a question to the Georgia Supreme Court in light of the conflict between § 13-1-13 and § 23-2-32. *See Gulf Life Ins. Co. v. Folsom*, 806 F.2d 225 (11th Cir. 1986). In *Gulf*, the Georgia Supreme Court answered the certified question as follows:

> In an action for money had and received, the plaintiff generally can recover a payment mistakenly made when that mistake was caused by his lack of diligence or his negligence in ascertaining the true facts and the other party would not be prejudiced by refunding the payment-subject to a weighing of the equities between the parties by the trier of fact.

349 S.E.2d at 373. In other words, the Supreme Court in *Gulf* granted potential relief to plaintiffs who negligently make payments despite having information in their possession from which they could ascertain the true facts. In such situations, plaintiffs can still recover under § 23-2-32, provided that the other party would not be prejudiced, and subject to a weighing of the equities.

Neither *Gulf* nor § 23-2-32 has any application to this case.  As the Receiver has stipulated, Protective's failure to ascertain the true fact that Price was alive was not the result of its negligence.  (ECF Doc. No. 231, at ¶ 9).  The Receiver's reliance on § 23-2-32 is misplaced and does nothing to preclude entry of summary judgment in Protective's favor.

## CONCLUSION

For the reasons set forth above and in its prior briefing, Protective respectfully requests summary judgment in its favor.

Dated: March 3, 2015.                    Respectfully submitted,

/s/ Alexander B. Feinberg

Alexander B. Feinberg
Georgia Bar. No. 956505

**OF COUNSEL:**
C. Andrew Kitchen
Alexander B. Feinberg
Christopher C. Frost
MAYNARD, COOPER & GALE, PC
1901 Sixth Avenue North
2400 Regions Harbert Plaza
Birmingham, Alabama 35203
Telephone: 205-254-1000
Facsimile: 205-254-1999

*Attorneys for Intervention Plaintiff*
*Protective Life Insurance Company*

12

## **LOCAL RULE 7.1(D) CERTIFICATION**

By signature below, counsel certifies that the foregoing document was prepared in Times New Roman, 14 point font in compliance with Local Rule 5.1B.


## **CERTIFICATE OF SERVICE**

I hereby certify that on this 3rd day of March, 2015, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system which will send notification of such following to counsel of record.   In the event that the CM/ECF system does not send notification of such filing any counsel of record, undersigned counsel will serve the following them via U.S. Mail.

*/s/ Alexander B. Feinberg*
Of Counsel