IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

CASE NO. 1:12-cv-2296-TCB

Securities and Exchange Commission,

    Plaintiff,

vs.

Aubrey Lee Price, PFG, LLC, PFGBI, LLC, Montgomery Asset Management, LLC f/k/a PFG Asset Management, Montgomery Asset Management, LLC f/k/a PFG Asset Management,

    Defendants.

_____/

Genworth Life Insurance Company, Protective Life Insurance Company, Household Life Insurance Company,

    Plaintiffs in Intervention,

vs.

Melanie E. Damian, as Receiver for the Estate of Aubrey Lee Price, PFG, LLC, PFGBI, LLC, Montgomery Asset Management, LLC f/k/a PFG Asset Management, Montgomery Asset Management, LLC f/k/a PFG Asset Management,

    Defendant in Intervention.

_____/

Case 1:12-cv-02296-TCB   Document 274   Filed 03/11/15   Page 2 of 11

CASE NO. 1:12-cv-2296-TCB

**THE RECEIVER'S RESPONSE TO THE INSURERS' MOTION TO STRIKE THE AFFIDAVIT OF DONALD L. DINSMORE**

Defendant in Intervention, Melanie E. Damian, as the Receiver for the Estate of Aubrey Lee Price, *et al*. (the "Receiver"), by and through the undersigned, hereby files her response to Intervention Plaintiffs Protective Life Insurance Company's and Household Life Insurance Company's (the "Insurers") Motion to Strike the Affidavit of Donald L. Dinsmore [D.E. 266], and states as follows:

## INTRODUCTION

The Insurers' Motion to Strike (the "Motion"), while citing to relevant law and rules, fails to take into account the unique circumstances and procedural posture of this case in applying such authority. This matter has not proceeded in traditional fashion with an unconditional close of discovery followed by dispositive motion briefing. At the Insurers' request, the Court limited discovery and accelerated the deadlines for summary judgment briefing. This was done with the Court's express finding that discovery would continue in the event summary judgment was denied and additional facts were necessary. Nothing in that finding, as the Receiver understands it, was intended to foreclose the parties from relying on expert testimony before a final close of discovery or at trial if necessary. But this is precisely the position now advanced by the Insurers.

221309_1
D032.100

This matter can be resolved in the Receiver's favor as a matter of law based solely on the facts as stipulated between the parties.  Notably, the affidavit the Insurers now move to strike was *not* submitted in support of the Receiver's Motion for Summary Judgment.  It responded to Household's Motion for Summary Judgment, which sought to raise a factual issue involving its efforts (or lack thereof) to ascertain whether Aubrey Lee Price ("Price") was alive.  *See* Receiver's Response to Household's Motion for Summary Judgment, pp. 7-8.[1]  Household's position is contradicted by the undisputed record in the first instance.  But in the event the Court believes a factual issue has been created, the Receiver is entitled to present expert testimony addressing matters deemed appropriate for a trier of fact.  The Insurers seek to prevent the Court from considering such evidence – offered in response to a factual issue they raised – based on the conditional suspension of discovery that was procured at the Insurers' behest.

In the event it was not this Court's intention to preclude expert testimony in the summary judgment briefings, the Insurers' Motion is due to be denied.

---

[1] This document has yet to appear on the Court's docket, as it was filed under seal. A redacted version of the Response is at D.E. 260.

## ARGUMENT

### Under the Unique Facts of this Case, the Receiver was not Required to Provide an Expert Report Prior to Summary Judgment Briefing.

The Receiver does not dispute the applicable law, only the manner in which it should be applied in light of this Court's prior rulings and the unique facts surrounding this case.

The Insurers argue, in short, that Mr. Dinsmore's expert affidavit should be stricken because the Receiver failed to provide an expert report before this Court paused discovery for summary judgment briefing on December 19, 2014. It reaches this conclusion in reliance on Federal Rule of Civil Procedure 26 and Local Rule 26.2(C) which provides, in relevant part:

> Any party who desires to use the testimony of an expert witness shall designate the expert sufficiently early in the discovery period to permit the opposing party the opportunity to depose the expert and, if desired, to name its own expert witness sufficiently in advance of the close of discovery so that a similar discovery deposition of the second expert might also be conducted prior to the close of discovery.

N.D. Ga. Civ. R. 26.2(C). The Insurers further rely on case law interpreting this rule for the proposition that expert testimony should be disallowed where an expert's report is not furnished prior to the close of discovery. *See Reese v. Herbert*, 527 F.3d 1253 (11th Cir. 2008); *OFS Fitel, LLC v. Epstein, Becker &*

221309_1
D032.100

*Green, P.C.*, 549 F.3d 1344 (11th Cir. 2008).  But neither of these cases offers analogous facts to the instant matter's procedural posture or the unique discovery schedule established by this Court.

As the Insurers acknowledge, Mr. Dinsmore was timely disclosed.  The Receiver provided her First Supplemental Rule 26 Disclosures on September 30, 2014 (attached hereto as Exhibit "A") – well in advance of December 19, 2014.  Therein, the Receiver specifically stated that she may use Mr. Dinsmore as an expert witness at trial, and that

> Mr. Dinsmore may provide expert information through a report and/or testimony at trial relating to the investigation of fraud and/or fraudulent insurance claims, the investigation of the claim, Genworth, Athene, and HSBC's claim practices, and relevant industry standards including but not limited to the investigation of presumptive death claims.

Exhibit A, p. 3.

What is in dispute, however, is whether the Receiver was required to provide an expert report from Mr. Dinsmore in order to present his opinions in response to the Insurers' motions for summary judgment.  The *Reese* case – on which the Insurers primary rely – dealt with the failure to provide an expert report prior to a final close of discovery that preceded summary judgment briefing.  These are not the operative facts here.

Household, Protective, and the Receiver appeared before the Court on October 21, 2014 to determine the breadth of discovery.  At that hearing, the Court

set a discovery schedule that would be bifurcated by summary judgment briefing. Accordingly, as the Receiver understood the Court, the discovery deadline before that briefing was not intended to act as a "close of discovery" as contemplated by Local Rule 26.2(C):

> THE COURT: All right. The discovery period will be extended through Friday December the 19th. And I agree with the notion that summary judgment briefs and motions should be filed in accordance with the deadlines set in the pretrial or the deadlines set in the Local Rules after that close of discovery. And if I find that it's necessary to have more facts, I will say so in my order on summary judgment motion, then we will re-open the discovery period to allow for more time for discovery. All right?

Transcript of October 21, 2014 Hearing, 4:11-19 (attached hereto as Exhibit "B"). By this ruling, the Receiver does not believe it was the Court's intention to require expert reports before the initial December 19th deadline or the filing of summary judgment motions. Indeed, the impetus for the discovery dispute was the Insurers' desire to curtail discovery *before* dispositive motions were filed, allowing both parties to save unnecessary expenses if the matter could be determinied as a matter of law. *See* E-mail from Drew Kitchen, Attorney for Household and Protective, to Julee G. Smilley, Courtroom Deputy Clerk for the Honorable Timothy C. Batten, Sr. (October 16, 2014, 05:10 PM) (attached hereto as Exhibit "C").

CASE NO. 1:12-cv-2296-TCB

## CONCLUSION

The Insurers should not be permitted to advocate an initial limited and shortened discovery process while protesting the Receiver's lack of a full expert report in that process. The Receiver respectfully requests that the Court deny the Insurers' Motion.[2]

Respectfully submitted,

**VER PLOEG & LUMPKIN, P.A.**

/s/ Jason S. Mazer
**Jason S. Mazer**
Florida Bar No. 0149871
jmazer@vpl-law.com
100 S.E. 2nd Street, 30th Floor
Miami, Florida 33131
Telephone: (305) 577-3996
Facsimile: (305) 577-3558
*Special Insurance Counsel for the Receiver, Admitted Pro Hac Vice*

and

---

[2] In the event the Receiver misconstrued the Court's ruling and December 19, 2014 marked the close of discovery for the purpose of Local Rule 26.2(C), the Receiver apologizes and is willing to provide the expert report along with an opportunity for the Insurers' counsel to depose Mr. Dinsmore and otherwise provide their own expert report, to the extent this Court believes a factual issue was raised by the Insurers' Motion.

221309_1
D032.100

CASE NO.  1:12-cv-2296-TCB

**DAMIAN & VALORI, LLP**
**Kenneth Dante Murena, P.A.**
Florida Bar No. 147486
kmurena@dvllp.com
**Guy F. Giberson, P.A.**
Florida Bar No.  627402
ggiberson@dvllp.com
1000 Brickell Avenue, Suite 1020
Miami, Florida 33131
Telephone:  (305) 371-3960
Facsimile:  (305) 371-3965
*Counsel for the Receiver,*
*Admitted Pro Hac Vice*

and

**PETITT WORRELL CRAINE WOLFE, LLC**
**Andrew Worrell, Esquire**
Georgia Bar No.  311027
Andrew@petittworrell.com
Suite 1030, One Glenlake
1 Glenlake Parkway
Atlanta, Georgia 30328
Telephone: (404) 249-7480
Facsimile: (404) 442-4463
*Co-Counsel for the Receiver*

## LOCAL RULE 7.1D CERTIFICATION

By signature below, counsel certifies that the foregoing document was prepared in Times New Roman, 14-point font in compliance with Local Rule 5.1B.

CASE NO.  1:12-cv-2296-TCB

# CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on March 11, 2015, I electronically filed the foregoing document with the Clerk of Court using CM/ECF.  I also certify that the foregoing document is being served this day on all counsel of record identified on the attached Service List in this manner specified, *via* transmission of Notice of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notice of Electronic Filing.

/s/ Jason S. Mazer
**Jason S. Mazer**

221309_1
D032.100

CASE NO. 1:12-cv-2296-TCB

| SERVICE LIST | |
|---|---|
| **Madison Graham Loomis, Esq.**<br>**W. Shawn Murnahan, Esq.**<br>Securities & Exchange Commission-GA<br>950 East Paces Ferry Road, N.E.<br>Suite 900<br>Atlanta, Georgia 30326<br>Telephone: (404) 842-7600<br>Email: loomism@sec.gov<br>Email: murnahanw@sec.gov<br>*Securities and Exchange Commission* | **Robert J. Waddell, Jr., Esq.**<br>MCGUIRE WOODS, LLP<br>Suite 2100, Promenade II<br>1230 Peachtree Street, N.E.<br>Atlanta, Georgia 30309<br>Telephone: (404) 443-5500<br>Email: rwaddell@mcguirewoods.com<br>*Counsel for FDIC* |
| **Peter D. Muller**<br>GOODMAN MCGUFFEY LINDSEY &<br>JOHNSON, LLP<br>Suite 300<br>532 Stephenson Avenue<br>Savannah, GA 31405-5987<br>Telephone: (912) 503-2170<br>pmuller@gmlj.com<br>*Counsel for Receiver, Melanie Damian* | **David J. Forestner, Esq.**<br>CARLTON FIELDS JORDEN BURT, P.A.<br>One Atlantic Center, Suite 3000<br>1201 W. Peachtree Street<br>Atlanta, Georgia 30309<br>Telephone: (404) 815-3400<br>Email: dforestner@cfjblaw.com<br>*Counsel for Plaintiff in Intervention,<br>Genworth Life Insurance Company* |
| **C. Andrew Kitchen, Esq.**<br>MAYNARD, COOPER & GALE, P.C.<br>275 Battery Street<br>Suite 1350<br>San Francisco, California 94111<br>Telephone: (415) 704-7433<br>Email: dkitchen@maynardcooper.com<br>*Counsel for Plaintiffs in Intervention,<br>Protective Life Insurance Company and<br>Household Life Insurance Company* | **Raul Cuervo, Esq.**<br>CARLTON FIELDS JORDEN BURT, P.A.<br>100 S.E. 2nd Street<br>Suite 4200<br>Miami, Florida 33131<br>Telephone: (305) 530-0050<br>Email: rcuervo@cfjblaw.com<br>*Counsel for Plaintiff in Intervention,<br>Genworth Life Insurance Company* |

221309_1
D032.100

CASE NO. 1:12-cv-2296-TCB

| **Christopher C. Frost, Esq.**<br>**Alexander B. Feinberg, Esq.**<br>MAYNARD, COOPER & GALE, P.C.<br>1901 Sixth Avenue North<br>2400 Regions Harbert Plaza<br>Birmingham, Alabama 35203<br>Telephone: (205) 254-1186<br>Email: cfrost@maynardcooper.com<br>Email: afeinberg@maynardcooper.com<br>*Counsel for Plaintiffs in Intervention, Protective Life Insurance Company and Household Life Insurance Company* | **Philip Keith Lichtman**<br>MILLS, PASKERT, DIVERS P.C.<br>One Atlantic Center<br>1201 West Peachtree Street<br>Suite 2610<br>Atlanta, Georgia 30309<br>Telephone : (404) 870-8200<br>klichtman@mpdlegal.com<br>*Counsel for Plaintiffs in Intervention, St. Paul Mercury Insurance Company* |
|---|---|
| **Alan Francis Curley**<br>ROBINSON CURLEY & CLAYTON, P.C.<br>300 South Wacker Drive<br>Chicago, IL 60606<br>Telephone: (312) 663-3100<br>acurley@robinsoncurley.com<br>*Counsel for Federal Deposit Insurance Corporation ("FDIC")* | **Wm. Matthew Suber**<br>BUTLER & HOSCH, P.A.<br>1303 Hightower Trail, Suite 315<br>Sandy Springs, Georgia 30350<br>Telephone: (678) 298-2117<br>msuber@closingsource.net<br>*Counsel for Amerisave Mortgage Corporation* |

221309_1
D032.100