E
X
H
I
B
I
T

C

**EXHIBIT C**

**Kathleen M. Shaw**

| | |
|---|---|
| **From:** | Drew Kitchen <DKitchen@maynardcooper.com> |
| **Sent:** | Thursday, October 16, 2014 5:10 PM |
| **To:** | Julee_Smilley@gand.uscourts.gov; Cuervo, Raul A. |
| **Cc:** | Alex Feinberg; Guy Giberson; Jason Mazer; 'Kenneth Dante Murena'; Kathleen M. Shaw; Lissette M. Plasencia; Matthew Baldwin; 'Melanie Damian'; 'Nicole_DeMoss@gand.uscourts.gov'; Joshi, Namrata S.; Fichera, Stephanie A. |
| **Subject:** | RE: D032 100 10054 Damian, Melanie E. Esq., as Receiver for Aubrey Lee Price, PFG, LLC, PFGBI, LLC and Montgomery Asset Mgmt: Status conference, SEC v. Aubrey Lee Price, case number 1:12-cv-02296-TCB |

<u>SENT ON BEHALF OF PLAINTIFFS IN INTERVENTION PROTECTIVE LIFE INSURANCE COMPANY AND HOUSEHOLD LIFE INSURANCE COMPANY</u>

Dear Ms. Smilley,

This Court got it right in its July 8, 2014 Scheduling Order (D.E. 194), wherein it directed the parties to submit a list of stipulated facts and then engage in expedited discovery, with the aim of resolving this matter expeditiously. I suspect that the Court recognized then that the money sought to be recovered by the Insurers would be rapidly exhausted by the Receiver's defense of the case – a result that would unquestionably damage and prejudice the Insurers. And the possibility that there will be no money to recover by the Insurers is becoming more and more likely as each day passes ; we know from filings in this Court that the Receiver's counsel is already seeking over $570,000 in legal fees, despite the Receivership only having recovered $565,224.58 (after deducting the amounts paid by the Insurers).

Contrary to the procedure envisioned by the Court to limit the possibility that the monies paid by the Insurers will be exhausted by legal fees, the Receiver is using the exhaustion of funds as a defense to returning the money. (*See* D.E. 138-2 at 21.) The Receiver has taken the position (likely premised upon their misunderstanding of the holding in *Gulf Life Ins. Co. v. Folsom*, 806 F.2d 225 (11th Cir. 1986)) that they have detrimentally relied on the incorrect payment, allowing them to retain the Insurers' money. (See D.E. 138-2 at 21). Now the Receiver seeks to conduct unnecessary depositions on myriad topics (such as past claim experience by the insurers, reinsurance treatises, reinsurance communications, training, etc.) that have no bearing on the case at issue, and to improperly inject two new experts into this case, one of which is expected to opine that the Receiver has already spent the Insurers' money and hence equity weighs in favor of the Receiver retaining the Insurers' money. Our position is that, in light of the Receiver's position that the expenditure of legal fees *supports* her claim to the funds, all unnecessary discovery should be avoided.

This Court again got it right in its October 9, 2014 e-mail Order, ruling that the additional discovery sought by the Receiver was "neither necessary nor authorized by law." Predictably, the Receiver asked this Court to reconsider and relied upon *Gulf Life*. We urge the Court to read the opinion in *Gulf Life*, as even after the most liberal reading of the case there is absolutely zero support in the opinion for the Receiver's position that she be allowed to conduct the discovery she is seeking. The opinion does not address discovery at all, and is entirely distinguishable from the instant matter: *Gulf Life* dealt with the application of O.C.G.A § 13-1-13, and subsequent Georgia case law construing the statute to include situations where the payor had either actual or constructive knowledge of a material fact that would have changed the decision to pay. Critically, the question that was certified to the Georgia Supreme Court – whether a plaintiff's lack of diligence or negligence

1

in ascertaining the true fact may prevent recovery of the incorrect payment– only applies in situations where the *payor had actual or constructive knowledge of the mistaken fact, and then overlooked or ignored that fact*. In *Gulf Life*, the insurer had the information necessary to calculate the correct payment amount in its possession, but instead relied on a faulty computer to perform the calculation. The Court thus found that, because they had the correct information in their possession at the time they decided to make the payment, they were deemed to have "constructive" knowledge of the correct facts, and pursuant to O.C.G.A 13-1-13, may have been prevented from recovering the money that they mistakenly paid. The *Gulf Life* holding only allows inquiry into the paying party's negligence or malfeasance *when that party overlooks a material fact that is in their possession.*

No party can contend that the Insurers here had either constructive or actual knowledge that Mr. Price was still alive when they paid the life insurance proceeds to the Receiver, rendering *Gulf Life* completely contrary to the position taken by the Receiver. Rather, the holding in *Gulf Life* supports the Insurers' position – had there not been the lone factual issue as to whether the plaintiff had constructive knowledge of the correct payment amount, the granting of summary judgment in *Gulf Life's* favor would have been upheld by the Georgia Supreme Court.

After the Receiver cited the *Gulf Life* case in its request that the Court reconsider its ruling, the Court amended its ruling and ordered that "Defendants must allow their Rule 30(b)(6) designees to be deposed on the topics to which they did not previously object." Well in advance of that ruling, however, Protective Life and Household Life had objected to all deposition topics proposed by the Receiver. As a result, under the current ruling, we do not plan to make our witness available for deposition (but would certainly alter that position if so advised by Judge Batten).

For the reasons set forth above, the Insurers request that this Court limit discovery consistent with its October 9th e-mail Order and direct the parties to proceed with filing motions for summary judgment. If, however, this Court decides to permit additional discovery requested by the Receiver, we request that the discovery deadlines be extended to prevent the Insurers from being prejudiced by the Receiver's belated expert disclosures and to provide the Insurers with sufficient time to: (1) receive and review the Receivers' experts' reports (which have not yet been provided); (2) retain experts of their own; and (3) depose the Receiver in Atlanta on dates agreed to by the parties (as opposed to those unilaterally provided by the Receiver's counsel).

Thank you for the Court's consideration.

Sincerely,
Andrew Kitchen

---

From: Julee_Smilley@gand.uscourts.gov [Julee_Smilley@gand.uscourts.gov]
Sent: Tuesday, October 14, 2014 12:31 PM
To: Cuervo, Raul A.
Cc: Alex Feinberg; Drew Kitchen; Guy Giberson; Jason Mazer; 'Kenneth Dante Murena'; Kathleen M. Shaw; Lissette M. Plasencia; Matthew Baldwin (mbaldwin@vpl-law.com); 'Melanie Damian'; 'Nicole_DeMoss@gand.uscourts.gov'; Joshi, Namrata S.; Fichera, Stephanie A.
Subject: RE: Status conference, SEC v. Aubrey Lee Price, case number 1:12-cv-02296-TCB

No worries.  In your defense, Mr. Price does occupy a greater number of
cases on Judge Batten's docket than most.

If you want to submit the one-page email briefs, we will get this before
Judge Batten at his first opportunity.

Julee


From:   "Cuervo, Raul A." <rcuervo@cfjblaw.com>
To:     "Julee_Smilley@gand.uscourts.gov"
        <Julee_Smilley@gand.uscourts.gov>
Cc:     Alex Feinberg <AFeinberg@maynardcooper.com>, "C. Andrew Kitchen
        (dkitchen@maynardcooper.com)" <dkitchen@maynardcooper.com>, Guy
        Giberson <ggiberson@dvllp.com>, Jason Mazer
        <JMazer@vpl-law.com>, "'Kenneth Dante Murena'"
        <kmurena@dvllp.com>, "Kathleen M. Shaw" <KShaw@vpl-law.com>,
        "Lissette M. Plasencia" <LPlasencia@vpl-law.com>, "Matthew
        Baldwin (mbaldwin@vpl-law.com)" <mbaldwin@vpl-law.com>,
        'Melanie Damian' <mdamian@dvllp.com>,
        "'Nicole_DeMoss@gand.uscourts.gov'"
        <Nicole_DeMoss@gand.uscourts.gov>, "Joshi, Namrata S."
        <njoshi@cfjblaw.com>, "Fichera, Stephanie A."
        <sfichera@cfjblaw.com>
Date:   10/14/2014 12:00 PM
Subject:    RE: Status conference


I apologize.  The case is SEC v. Aubrey Lee Price, case number
1:12-cv-02296-TCB.


Raul A. Cuervo
Attorney at Law

Miami Tower
100 S.E. Second St., Ste. 4200
Miami, Florida  33131-2113
Miami - Direct:  305.347.6815 | Fax:  305.530.0055
DC - Direct:  202.295.6505 | Fax:  202.965.8104

rcuervo@cfjblaw.com | www.CFJBLaw.com
bio | vcard

Confidential: This e-mail contains a communication protected by the
attorney-client privilege or constitutes work product.  If you do not
expect such a communication please delete this message without reading it
or any attachment and then notify the sender of this inadvertent delivery.

-----Original Message-----
From: Julee_Smilley@gand.uscourts.gov [
mailto:Julee_Smilley@gand.uscourts.gov]
Sent: Tuesday, October 14, 2014 11:56 AM
To: Cuervo, Raul A.
Cc: Alex Feinberg; C. Andrew Kitchen (dkitchen@maynardcooper.com); Guy

Giberson; Jason Mazer; 'Kenneth Dante Murena'; Kathleen M. Shaw; Lissette
M. Plasencia; Matthew Baldwin (mbaldwin@vpl-law.com); 'Melanie Damian';
'Nicole_DeMoss@gand.uscourts.gov'; Joshi, Namrata S.; Fichera, Stephanie A.
Subject: Re: Status conference

Counsel,

Judge Batten is out of town until Friday of this week and then we have
crammed everything into that day. Normally he would want a one-page email
response to Plaintiff's email so the issues are outlined clearly before any
conference. We need a little more information first.

Can you also tell us what case you're talking about and a case number? We
have 260 civil and 60 criminal cases pending at any given time.

Julee G. Smilley
Courtroom Deputy Clerk for
The Honorable Timothy C. Batten, Sr.
julee_smilley@gand.uscourts.gov
404-215-1422 (Atlanta)
678-423-3020 (Newnan)


| | |
|---|---|
| From: | "Cuervo, Raul A." <rcuervo@cfjblaw.com> |
| To: | "Julee_Smilley@gand.uscourts.gov" <Julee_Smilley@gand.uscourts.gov> |
| Cc: | "Matthew Baldwin (mbaldwin@vpl-law.com)" <mbaldwin@vpl-law.com>, "C. Andrew Kitchen (dkitchen@maynardcooper.com)" <dkitchen@maynardcooper.com>, Alex Feinberg <AFeinberg@maynardcooper.com>, Guy Giberson <ggiberson@dvllp.com>, Jason Mazer <JMazer@vpl-law.com>, "'Kenneth Dante Murena'" <kmurena@dvllp.com>, "Kathleen M. Shaw" <KShaw@vpl-law.com>, "Lissette M. Plasencia" <LPlasencia@vpl-law.com>, 'Melanie Damian' <mdamian@dvllp.com>, "'Nicole_DeMoss@gand.uscourts.gov'" <Nicole_DeMoss@gand.uscourts.gov>, "Fichera, Stephanie A." <sfichera@cfjblaw.com>, "Joshi, Namrata S." <njoshi@cfjblaw.com> |
| Date: | 10/14/2014 11:41 AM |
| Subject: | Status conference |


Ms. Smilley: Plaintiffs in intervention Genworth, Protective, and Household
request a brief status conference with Judge Batten. There are several
issues that have arisen with regard to depositions of the plaintiffs and
the Receiver, including the time and place of the depositions and
plaintiffs' objections to the Rule 30(b)(6) categories. In addition, the
Receiver disclosed for the first time last week two experts. When
plaintiffs asked for reports so that we could respond, the Receiver's
counsel stated that she required additional documents from the plaintiffs
for the reports and would not commit to a time to provide the reports.

The Receiver has stated that her deposition must be taken in Miami and has
given two possible dates next week for the deposition. Because this case
is in Atlanta, plaintiffs believe that depositions should be taken in
Atlanta. Moreover, before plaintiffs take the Receiver's deposition, they

believe that they should have the benefit of the Receiver's expert reports.

The plaintiffs believe that this matter is straightforward and simple and can be resolved with a motion for summary judgment based on the stipulated facts that were previously filed with the Court.  Additional costs of discovery and experts, including depositions of the experts, in the view of the plaintiffs is excessive.

Please let us know if and when the Judge is available for a brief conference.

Raul Cuervo

(Embedded image moved to file: pic29358.jpg)Description: Carlton Fields Jorden Burt, P.A.
Raul A. Cuervo
Attorney at Law

Miami Tower
100 S.E. Second St., Ste. 4200
Miami, Florida  33131-2113
Miami - Direct:  305.347.6815 | Fax:  305.530.0055
DC - Direct:  202.295.6505 | Fax:  202.965.8104

rcuervo@cfjblaw.com | www.CFJBLaw.com
bio | vcard

Confidential: This e-mail contains a communication protected by the attorney-client privilege or constitutes work product.  If you do not expect such a communication please delete this message without reading it or any attachment and then notify the sender of this inadvertent delivery.

Confidentiality Notice - The information contained in this e-mail and any attachments to it is intended only for the named recipient and may be legally privileged and include confidential information. If you are not the intended recipient, be aware that any disclosure, distribution or copying of this e-mail or its attachments is prohibited. If you have received this e-mail in error, please notify the sender immediately of that fact by return e-mail and permanently delete the e-mail and any attachments to it. Thank you.