IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| SECURITIES AND EXCHANGE COMMISSION, | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | Civil Action No. 1:12-cv-2296-TCB |
| AUBREY LEE PRICE; et al | ) ) ) | |
| Defendants, | ) | |

**INTERVENTION PLAINTIFFS PROTECTIVE LIFE INSURANCE COMPANY'S AND HOUSEHOLD LIFE INSURANCE COMPANY'S MOTION FOR PREJUDGMENT INTEREST**

Intervention Plaintiffs Protective Life Insurance Company ("Protective") and Household Life Insurance Company ("Household"), (collectively, the "Insurers"), hereby file this Motion for Prejudgment Interest as follows:

**INTRODUCTION**

On March 31, 2015, the Court entered an Order granting the Insurers' Motions for Summary Judgment (the "Order"). (ECF Doc. No. 281). The Insurers are therefore entitled to prejudgment interest on the insurance proceeds that the Court determines are to be returned to the Insurers. *See Ins. Co. of N. Am. v. M/V Ocean Lynx*, 901 F.2d 934, 942 (11th Cir. 1990) (holding that prejudgment interest is

1

awarded as "compensation to the plaintiff for the use of funds that were rightfully his"); *Indus. Risk Insurers v. M.A.N. Gutehoffnungshutte GmbH*, 141 F.3d 1434, 1447 (11th Cir. 1998) (same). For the reasons set forth below, the Insurers respectfully request that the Court enter an order awarding the Insurers prejudgment interest.

## ARGUMENT

As no federal statute governs the award of prejudgment interest, federal courts look to state law to determine the amount and applicability of prejudgment interest. *See Venn v. St. Paul Fire & Marine Ins. Co.*, 99 F.3d 1058, 1066 (11th Cir. 1996); *AIG Baker Sterling Heights, LLC v. Am. Multi-Cinema, Inc.*, 508 F.3d 995, 1002 (11th Cir. 2007). The Court's Order explained that Household's claims are governed by Georgia law, whereas Protective's claims are governed by Florida law.[1] (ECF Doc. No. 281, at pp. 16-17).

### I. Household is Entitled to Prejudgment Interest Under Georgia Law.

Under Georgia law, "an award of prejudgment interest for liquidated damages is mandatory rather than discretionary and is awarded as a matter of law." *Holloway*

---

[1] With respect to Protective's claims, the Court correctly noted that "Georgia's choice-of-law rules limit the application of another jurisdiction's laws to 'statutes and decisions construing those statutes' . . . . Consequently, '[w]hen no statute is involved, Georgia courts apply the common law as developed in Georgia rather than foreign case law.'" (ECF Doc. No. 281, at p. 17).

*v. State Farm Fire & Cas. Co.*, 537 S.E.2d 121, 125 (Ga. Ct. App. 2000); *see In re Estate of Miraglia*, 658 S.E.2d 777, 780 (Ga. Ct. App. 2008); *Crisler v. Haugabook*, 706 S.E.2d 184, 185 (Ga. Ct. App. 2011).

Georgia Code § 7-4-15 provides: "[a]ll liquidated demands, where … the sum to be paid is fixed or certain, bear interest from the time the party shall become liable and bound to pay them; if payable on demand, they shall bear interest from the time of the demand." Georgia Code § 7-4-2 provides for a legal rate of interest of seven percent (7%) per annum.

The Court's Order held that the Insurers are entitled to recover "those proceeds that were segregated and identifiable at the time it became clear that the insurers raised a legitimate claim to them," and the Court granted the Receiver "fourteen days to file a claim to the funds that she argues were attributable to the insurers and were disbursed prior to Price's discovery and arrest [on December 31, 2013]." (ECF Doc. No. 281, at p. 48). Thus, the Insurers are entitled to prejudgment interest for the proceeds in the Receiver's possession following Price's discovery and arrest on December 31, 2013. *Anderson v. State of Georgia*, 2 Ga. 370 (1847) (holding where

one wrongfully detains the money of another, he will be charged with interest from the time he wrongfully detained the money).[2]

Consequently, Household is entitled to an award of prejudgment interest calculated at 7% per annum from December 31, 2013 through the date of judgment on the portion of the $543,561.64 policy proceeds that the Court determines is to be returned to Household.

## II. Protective is Entitled to Prejudgment Interest Under Florida Law.

Because Florida has a prejudgment interest statute, Florida prejudgment interest law is applicable to Protective's claims. (*See* ECF Doc. No. 281, at p. 17) ("Georgia's choice-of-law rules limit the application of another jurisdiction's laws to 'statutes and decisions construing those statutes'"). Under Florida law, "a plaintiff is entitled to prejudgment interest as a matter of law." *SEB S.A. v. Sunbeam Corp.*, 476 F.3d 1317, 1320 (11th Cir. 2007).

For liquidated damages, prejudgment interest is calculated at the rate prescribed in Florida Statute §55.03 from the date of loss. *Kissimmee Util. Auth. v. Better Plastics, Inc.*, 526 So.2d 46, 47 (Fla. 1988). An award of prejudgment interest is mandatory, provided a prevailing plaintiff can establish: "(1) [o]ut-of-pocket

---

[2] The Court's Order explained that "on December 31, 2013, when Price was discovered alive, the receiver's continued claim to the money evaporated." (ECF Doc. No. 281, at p. 24).

4

pecuniary loss, and (2) a fixed date of loss." *Underhill Fancy Veal, Inc. v. Padot*, 677 So.2d 1378, 1380 (Fla. Dist. Ct. App. 1996). As set forth above and in the Court's Order, both of these elements are satisfied.

Each year, Florida's Chief Financial Officer sets the rate of interest applied to judgments or decrees. *See* Fla. Stat. § 55.03. During the period at issue -- December 31, 2013 until present -- the per annum interest rate has been set at four and three quarters percent (4.75%) and the per diem interest rate has been set at .0130137%. *See* Florida Department of Financial Services, Judgment Interest Rates, *available at* http://www.myfloridacfo.com/Division/AA/Vendors/default.htm#. VTAtedTn-Uk (last accessed on April 27, 2015).

Accordingly, Protective is entitled to an award of prejudgment interest calculated at the per annum or per diem interest rate as prescribed by Florida law from December 31, 2013 through the date of judgment on the portion of $251,510.32 policy proceeds that the Court determines is to be returned to Protective.

## PRAYER FOR RELIEF

WHEREFORE, Household and Protective seek an order from the Court allowing them to collect prejudgment interest in the following amounts:

1) Household is entitled to 7% prejudgment interest, per annum, on all funds awarded to Household by the Court;

2) Protective is entitled to 4.75% prejudgment interest, per annum, or .0130137% prejudgment interest, per diem, on all funds awarded to Protective by the Court.

Dated: April 28, 2015.

Respectfully submitted,
*/s/ Alexander B. Feinberg*
Alexander B. Feinberg
Georgia Bar. No. 956505

**OF COUNSEL:**
C. Andrew Kitchen
Alexander B. Feinberg
MAYNARD, COOPER & GALE, PC
1901 Sixth Avenue North
2400 Regions Harbert Plaza
Birmingham, Alabama 35203
Telephone: 205-254-1000
Facsimile: 205-254-1999

*Attorneys for Intervention Plaintiffs Protective Life Insurance Company and Household Life Insurance Company*

## **LOCAL RULE 7.1(D) CERTIFICATION**

By signature below, counsel certifies that the foregoing document was prepared in Times New Roman, 14 point font in compliance with Local Rule 5.1B.

## **CERTIFICATE OF SERVICE**

I hereby certify that on this 28th day of April, 2015, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system which will send notification of such following to counsel of record. In the event that the CM/ECF system does not send notification of such filing any counsel of record, undersigned counsel will serve the following them via U.S. Mail.

*/s/ Alexander B. Feinberg*
Of Counsel