IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| SECURITIES AND EXCHANGE COMMISSION, | : : : | |
| Plaintiff, | : : | Civil Action No. 1:12-cv-2296-TCB |
| v. | : : | |
| AUBREY LEE PRICE, et al., | : : | |
| Defendants. | : | |
| _____/ | | |

**RECEIVER'S RESPONSE IN OPPOSITION TO INTERVENTION
PLAINTIFFS PROTECTIVE LIFE INSURANCE COMPANY'S
AND HOUSEHOLD LIFE INSURANCE COMPANY'S
<u>MOTION FOR PREJUDGMENT INTEREST</u>**

Melanie E. Damian, the Court-Appointed Receiver (the "Receiver") for the Estate of Aubrey Lee Price and the Receivership Entities, files her Response in Opposition to Intervention Plaintiffs Protective Life Insurance Company's ("Protective") and Household Life Insurance Company's ("Household"), (collectively, the "Insurers") Motion for Prejudgment Interest, and states as follows:

**INTRODUCTION AND FACTUAL BACKGROUND**

On March 31, 2015, the Court entered an Order granting the Insurers' Motions for Summary Judgment [D.E. 281] (the "Summary Judgment Order"), but providing that the Insurers are entitled to recover only "those proceeds that were segregated and identifiable at the time it became clear that the insurers raised a legitimate claim to them[.]"  [D.E. 281, at p. 48].  The Court granted the Receiver "fourteen days to file a claim to the funds that she argues were attributable to the insurers and were disbursed prior to Price's discovery and arrest [on December 31, 2013]."  *Id*.

On April 14, 2015, the Receiver filed her *Claim to the Life Insurance Proceeds From Household Life Insurance Company and Protective Life Insurance Company That Were Expended or Earmarked as of the Date the Receiver Learned That Aubrey Lee Price was Alive*.  [ECF No. 284].  In her Claim, the Receiver explained what she believed to be the appropriate methodology for calculating the amount of the life insurance proceeds that "were attributable to the insurers and were disbursed prior to Price's discovery and arrest [on December 31, 2013]."  She then performed the calculation, which involved allocating the expenses that the Estate incurred, from the dates the insurance proceeds were deposited into the Receiver's account through December 31, 2013, to each of the Insurers based on

their respective *pro rata* share of the funds available to the Estate during that time period. Based on this calculation, the Receiver arrived at the specific amount of each Insurer's proceeds that remained in the Receiver's account as of December 31, 2013, and proposed that those amounts be returned to the insurers ($216,112.86 to Household and $99,997.15 to Protective).

On April 28, 2015, the Insurers filed their Opposition to the Receiver's Claim [ECF No. 286], in which they proposed two alternative methodologies (both different from the Receiver's), performed calculations using each methodology, and arrived at two different amounts to be returned to each Insurer that are completely different from the amounts proposed by the Receiver.

As evidenced by (i) the Summary Judgment Order directing the Receiver and the Insurers to submit proposals for the amount of "proceeds that were segregated and identifiable" and the proceeds that "were attributable to the insurers and were disbursed prior to Price's discovery and arrest", (ii) the Receiver's proposal to return $216,112.86 to Household and $99,997.15 to Protective, and (iii) the Insurers' proposal for the return of completely different amounts,[1] those

---

[1] The Insurers argue that, because the Receiver did not segregate the insurance proceeds that the Estate received, they should receive full return of those proceeds. The opposite is actually the stronger argument. The Insurers did not seek the imposition of a constructive trust on the proceeds and, indeed, because the funds were combined with other Estate assets, no amount was segregated and identifiable

3

amounts have not yet been liquidated and are not fixed or certain, and will remain as such until the Court determines the amounts. Therefore, pursuant to Georgia law, the Insurers' Motion should be denied.

## LEGAL ARGUMENT

The Insurers are not entitled to recover prejudgment interest under Georgia law because their claims to the insurance proceeds are unliquidated. As argued by the Insurers,

> Georgia Code § 7-4-15 provides: "[**a]ll liquidated demands, where … the sum to be paid is fixed or certain**, bear interest from the time the party shall become liable and bound to pay them; if payable on demand, they shall bear interest from the time of the demand." Georgia Code § 7-4-2 provides for a legal rate of interest of seven percent (7%) per annum.

*See* Motion for Prejudgment Interest [ECF No. 285 at p. 3.] (emphasis added).[2] In the Motion for Prejudgment Interest, the Insurers cite case law that supports the

---

such that it could be returned to the Insurers. While the Receiver could have asserted this position in a fair reading of the Summary Judgment Order and circumstances, the Receiver proposed the return of substantial proceeds to the Insurers based on an equitable *pro rata* calculation of the Estate's assets and expenses prior to Price's discovery and arrest.

[2] In the Summary Judgment Order, this Court determined that, under Georgia choice-of-law rules, because there is no Florida statute governing Protective's claims for money had and received and conversion, the Court must apply Georgia common law to adjudicate those claims. *See* [ECF No. 281, at p. 17]. Nevertheless, the Insurers now argue that Florida law governs Protective's claims

Receiver's position that the Insurers are not entitled to prejudgment interest because the amount of the insurance proceeds to be returned has not been liquidated.  *See, e.g., Holloway v. State Farm Fire & Cas. Co.,* 537 S.E.2d 121, 125 (Ga. Ct. App. 2000) (affirming trial court's denial of an award of pre-judgment interest to the insurance company where there was a bona fide dispute as to the amount of damages until judgment was entered).[3]

---

and that Florida has a prejudgment interest statute that should be applied to those claims.  The statute they cite (Section 55.03, Florida Statutes), however, only sets the interest rate to be applied to judgments generally; it does not mention prejudgment interest or the standard for determining entitlement thereto.  Because Florida does not have a statute governing *entitlement* to prejudgment interest, Georgia choice-of-law rules require the application of Georgia common law (construing Georgia Code § 7-4-15) to Protective's request for prejudgment interest.  Thus, the Court should apply Georgia law to both Insurers' requests.

[3] *See also Ins. Co. of N. Am. v. M/V Ocean Lynx*, 901 F.2d 934, 942 (11th Cir. 1990) (affirming award of pre-judgment interest **because** the recoverable damages between the parties set by COGSA section 4(5), 46 U.S.C.A. App. § 1304(5), limiting a shipping carrier's liability to $500 per package, were liquidated prior to the commencement of the action); *Indus. Risk Insurers v. M.A.N. Gutehoffnungshutte GmbH*, 141 F.3d 1434, 1447 (11th Cir. 1998) (finding that district court should award plaintiff prejudgment interest from the date the last arbitral award *(**fixing plaintiff's damages**)* was entered through the date of the district court's entry of the amended final judgment); *In re Estate of Miraglia*, 658 S.E.2d 777, 780 (Ga. Ct. App. 2008) (finding that administrator was entitled to prejudgment interest **because** the amount of the commissions was never in dispute, only the ***entitlement*** to those commissions under OCGA § 29-2-42).

5

The Court in *Holloway* explained that

> [a] claim is unliquidated when there is a bona fide contention as to the amount owing. A liquidated claim is an amount certain and fixed, either by the act and agreement of the parties or by operation of law; a sum which cannot be changed by the proof." The word "liquidated" as used in OCGA § 7-4-15 means "settled, acknowledged, or agreed.

*See id.* Here, the amount of "proceeds that were segregated and identifiable" and the proceeds that "were attributable to the insurers and were disbursed prior to Price's discovery and arrest" were not certain or fixed by an act or agreement of the parties or by operation of law. Indeed, as revealed by the parties' competing proposals for the amounts to be returned to the Insurers, there is a bonafide contention as to those amounts, which are not settled, acknowledged or agreed. Therefore, those amounts are not liquidated and will not become liquidated until the Court makes a final determination on the Receiver's and the Insurers' respective proposals. As such, the amount that the Insurers proposed be returned to them cannot serve as the basis for an award of prejudgment interest under Georgia law, and the Court should deny their request for such award.

**WHEREFORE**, for the foregoing reasons, the Receiver respectfully requests that this Court deny the Insurers' Motion for Prejudgment Interest in its entirety.

Respectfully submitted,

DAMIAN & VALORI, LLP
*Counsel for the Receiver*
1000 Brickell Avenue, Suite 1020
Miami, FL 33131
T: (305) 371-3960
F: (305) 371-3965
/s/ Kenneth Dante Murena
Kenneth Dante Murena, P.A.
Florida Bar No. 147486
kmurena@dvllp.com

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing has been served via CM/ECF upon all counsel of record on this 5th day of May 2015.

/s/ Kenneth Dante Murena
Kenneth Dante Murena, P.A.