IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION, ) ) ) Plaintiff, ) ) v. ) ) ) AUBREY LEE PRICE; et al ) ) Defendants, ) | Civil Action No. 1:12-cv-2296-TCB |

**INTERVENTION PLAINTIFFS PROTECTIVE LIFE INSURANCE COMPANY'S AND HOUSEHOLD LIFE INSURANCE COMPANY'S REPLY IN SUPPORT OF THEIR MOTION FOR PREJUDGMENT INTEREST**

Intervention Plaintiffs Protective Life Insurance Company ("Protective") and Household Life Insurance Company ("Household"), (collectively, the "Insurers"), hereby submit this reply in support of their Motion for Prejudgment Interest (ECF Doc. No. 285) (the "Motion") and in opposition to the Receiver's Response to the Insurers' Motion for Prejudgment Interest (ECF Doc. No. 289) (the "Response").

**INTRODUCTION**

Critically, the Receiver's Response does not dispute that the Insurers are entitled to prejudgment interest. Rather, the Receiver's only contention against an award of prejudgment interest is that the Court cannot yet award such interest on the

1

insurance proceeds as "those amounts have not yet been liquidated and are not fixed or certain, and will remain as such *until the Court determines the amounts*." (Response, at pp. 3-4) (emphasis added). The Receiver's position is perplexing given that the Insurers' Motion explicitly requests prejudgment interest on the policy proceeds that *the Court determines* are to be returned to the Insurers – making the Receiver's sole argument against the award of prejudgment interest a moot point.

Not only is the Receiver incorrect in her position that an award of prejudgment interest is premature, but the Receiver also misinterprets the Insurers' intention in filing the Motion for Prejudgment Interest. Specifically, the Insurers filed the Motion so that the Court could address this issue in the entry of the Court's final judgment. Dealing with this issue now can avoid a potential post-judgment motion by the Insurers requesting that the Court amend the final judgment under Fed. R. Civ. P. 59(e) to include prejudgment interest (to the extent such interest is not included in the judgment). Such a post-judgment motion would be costly and would unnecessarily require the expenditure of more time and judicial resources to resolve this matter.

## ARGUMENT

The Receiver's *only* contention against the award of prejudgment interest is that the Court is precluded from awarding such interest on the insurance proceeds as "those amounts have not yet been liquidated and are not fixed or certain, and will

remain as such until the Court determines the amounts." (Response, at pp. 3-4). The Receiver bases her position on the fact that a "bonafide [sic] contention" between the parties exists relating to the calculation of pre-December 31, 2013 disbursements of the insurance proceeds. (Response, at p. 6). The Receiver's position is untenable for several reasons.

As conceded by the Receiver, when the Court determines the proceeds to be returned to the Insurers, such amounts will be liquidated, fixed, and certain. This is precisely the relief requested by the Insurers in the Motion:

- Household is entitled to an award of prejudgment interest calculated at 7% per annum from December 31, 2013 through the date of judgment on the portion of the $543,561.64 policy proceeds **that the Court determines is to be returned to Household**.

- Protective is entitled to an award of prejudgment interest calculated at the per annum or per diem interest rate as prescribed by Florida law from December 31, 2013 through the date of judgment on the portion of the $251,510.32 policy proceeds **that the Court determines is to be returned to Protective.**

(Motion, at pp. 4, 5) (emphasis added).[1]  Consequently, the Receiver's only argument against the award of prejudgment interest is a moot issue.

---

[1] The Receiver's position appears to result from a misreading of the relief requested by the Insurers in the Motion. Specifically, the Receiver argues that because a "bonafide [sic] contention" exists as to the amount of policy proceeds to be returned to the Insurers, "the amount that the Insurers proposed be returned to them cannot

3

Further, as stated more fully below, the Insurers' respective claims to the insurance proceeds are liquidated under both Florida and Georgia law.

### A. Household's claim to the insurance proceeds is liquidated under Georgia law.

Under Georgia law, if the "gross amount owing from defendant to plaintiff was ascertained and the substantive dispute revolved around credits chargeable against this amount, the amount [itself] is a liquidated sum . . . Interest on such a sum is collectible from its due date." *Jordan Bridge Co., Inc. v. I.S. Bailey, Jr., Inc.*, 164 Ga. App. 124, 125 (1982); *Scovill Fasteners, Inc. v. Northern Metals, Inc.*, 303 Ga. App. 246, 252 (2010) (same); *Gold Kist Peanuts v. Alberson*, 178 Ga. App. 253, 255 (1986) ("That Gold Kist claimed a credit against the undisputed specific amount that Alberson claimed he was fully owed under the executed contract would not render his claim unliquidated . . . The credit ... only reduced the net balance on the liquidated claim; [it would] not render the [claim] unliquidated.") (citations omitted).

This Court's Summary Judgement Order was clear that Household's claim to the insurance proceeds was "specific and identifiable" in the amount of $543,561.64, less any disbursements made by the Receiver that were exclusively attributable those

---

serve as the basis for an award of prejudgment interest." (Response, at p. 6). The Insurers' Motion is, in fact, devoid of any request for the Court to award prejudgment interest on the amount proposed by the Insurers; rather, the Insurers specifically seek prejudgment interest on the amounts the Court determines are to be returned.

4

funds before Price's discovery and arrest on December 31, 2013. (*See* ECF Doc. No. 281, at pp. 25, 48). Like the cases cited above, the issue present here is not the amount of insurance proceeds claimed by Household, but rather the amount of offsets that will be taken from the proceeds. As such, Household's claim to the insurance proceeds is liquidated, and Household is entitled to prejudgment interest on the portion of proceeds awarded by the Court at 7% per annum.

### B. Protective's claim to the insurance proceeds is liquidated under Florida law.

The Receiver's position that Georgia law governs Protective's claim for prejudgment interest is especially puzzling, given that Georgia law provides for a *higher* rate of prejudgment interest than Florida law. Thus, to the extent that the Receiver is amenable to applying Georgia's 7% per annum interest rate to Protective's claim for prejudgment interest (as opposed to 4.75% per annum under Florida law), Protective does not oppose such relief.

Should the Court apply Florida Stat. § 55.03 and Florida prejudgment interest case law construing that statute, such prejudgment interest is awarded as a matter of law provided that Protective establishes: "(1) out-of-pocket pecuniary loss, and (2) a fixed date of loss." *See Underhill Fancy Veal, Inc. v. Padot*, 677 So. 2d 1378, 1380 (Fla. Dist. Ct. App. 1996). As established in the Court's Motion for Summary Judgment Order, Protective suffered an out-of-pocket pecuniary loss in the amount of

$251,510.32, less any disbursements made by the Receiver that were exclusively attributable those funds before Price's discovery and arrest on December 31, 2013. (*See* ECF Doc. No. 281, at pp. 25, 48). The Court's Motion for Summary Judgment Order further established the date of loss as December 31, 2013: "on December 31, 2013, when Price was discovered alive, the receiver's continued claim to the money evaporated." (*Id.*, at p. 24). Notably, the Receiver's Response is devoid of any discussion of Florida law that undermines Protective's position here, and Protective is entitled to an award of prejudgment interest on the funds awarded to Protective by the Court at the rate prescribed in Florida Stat. § 55.03.[2]

## **CONCLUSION**

For the reasons stated above, the Insurers respectfully request that the Court grant their Motion for Prejudgment Interest. To the extent the Court is inclined to agree with the Receiver that an award of prejudgment interest is premature, the Insurers respectfully request that the Court allow the Insurers to refile their Motion once the Court determines the amount of proceeds that are to be returned to the Insurers.

---

[2] Should the Court determine that Georgia law applies to Protective's claim for prejudgment interest, Protective is still entitled to an award of prejudgment interest under Georgia law for the same reasons discussed in the preceding section concerning Household's claim for prejudgment interest under Georgia law.

Dated: May 15, 2015                               Respectfully submitted,

*/s/ Alexander B. Feinberg*
Alexander B. Feinberg
Georgia Bar. No. 956505

**OF COUNSEL:**
C. Andrew Kitchen
Alexander B. Feinberg
MAYNARD, COOPER & GALE, PC
1901 Sixth Avenue North
2400 Regions Harbert Plaza
Birmingham, Alabama 35203
Telephone: 205-254-1000
Facsimile: 205-254-1999

*Attorneys for Intervention Plaintiffs*
*Protective Life Insurance Company and*
*Household Life Insurance Company*

## **LOCAL RULE 7.1(D) CERTIFICATION**

By signature below, counsel certifies that the foregoing document was prepared in Times New Roman, 14 point font in compliance with Local Rule 5.1B.

## **CERTIFICATE OF SERVICE**

I hereby certify that on this May 15, 2015, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system which will send notification of such following to counsel of record. In the event that the CM/ECF system does not send notification of such filing any counsel of record, undersigned counsel will serve the following them via U.S. Mail.

*/s/ Alexander B. Feinberg*
Of Counsel