## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

| | | |
|---|---|---|
| SECURITIES AND EXCHANGE COMMISSION, | : | |
| | : | |
| | : | |
| Plaintiff, | : | Civil Action No. |
| | : | 1:12-cv-2296-TCB |
| | : | |
| | : | |
| v. | : | |
| | : | |
| AUBREY LEE PRICE; | : | |
| PFG, LLC; PFGBI, LLC; | : | |
| MONTGOMERY ASSET | : | |
| MANAGEMENT, LLC f/k/a PFG | : | |
| ASSET MANAGEMENT. LLC, (Florida | : | |
| Limited liability company); and | : | |
| MONTGOMERY ASSET | : | |
| MANGEMENT, LLC  f/k/a PFG | : | |
| ASSET MANAGEMENT, | : | |
| LLC (Georgia limited liability company), | : | |
| | : | |
| Defendants. | : | |

_____/

**ORDER GRANTING RECEIVER'S UNOPPOSED APPLICATION TO
EMPLOY G. ALAN HOWARD, ESQ. AND IVAN A. GARCES, CPA
AS EXPERTS FOR RECEIVER IN ACTION AGAINST NELSON
MULLINS AND PARTIALLY MODIFYING PARAGRAPH 61 OF
THE COURT'S ORDER APPOINTING RECEIVER [ECF NO. 20]**

THIS CAUSE came before the Court on the Receiver's Application (the

"Application") to employ G. Alan Howard, Esq. and Ivan A. Garces, CPA as

experts for the Receiver in the action styled *Melanie E. Damian, as Receiver v. Nelson Mullins Riley & Scarborough, LLP, J. Brennan Ryan and Jason R. Wolfersberger,* Case No. 1:14-cv-03498-TCB (the "Malpractice Action"), and to partially modify Paragraph 61 of the Court's Order Appointing Receiver [ECF No. 20]. With the Court having considered the Application, finding good cause to grant the relief requested, and being otherwise duly advised in the premises, it is

ORDERED that the Application is GRANTED. The Court hereby modifies the Order Appointing Receiver, entered August 10, 2012 [ECF No. 20], as follows (new language in bold):

61. The Receiver and Retained Personnel are entitled to reasonable compensation and expense reimbursement from the Receivership Estates as described in the "Billing Instructions for Receivers in Civil Actions Commenced by the U.S. Securities and Exchange Commission" (the "Billing Instructions") agreed to be the Receiver. Such compensation shall require the prior approval of the Court, **except as follows:**

**The Receiver is authorized to pay the fees of G. Alan Howard and Ivan A. Garces and reimburse them for the expenses they incur in connection with the Malpractice Action with funds from the Receivership Estate in the ordinary course of business as opposed to through the fee application process**

established herein.  In particular, the Receiver is authorized to pay all fees and reimburse all costs set forth on Mr. Howard's and Mr. Garces's respective invoices, to the extent the Receiver deems such fees and costs to be reasonable and in the best interest of the Estate, up to a maximum of $30,000 for Mr. Howard's collective fees and costs and $40,000 for Mr. Garces's collective fees and costs.  In the event that Mr. Howard's collective fees and costs exceed $30,000 or Mr. Garces's collective fees and costs exceed $40,000, the Receiver will seek this Court's approval to pay Mr. Howard or Mr. Garces any further fees or reimburse them for any further costs, and will only make such payment or reimbursement upon this Court's approval thereof.

SO ORDERED this 16th day of June, 2015.

_____
THE HONORABLE TIMOTHY C. BATTEN, SR.
UNITED STATES DISTRICT COURT JUDGE